E-filing

1  VONNAH M. BRILLET (SBN 226545)
   **LAW OFFICES OF VONNAH M. BRILLET**
2  2777 ALVARADO ST., SUITE E
   SAN LEANDRO, CA 94577
3  Telephone:    (510) 351-5345
4  Facsimile:    (510) 351-5348
   E-Mail:       BrilletLaw@yahoo.com
5
   Attorneys for Plaintiff
6  NETBULA, LLC

FILED
DEC - 4 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC., a Delaware limited liability company,<br>Plaintiff,<br>v.<br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; and DOES 1-100, inclusive,<br>Defendants | Case No.<br>**C06-07391**<br>**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND IMPOUNDMENT** |

## I.   INTRODUCTION

Defendant STORAGE TECHNOLOGY CORPORATION ("StorageTek") and SUN MICROSYSTEMS Inc. ("SUN") have infringed the copyrights of Plaintiff, Netbula, LLC ("Netbula"). In March 2000, StorageTek purchased a 1,000-copy license for Netbula's PowerRPC runtime software for Windows NT, 95, or 98. In 2002, StorageTek stated that it ceased using PowerRPC. In 2005, Netbula discovered that StorageTek never ceased using PowerRPC in their key products, well exceeding the license limit and scope. In addition, StorageTek has been selling unlimited licenses for the software that contains PowerRPC runtime. Defendant SUN acquired StorageTek in August 2005 and allowed the infringement to continue. As a result of StorageTek and SUN's infringing actions, numerous third parties have come into possession of unlicensed copies of PowerRPC runtime.

1  Netbula will suffer irreparable harm if Defendants' infringement of Netbula's copyrights
2  continues. Thus, Netbula seeks a temporary restraining order and preliminary injunction to
3  immediately stop Defendants' infringing activities. Netbula also asks the Court to order
4  Defendants to produce all unlicensed copies of Netbula's software to the Court for impoundment.

## II. ARGUMENT

### A.  Legal Standard for Preliminary Injunction Under Copyright Law

"Preliminary injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Netbula will show that it is likely to succeed on its copyright infringement claim and it will suffer irreparable harm if the infringement is allowed to continue.

"Under federal copyright law, . . . a plaintiff that demonstrates a likelihood of success on the merits of a copyright infringement claim is entitled to a presumption of irreparable harm." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999). A copyright holder seeking a preliminary injunction is therefore not required to make an independent demonstration of irreparable harm. See 4 M. *Nimmer & D. Nimmer, Nimmer on Copyright* § 14.06[A] (2004) ("the plaintiff's burden for obtaining a preliminary injunction in copyright cases collapses to showing likelihood of success on the merits, without a detailed showing of danger of irreparable harm" (footnotes omitted)). Therefore, Netbula "need only show a reasonable likelihood of success on its copyright infringement claim" to obtain a preliminary injunction. *Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1174 (9th Cir. 1989). See also, *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 77 U.S.P.Q.2d 1560 (9th Cir. 2006).

Therefore, to seek preliminary injunctive relief, Netbula only needs to demonstrate that its

copyright infringement claim is likely to succeed.

### B. Netbula is very likely to succeed on its copyright infringement claim

A plaintiff must meet two requirements to establish a prima facie case of copyright infringement: (1) ownership of the allegedly infringed material and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright holder. See *Napster, Inc.*, 239 F.3d at 1013; see also 17 U.S.C. § 106. See also, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

#### 1. Netbula Has Presumptive Ownership of the Copyright of Netbula RPC Programs

Section 2 of the license agreements between Netbula and StorageTek was dedicated to copyright (see Yue Declaration, Exhibit A). It was clearly stated, "You must treat the software as copyrighted material. You may not copy and redistribute the software except as permitted under this Agreement." StorageTek signed the agreement and agreed to respect Netbula's copyrights on PowerRPC.

Computer programs may be entitled to copyright protection as "literary works" under 17 U.S.C. § 101, and may be protected from infringement under 17 U.S.C. § 106. Both human readable source code (such as source code generated by Netbula "rpcgen.exe" and incorporated into StorageTek's software) and the binary object code (such as Netbula's "pwrpc32.dll" file, which was copied by StorageTek) are copyrightable as "literary works". *Accord Midway Mfg. Co. v. Strohon*, slip op. at 25-27; *see also GCA Corp. v. Chance*, 217 U.S.P.A. at 719-20. *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1247–49 (3d Cir. 1983). *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 524-25 (9th Cir. 1984).

Netbula's PowerRPC software (which includes the "pwrpc32.dll" and "rpcgen.exe" files) products have been used by many Fortune 500 companies in mission-critical applications,

including telecommunications, financial services and healthcare. Netbula has a federal copyright registration for its Netbula "PowerRPC" software product (Registration No. TX 6-211-063, registered October 18, 2005). Because Netbula's PowerRPC software is registered in the United States Register of Copyrights, there is a statutory presumption that the copyright is valid. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001). "Registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 488-489 (9th Cir. 2000).

2. **Defendants Violated the Copyrights of Netbula RPC Programs**

Defendants StorageTek and SUN's infringing activities are detailed in Netbula's complaint. The complaint lists five (5) types of copyright infringement by the defendants. The following is a brief summary of the facts alleged. Supporting documents are attached as exhibits to Don Yue's declaration.

In 2000, StorageTek purchased a 1,000-copy PowerRPC runtime license for Windows NT. This license gave StorageTek the right to make or authorize the making of 1,000 copies of the PowerRPC runtime files. StorageTek knew it did not have a license for Windows 2000. But it exceeded the scope of the license by developing LibAttach software for Windows 2000, and fraudulently concealed this fact from Netbula. Furthermore, StorageTek exceeded the 1,000-copy license grant, but claimed to have made only 107 copies.

In 2004, StorageTek purchased another 1,000-copy PowerRPC runtime license for Windows 2003 and lower versions of Windows. After Netbula discovered the discrepancies in StorageTek's past representations, in August 2005, StorageTek admitted that it had made, or given authorization to make, 7455 copies. By Defendants' own admission, they made at least 5455 pirated copies.

In flagrant disregard of Netbula's copyrights, the merged SUN and StorageTek ("SUN/StorageTek") offers to sell unlimited licenses of their software that contains Netbula's PowerRPC runtime, even though StorageTek signed a license agreement which had an explicit "Limited Distribution" clause that restricted the number of copies to the purchased quantity. The number of illegal copies made under such unlimited licenses is impossible to estimate.

### C.  The Public's Interest in Upholding the Integrity of Copyright Law

The records clearly established Defendants' infringement of Netbula's copyrights. Netbula's application for a temporary restraining order and motion for preliminary injunction should be granted because Netbula clearly shows a "reasonable likelihood of success on the merits". *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998).

Both companies are very sophisticated large corporations, well known in the information technology industry. Intellectual property is the basis of their businesses. However, after being caught infringing Netbula's copyrights, both StorageTek and SUN showed no intention to respect Netbula's intellectual property rights and federal copyright law. Instead, SUN resorted to attempts to intimidate Netbula into forgoing its legal rights. Julie DeCecco, Associate General Counsel of SUN, told Netbula that SUN will open Netbula's books if Netbula seeks legal remedy. Up against big corporations with vast resources and no repentance for their wrongful and illegal conduct, Netbula's last and only recourse is to seek the protection of the law from the Court. Netbula's motion for injunctive relief should be granted, so as to uphold the integrity of the copyright law and deter other similarly-situated companies from taking advantage of their large size and conducting similar unlawful acts.

Federal copyright law expressly authorizes the Court to impound illegal copies of copyrighted material. "At any time while an action under this title is pending, the court may order the impounding, on such terms as it may deem reasonable, of all copies or phonorecords claimed

to have been made or used in violation of the copyright owner's exclusive rights...." 17 U.S.C. § 503(a). Defendants' infringement on a vastly enormous scale. A Court-ordered impoundment of all pirated copies of the Netbula Software is the only way to give Netbula the protection to which it is entitled.

### III.    BOND

In order to obtain injunctive relief of the type requested, Netbula must post a bond. Fed. R. Civ. P. 65(c). The infringement in the instant case is software piracy – direct identity copying of software files. Defendants StorageTek and SUN have no right to pirate Netbula software. They are only entitled to the 1,000 copies for Windows NT purchased in 2000 and 1,000 copies purchased in 2004. Nor do they have any legal right to continue to derive profits from the infringing copies. "[I]n a motion for preliminary injunction, the district court should not consider the 'devastating effect' of the injunction on the infringer's business". *Triad Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330 (9th Cir. 08/31/1995) (quoting *Apple Computer v. Franklin Computer Corp.*, 714 F.2d 240, 1255 (3d Cir.1983)).

The United States Supreme Court Copyright Practice Rules (1909) set the bond at a minimum of "twice the reasonable value of such infringing copies". The key here is that the "Copyright Rules are only relevant to the seizure of the infringing goods". *First Technology Safety Systems Inc. v. Depinet*, 11 F.3d 641 (6th Cir. 1993) (Defendants estimated that impounded articles were worth $2.2 million. Plaintiff was required only to post a $2,000 bond for impoundment and seizure.) In the instant case, the value of illegal pirated copies of software should be zero. For the impoundment of unlicensed, illegal copies and maintaining the integrity of federal copyright laws, a de minimus bond is appropriate.

Requiring a small company to post a high bond for impounding pirated copyrighted works would pose a barrier for small companies to seek protection of the copyright laws, and would be a

-6-

major protective shield for large companies to infringe with impunity. Netbula submits that a bond of $2,000 is sufficient for the injunction and impoundment against willful software pirates, such as StorageTek and SUN.

### IV.   NOTICE OF REQUEST FOR TEMPORARY RESTRAINING ORDER

In compliance with FRCP Rule 65(a) and 65(b), and Civil L.R. 65-1(b), notice of this Application for a Temporary Restraining Order and Preliminary Injunction was delivered to Defendants SUN and StorageTek on December __1__, 2006, as shown in the Certificate of Service attached to this motion.

### V.   RECORDS ON MOTION

This motion is based on this document, the Certificate of Counsel, the Plaintiffs Original Complaint, the supporting Declarations of Don Yue, with exhibits evidencing the Netbula-StorageTek license agreement and license purchases, communications records, and all other papers and records on file in this action, together with an argument and evidence that may be presented at a hearing of this motion.

### VI.   RELIEF SOUGHT

Netbula has demonstrated the likelihood of success on its copyright infringement claim and is entitled to seek preliminary injunctive relief as a matter of law. *See Micro Star v. Formgen Inc.*, 154 F.3d at 1109. Moreover, because SUN/StorageTek offered and continue to offer unlimited licenses for software that contains Netbula's PowerRPC runtime, it's urgent for the Court to issue an order granting injunctive relief and impoundment.

Therefore, Netbula requests that the Court grant its application for a temporary restraining order and preliminary injunction ordering Defendants (and their directors, officers, employees, independent contractors, affiliates, agents and representatives) to:

1.   Immediately stop pirating, using, copying, and distributing all unlicensed copies of

Netbula software files, including, but not limited to, all versions and derivative works of Netbula's "pwrpc32.dll", "rpcgen.exe", "powrrpc.h" and source code generated by Netbula's "rpcgen.exe" (collectively and individually "The Netbula Software");

2. Immediately deliver to the Court for impoundment all illegal copies and all means[1] of making, selling, marketing such illegal copies of The Netbula Software in Defendants' possession, custody or control, together with an accounting, to be provided to Netbula, of:

   (a) the number of all such copies in Defendants' possession, custody or control;

   (b) where each infringing copy was found;

   (c) a sworn statement on how each such copy was obtained, duplicated, used and/or disseminated, and identity of the persons who were involved in the activities;

   (d) detailed explanation of the means of making, duplicating and disseminating such copies, including marketing, sales, promotion, web pages, internet download and any other materials used in aiding, supporting, encouraging, inducing and facilitating infringement.

3. File with the Court, and provide a copy to Netbula, within twenty (20) days after service of the Court's Temporary Restraining Order, a written report, submitted under oath setting forth, in detail, the manner and form in which Defendants have complied with the Court's Order.

## VII.   CONCLUSION

Defendants SUN and StorageTek's blatant infringement of Netbula's copyrights must be stopped. The only way to stop their acts is with a temporary restraining order and preliminary injunction to prevent further injury to the plaintiff. Netbula therefore respectfully asks the Court

---

[1] Rule 4 of the Supreme Court Copyright Rules not only requires impoundment of infringing copies, but also "plates, records, molds, matrices, etc., or other means of making such infringing copies".

-8-

1  to grant Netbula's Application for a Temporary Restraining Order and Motion for Preliminary
2  Injunction.

3

4  Dated: December 1, 2006    LAW OFFICES OF VONNAH M. BRILLET

                            By:    _____
                                   VONNAH M. BRILLET
                                   Attorneys for Plaintiff NETBULA, LLC

# CERTIFICATE OF COUNSEL REGARDING NOTICE

I, Vonnah Brillet, am an attorney duly licensed to practice in the State of California. I represent Netbula, LLC, the Plaintiff in the instant case. I make this certificate to document Plaintiff's effort in providing notice to Defendants regarding the Application for a Temporary Restraining Order and Preliminary Injunction ("Application").

Despite the urgency due to the irreparable harm Plaintiff suffers, I made every effort to notify Defendants of this Application. On the afternoon of December 1, 2006, I faxed a copy of the Complaint and the Application to Julie DeCecco, Associate General Counsel of Defendant Sun Microsystems, who is at SUN's StorageTek's campus and has the capacity to represent both SUN and StorageTek (which is now a integrated subsidiary of SUN), at the fax number (303) 272-8054. I also called Ms. DeCecco at her work phone number (303) 272-9498 and delivered a voice message about the Complaint and the Application for TRO.

I further caused formal service of process to be effected as of December 4, 2006. A copy of the Complaint and Application is being delivered to CSC – Lawyers Incorporating Service, the Agent for Service of Process listed for both SUN MICROSYSTEMS, INC. and STORAGE TECHNOLOGY CORPORATION.

I declare under penalty of perjury that all facts stated in this certificate are true and correct to the best of my knowledge.

Dated:   December 1, 2006

By:   _____
VONNAH M. BRILLET
Attorney for Plaintiff NETBULA, LLC

-10-