LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
FENWICK & WEST LLP
Embarcadero Center West
275 Battery Street, Suite 1600
San Francisco, CA 94111
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant
STORAGE TECHNOLOGY CORPORATION and
Defendant/Counterclaimant SUN
MICROSYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C-06-07391-BZ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS OF SUN MICROSYSTEMS, INC. FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, CYBERSQUATTING, AND UNFAIR COMPETITION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |
| SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>NETBULA, LLC, a Delaware limited liability company,<br><br>Counterclaim Defendant,<br><br>and<br><br>DONGXIAO YUE, an individual,<br><br>Third-Party Counterclaim Defendant. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ANSWER AND AFFIRMATIVE DEFENSES
TO FAC; COUNTERCLAIMS

C-06-07391-BZ

Defendants Storage Technology Corporation and Sun Microsystems, Inc. (collectively, "DEFENDANTS"), and each of them, hereby submit their Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Netbula, LLC ("Netbula") as follows:

## INTRODUCTION

1.      DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Netbula and its products contained in Paragraph 1 of the First Amended Complaint, and on that basis deny each of them.  DEFENDANTS deny the averments contained in Paragraph 1 in all other respects.

2.      DEFENDANTS deny each and every averment contained in Paragraph 2 of the First Amended Complaint.

## JURISDICTION

3.      DEFENDANTS neither admit nor deny the averments contained in Paragraph 3 of the First Amended Complaint because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of these averments and on that basis deny each of them.

4.      DEFENDANTS neither admit nor deny the averments contained in Paragraph 4 of the First Amended Complaint because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, DEFENDANTS deny them, except that Sun Microsystems, Inc. ("SUN") admits that it resides in the State of California and in this judicial district and SUN and Storage Technology Corporation ("STORAGETEK") admit that personal jurisdiction and venue are proper in this district over them.

## INTRADISTRICT ASSIGNMENT

5.      DEFENDANTS neither admit nor deny the averments contained in Paragraph 5 of the First Amended Complaint because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, DEFENDANTS admit that this purports to be an Intellectual Property Action as specified in

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Northern District of California Civil L.R. 3-2(c).

## THE PARTIES

6.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the First Amended Complaint and on that basis deny each and every averment contained therein.

7.    DEFENDANTS deny each and every averment contained in Paragraph 7 of the First Amended Complaint, except that DEFENDANTS admit that STORAGETEK is a Delaware Corporation that maintains an office in Louisville, Colorado and is a wholly-owned subsidiary of SUN as of the approximate date of August 31, 2005.

8.    DEFENDANTS deny each and every averment contained in Paragraph 8 of the Amended Complaint, except that DEFENDANTS admit that SUN is a Delaware Corporation with its principal place of business at 4150 Network Circle, Santa Clara, CA 95054, within this judicial district, and that SUN acquired all shares of STORAGETEK pursuant to an agreement effective on or about August 31, 2005 valued at approximately $4.1 billion.

9.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the First Amended Complaint and on that basis deny each and every averment contained therein.

10.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the First Amended Complaint and on that basis deny each and every averment contained therein.

11.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the First Amended Complaint and on that basis deny each and every averment contained therein.

12.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the First Amended Complaint and on that basis deny each and every averment contained therein.

13.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the First Amended Complaint and on

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

that basis deny each and every averment contained therein.

## FACTUAL DETAILS

14.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that Remote Procedure Call (RPC) technology allows a program on a local computer to execute a command on a remote computer over a network.

15.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the First Amended Complaint and on that basis deny each and every averment contained therein.

16.     DEFENDANTS admit that ONC stands for Open Network Computing and that ONC RPC was written in the C programming language.  DEFENDANTS deny that SUN's copyrighted ONC RPC is in the "public domain."  Except as otherwise expressly admitted or denied herein, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the First Amended Complaint and on that basis deny each and every averment contained therein.

17.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the First Amended Complaint and on that basis deny each and every averment contained therein.

18.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the First Amended Complaint and on that basis deny each and every averment contained therein.

19.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the First Amended Complaint and on that basis deny each and every averment contained therein.

20.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the First Amended Complaint and on that basis deny each and every averment contained therein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

21.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that a copy of a Copyright Office Certificate of Registration, Registration No. TX 6-211-063, is attached to the First Amended Complaint as Exhibit A and that Netbula deposited 50 pages of source code with the Copyright Office in support of its registration.

22.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the First Amended Complaint and on that basis deny each and every averment contained therein.

23.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the First Amended Complaint and on that basis deny each and every averment contained therein.

24.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the First Amended Complaint and on that basis deny each and every averment contained therein.

25.     DEFENDANTS admit that as of December 31, 2006 STORAGETEK developed and sold, among other things, data storage and recovery hardware and software products.

26.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the First Amended Complaint and on that basis deny each and every averment contained therein.

27.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the First Amended Complaint and on that basis deny each and every averment contained therein.

28.     DEFENDANTS deny each and every averment contained in Paragraph 28 of the First Amended Complaint, except that DEFENDANTS admit that SUN, among other things, develops and sells computer systems for the enterprise market; that Sun released a customized version of UNIX called SunOS in 1982; that Jonathan Schwartz is now SUN's President and Chief Executive Officer; and that Mr. Schwartz is credited as the author of an article containing

ANSWER AND AFFIRMATIVE DEFENSES
TO FAC; COUNTERCLAIMS

C-06-07391-BZ

1  the language quoted in Paragraph 28 of the First Amended Complaint.

2      29.    DEFENDANTS admit that SUN acquired all shares of STORAGETEK pursuant

3  to an agreement effective in or about August 2005 and that DEFENDANTS filed documents with

4  the Securities and Exchange Commission (SEC) related to this acquisition, the text of which

5  speak for themselves.  DEFENDANTS neither admit nor deny the averment that SUN "is fully

6  responsible for legal claims brought against StorageTek" because those averments are

7  conclusions of law to which no response is required.

8      30.    DEFENDANTS are without knowledge or information sufficient to form a belief

9  as to the truth of the averments contained in Paragraph 30 of the First Amended Complaint and on

10  that basis deny each and every averment contained therein.

11      31.    DEFENDANTS are without knowledge or information sufficient to form a belief

12  as to the truth of the averments contained in Paragraph 31 of the First Amended Complaint and on

13  that basis deny each and every averment contained therein.

14      32.    DEFENDANTS deny each and every averment contained in Paragraph 32 of the

15  First Amended Complaint, except that DEFENDANTS admit that STORAGETEK and Netbula

16  entered into a license agreement in March 2000, the text of which speaks for itself, and that

17  STORAGETEK made payment under that license.

18      33.    DEFENDANTS deny each and every averment contained in Paragraph 33 of the

19  First Amended Complaint, except that DEFENDANTS admit that a STORAGETEK employee

20  named Keith Oliver sent an e-mail to Netbula on or about March 14, 2000, the text of which

21  speaks for itself, and that DEFENDANTS are without knowledge or information sufficient to

22  form a belief as to the truth of the averment that Netbula fixed a problem STORAGETEK had

23  running the rpcgen.exe "[o]n the same day," and on that basis denies this averment.

24      34.    DEFENDANTS are without knowledge or information sufficient to form a belief

25  as to the truth of the averments contained in Paragraph 34 of the First Amended Complaint and on

26  that basis deny each and every averment contained therein, except that DEFENDANTS admit that

27  a STORAGETEK employee named Anton Vatcky sent an e-mail to Netbula in or about June

28  2000, the text of which speaks for itself.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

35.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 35 of the First Amended Complaint and on that basis deny each and every averment contained therein.

36.    DEFENDANTS admit that a STORAGETEK employee named Mike Melnick sent an e-mail to Netbula in or about September 2002, the text of which speaks for itself.  Except as otherwise expressly admitted or denied herein, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 36 of the First Amended Complaint and on that basis deny each and every averment contained therein.

37.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 37 of the First Amended Complaint and on that basis deny each and every averment contained therein.

38.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 38 of the First Amended Complaint and on that basis deny each and every averment contained therein.

39.    DEFENDANTS deny each and every averment contained in Paragraph 39 of the First Amended Complaint, except that DEFENDANTS admit that STORAGETEK and Netbula entered into a license agreement in March 2004, the text of which speaks for itself, and that STORAGETEK made payment under that license.

40.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 40 of the First Amended Complaint and on that basis deny each and every averment contained therein.

41.    DEFENDANTS deny each and every averment contained in Paragraph 41 of the First Amended Complaint, except that DEFENDANTS admit that STORAGETEK (through Mike Melnick) sent an e-mail in October 2004, the text of which speaks for itself.

42.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 42 of the First Amended Complaint and on that basis deny each and every averment contained therein.

1  43.  DEFENDANTS are without knowledge or information sufficient to form a belief

2  as to the truth of the averments contained in Paragraph 43 of the First Amended Complaint and on

3  that basis deny each and every averment contained therein.

4  44.  DEFENDANTS are without knowledge or information sufficient to form a belief

5  as to the truth of the averments contained in Paragraph 44 of the First Amended Complaint and on

6  that basis deny each and every averment contained therein.

7  45.  DEFENDANTS are without knowledge or information sufficient to form a belief

8  as to the truth of the averments contained in Paragraph 45 of the First Amended Complaint and on

9  that basis deny each and every averment contained therein.

10  46.  DEFENDANTS are without knowledge or information sufficient to form a belief

11  as to the truth of the averments contained in Paragraph 46 of the First Amended Complaint and on

12  that basis deny each and every averment contained therein, except that DEFENDANTS admit that

13  STORAGETEK provided information regarding product distribution in a document in August

14  2005, the text of which speaks for itself.

15  47.  DEFENDANTS are without knowledge or information sufficient to form a belief

16  as to the truth of the averments contained in Paragraph 47 of the First Amended Complaint and on

17  that basis deny each and every averment contained therein.

18  48.  DEFENDANTS are without knowledge or information sufficient to form a belief

19  as to the truth of the averments contained in Paragraph 48 of the First Amended Complaint and on

20  that basis deny each and every averment contained therein, except that DEFENDANTS admit that

21  STORAGETEK provided information regarding product distribution in a document in August

22  2005, the text of which speaks for itself.

23  49.  DEFENDANTS are without knowledge or information sufficient to form a belief

24  as to the truth of the averments contained in Paragraph 49 of the First Amended Complaint and on

25  that basis deny each and every averment contained therein, except that DEFENDANTS admit that

26  STORAGETEK provided information regarding product distribution in a document in August

27  2005, the text of which speaks for itself.

28  50.  DEFENDANTS are without knowledge or information sufficient to form a belief

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

as to the truth of the averments contained in Paragraph 50 of the First Amended Complaint and on that basis deny each and every averment contained therein.

51.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 51 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that STORAGETEK and Netbula continued to discuss resolving their dispute.

52.    DEFENDANTS admit that STORAGETEK filed documents with the SEC setting forth its annual revenue, the text of which speak for themselves, and that STORAGETEK's financial results after August 2005 were consolidated into financial reports filed by SUN with the SEC.

53.    DEFENDANTS deny each and every averment contained in Paragraph 53 of the Amended Complaint, except that DEFENDANTS admit that STORAGETEK filed documents with the SEC setting forth its annual revenue, the text of which speak for themselves.

54.    DEFENDANTS deny each and every averment contained in Paragraph 54 of the First Amended Complaint, except that DEFENDANTS admit that SUN engaged in license-related discussions with Netbula after August 31, 2005.

55.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 55 of the First Amended Complaint and on that basis deny each and every averment contained therein.

56.    DEFENDANTS deny each and every averment contained in Paragraph 56 of the First Amended Complaint, except that DEFENDANTS admit that SUN provided information regarding product distribution in a document in August 2005, the text of which speaks for itself.

57.    DEFENDANTS deny each and every averment contained in Paragraph 57 of the First Amended Complaint, except that DEFENDANTS admit that SUN and Netbula had a telephone conference call in June 2006.

58.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 58 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    STORAGETEK and now SUN distribute software called LibAttach.

2       59.    DEFENDANTS are without knowledge or information sufficient to form a belief

3    as to the truth of the averments contained in Paragraph 59 of the First Amended Complaint and on

4    that basis deny each and every averment contained therein, except that DEFENDANTS admit that

5    STORAGETEK and now SUN distribute software called LibAttach.

6       60.    DEFENDANTS are without knowledge or information sufficient to form a belief

7    as to the truth of the averments contained in Paragraph 60 of the First Amended Complaint and on

8    that basis deny each and every averment contained therein, except that DEFENDANTS admit that

9    STORAGETEK and now SUN distribute software called LibAttach.

10      61.    DEFENDANTS are without knowledge or information sufficient to form a belief

11   as to the truth of the averments contained in Paragraph 61 of the First Amended Complaint and on

12   that basis deny each and every averment contained therein, except that DEFENDANTS admit that

13   STORAGETEK and now SUN distribute software called LibAttach and deny that the 1991NLI

14   product "includes" Netbula's "pwrrpc32.dll" and PowerRPC-generated code.

15      62.    DEFENDANTS are without knowledge or information sufficient to form a belief

16   as to the truth of the averments contained in Paragraph 62 of the First Amended Complaint and on

17   that basis deny each and every averment contained therein.

18      63.    DEFENDANTS are without knowledge or information sufficient to form a belief

19   as to the truth of the averments contained in Paragraph 63 of the First Amended Complaint and on

20   that basis deny each and every averment contained therein.

21      64.    DEFENDANTS are without knowledge or information sufficient to form a belief

22   as to the truth of the averments contained in Paragraph 64 of the First Amended Complaint and on

23   that basis deny each and every averment contained therein.

24      65.    DEFENDANTS are without knowledge or information sufficient to form a belief

25   as to the truth of the averments contained in Paragraph 65 of the First Amended Complaint and on

26   that basis deny each and every averment contained therein.

27   / / /

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## FIRST CLAIM FOR RELIEF

## *COPYRIGHT INFRINGEMENT (DIRECT, CONTRIBUTORY, AND VICARIOUS)*

## *(Against All Defendants)*

66.     Replying to Paragraph 66 of the Amended Complaint, DEFENDANTS incorporate by reference their responses to Paragraphs 1 through 65 as though fully set forth herein.

67.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 67 of the First Amended Complaint and on that basis deny each and every averment contained therein.

68.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 68 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that a copy of a Copyright Office Certificate of Registration, Registration No. TX 6-211-063, is attached to the First Amended Complaint as Exhibit A

69.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 69 of the First Amended Complaint and on that basis deny each and every averment contained therein.

70.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 70 of the First Amended Complaint and on that basis deny each and every averment contained therein.

71.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments regarding the contents of "Plaintiff's RPC technology" and the operation of "rpcgen.exe" and on that basis deny such averments.  DEFENDANTS deny each and every other averment contained in Paragraph 71 of the Amended Complaint, except that, and DEFENDANTS admit that STORAGETEK copied or made use of Netbula's "pwrrpc32.dll" file, which had been provided pursuant to the license agreements between STORAGETEK and Netbula.

72.     DEFENDANTS deny each and every averment contained in Paragraph 72 of the

1 Amended Complaint, except that DEFENDANTS admit that STORAGETEK had access to

2 Netbula's software pursuant and aver that such access to Netbula's software was pursuant to

3 license agreements.

4   73. DEFENDANTS deny each and every averment contained in Paragraph 73 of the

5 Amended Complaint.

6   74. DEFENDANTS deny each and every averment contained in Paragraph 74 of the

7 Amended Complaint.

8   75. DEFENDANTS deny each and every averment contained in Paragraph 75 of the

9 Amended Complaint.

10   76. DEFENDANTS are without knowledge or information sufficient to form a belief

11 as to the truth of the averments contained in Paragraph 76 of the First Amended Complaint and on

12 that basis deny each and every averment contained therein.

13   77. DEFENDANTS are without knowledge or information sufficient to form a belief

14 as to the truth of the averments contained in Paragraph 77 of the First Amended Complaint and on

15 that basis deny each and every averment contained therein.

16   78. DEFENDANTS are without knowledge or information sufficient to form a belief

17 as to the truth of the averments contained in Paragraph 78 of the First Amended Complaint and on

18 that basis deny each and every averment contained therein.

19   79. DEFENDANTS are without knowledge or information sufficient to form a belief

20 as to the truth of the averments contained in Paragraph 78 of the First Amended Complaint and on

21 that basis deny each and every averment contained therein.

22   80. DEFENDANTS deny each and every averment contained in Paragraph 80 of the

23 First Amended Complaint.

24   81. DEFENDANTS deny each and every averment contained in Paragraph 81 of the

25 First Amended Complaint.

26   82. DEFENDANTS deny each and every averment contained in Paragraph 82 of the

27 First Amended Complaint.

28   83. DEFENDANTS deny each and every averment contained in Paragraph 83 of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the

2   dispute between Plaintiff and STORAGETEK.

3          84.     DEFENDANTS deny each and every averment contained in Paragraph 84 of the

4   First Amended Complaint.

5          85.     DEFENDANTS deny each and every averment contained in Paragraph 85 of the

6   First Amended Complaint.

7          86.     DEFENDANTS deny each and every averment contained in Paragraph 86 of the

8   First Amended Complaint.

9          87.     DEFENDANTS deny each and every averment contained in Paragraph 87 of the

10  First Amended Complaint.

11         88.     DEFENDANTS deny each and every averment contained in Paragraph 88 of the

12  First Amended Complaint.

13         89.     DEFENDANTS are without knowledge or information sufficient to form a belief

14  as to the truth of the averments contained in Paragraph 89 of the First Amended Complaint and on

15  that basis deny each and every averment contained therein.

16         90.     DEFENDANTS deny each and every averment contained in Paragraph 90 of the

17  First Amended Complaint.

18         91.     DEFENDANTS deny each and every averment contained in Paragraph 91 of the

19  First Amended Complaint.

20         92.     DEFENDANTS deny each and every averment contained in Paragraph 92 of the

21  First Amended Complaint.

22                            **<u>SECOND CLAIM FOR RELIEF</u>**

23              ***<u>INTENTIONAL FRAUD (California Civil Code § 1709)</u>***

24                        ***<u>(Against StorageTek and Sun)</u>***

25

26         93.     Replying to Paragraph 93 of the Amended Complaint, DEFENDANTS incorporate

27  by reference their responses to Paragraphs 1 through 92 as though fully set forth herein.

28         94.     DEFENDANTS are without knowledge or information sufficient to form a belief

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ANSWER AND AFFIRMATIVE DEFENSES                    13                    C-06-07391-BZ
TO FAC; COUNTERCLAIMS

as to the truth of the averments contained in Paragraph 94 of the First Amended Complaint and on that basis deny each and every averment contained therein, except DEFENDANTS admit that STORAGETEK distribute a product called LibAttach.

95.    DEFENDANTS deny each and every averment contained in Paragraph 95 of the Amended Complaint.

96.    DEFENDANTS deny each and every averment contained in Paragraph 96 of the Amended Complaint.

97.    DEFENDANTS deny each and every averment contained in Paragraph 97 of the First Amended Complaint.

98.    DEFENDANTS deny each and every averment contained in Paragraph 98 of the First Amended Complaint.

99.    DEFENDANTS deny each and every averment contained in Paragraph 99 of the First Amended Complaint.

100.    DEFENDANTS deny each and every averment contained in Paragraph 100 of the First Amended Complaint.

101.    DEFENDANTS deny each and every averment contained in Paragraph 101 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF

### *BREACH OF CONTRACT*

### *(Against Defendants BindView and Symantec Only)*

102.    Replying to Paragraph 102 of the Amended Complaint, DEFENDANTS incorporate by reference their responses to Paragraphs 1 through 101 as though fully set forth herein.

103.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 103 of the First Amended Complaint and on that basis deny each and every averment contained therein.

104.    DEFENDANTS deny each and every averment contained in Paragraph 103 except

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

that DEFENDANTS admit that STORAGETEK and Plaintiff entered into a license agreement in March 2004, the text of which speaks for itself.

105.    DEFENDANTS deny each and every averment contained in Paragraph 105 of the First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the two contracts between Plaintiff and STORAGETEK.

106.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 106 of the First Amended Complaint and on that basis deny each and every averment contained therein.

107.    DEFENDANTS deny each and every averment contained in Paragraph 107 of the First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the two contracts between Plaintiff and STORAGETEK.

## **FOURTH CLAIM FOR RELIEF**

### **_STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq.)_**

### **_(Against StorageTek and Sun)_**

108.    Replying to Paragraph 108 of the Amended Complaint, DEFENDANTS incorporate by reference their responses to Paragraphs 1 through 107 as though fully set forth herein.

109.    DEFENDANTS deny each and every averment contained in Paragraph 109 of the First Amended Complaint.

110.    DEFENDANTS deny each and every averment contained in Paragraph 110 of the First Amended Complaint.

111.    DEFENDANTS deny each and every averment contained in Paragraph 111 of the First Amended Complaint.

112.    DEFENDANTS deny each and every averment contained in Paragraph 112 of the First Amended Complaint.

113.    DEFENDANTS deny each and every averment contained in Paragraph 113 of the First Amended Complaint.

114.    DEFENDANTS deny each and every averment contained in Paragraph 114 of the First Amended Complaint.

115.    DEFENDANTS deny each and every averment contained in Paragraph 115 of the First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the dispute between Plaintiff and STORAGETEK.

116.    DEFENDANTS deny each and every averment contained in Paragraph 116 of the First Amended Complaint.

117.    DEFENDANTS deny each and every averment contained in Paragraph 117 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION

### *EQUITABLE ACCOUNTING AND IMPOSITION OF A CONSTRUCTIVE TRUST*

### *(Against All Defendants)*

118.    Replying to Paragraph 118 of the Amended Complaint, DEFENDANTS incorporate by reference their responses to Paragraphs 1 through 117 as though fully set forth herein.

119.    DEFENDANTS deny each and every averment contained in Paragraph 119 of the Amended Complaint.

120.    DEFENDANTS deny each and every averment contained in Paragraph 120 of the Amended Complaint.

121.    DEFENDANTS deny each and every averment contained in Paragraph 121 of the Amended Complaint.

122.    Any allegations in the First Amended Complaint not expressly admitted herein are hereby denied.

## PRAYER FOR RELIEF

123.    Defendants Storage Technology Corporation and Sun Microsystems, Inc. both deny that Plaintiff is entitled to any relief against either of them.

## AFFIRMATIVE DEFENSES

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    As separate and affirmative defenses to Netbula's Amended Complaint and to each cause

2    of action, claim, and allegation contained therein, Defendants Storage Technology Corporation

3    and Sun Microsystems, Inc. ("DEFENDANTS") state as follows:

**First Affirmative Defense – Failure to State a Cause of Action**

5    124.    Each purported cause of action in the First Amended Complaint fails to state facts

6    sufficient to constitute a cause of action against DEFENDANTS.

**Second Affirmative Defense – Statutes of Limitations**

8    125.    Each cause of action in the First Amended Complaint is barred by the applicable

9    statutes of limitations.

**Third Affirmative Defense – Equitable Estoppel**

11    126.    Each cause of action in the First Amended Complaint is barred by the doctrine of

12    equitable estoppel.

**Fourth Affirmative Defense – Unclean Hands**

14    127.    Each cause of action in the First Amended Complaint is barred by the doctrine of

15    unclean hands.

**Fifth Affirmative Defense – Laches**

17    128.    Each cause of action in the First Amended Complaint is barred by the doctrine of

18    laches.

**Sixth Affirmative Defense – Waiver**

20    129.    Each cause of action in the First Amended Complaint is barred by the doctrine of

21    waiver.

**Seventh Affirmative Defense – Promissory Estoppel**

23    130.    Each cause of action in the Amended Complaint is barred by the doctrine of

24    promissory estoppel.

**Eighth Affirmative Defense – Failure to Do Equity**

26    131.    Each cause of action in the First Amended Complaint is barred by reason of

27    Plaintiff's failure to do equity in the matters alleged in the First Amended Complaint.

28    / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

### Ninth Affirmative Defense – Acquiescence

132.    Each cause of action in the First Amended Complaint is barred by the doctrine of acquiescence.

### Tenth Affirmative Defense – Lack of Originality

133.    The first cause of action, for copyright infringement, is barred for lack of originality.

### Eleventh Affirmative Defense – Invalidity of Copyright Registration

134.    The first cause of action, for copyright infringement, is barred because its copyright registration is invalid.

### Twelfth Affirmative Defense – License

135.    The first cause of action, for copyright infringement, is barred by the existence of an express or implied license.

### Thirteenth Affirmative Defense – Adequate Remedy at Law

136.    The fifth cause of action in the First Amended Complaint, for equitable accounting and imposition of a constructive trust, is barred because the injury or damage suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages and therefore is not entitled to seek equitable relief.

### Fourteenth Affirmative Defense – Mootness

137.    Plaintiff's request for injunctive relief is moot.

### Fifteenth Affirmative Defense – Failure to Mitigate

138.    Netbula has failed, and continues to fail, to act reasonably to mitigate the damages alleged in this action.

### Sixteenth Affirmative Defense – Lack of Subject Matter Jurisdiction

139.    The Court lacks subject matter jurisdiction over this action.

### Seventeenth Affirmative Defense – Contract Requiring Arbitration

140.    Each cause of action in the First Amended Complaint is barred because of the existence of a contract between STORAGETEK and Netbula requiring arbitration of claims arising thereunder.

ANSWER AND AFFIRMATIVE DEFENSES
TO FAC; COUNTERCLAIMS

18

C-06-07391-BZ

1    WHEREFORE, Defendants Storage Technology Corporation and Sun Microsystems, Inc. both

2    pray for judgment on the First Amended Complaint as follows:

3        1.      That Netbula, LLC take nothing by its First Amended Complaint;

4        2.      That the First Amended Complaint be dismissed with prejudice;

5        3.      For costs of suit, including reasonable attorneys' fees; and

6        4.      For such other and further relief as this Court may deem just and proper.

7                            **COUNTERCLAIMS**

8        Defendant and Counterclaimant Sun Microsystems, Inc. ("Sun"), for its counterclaims for

9    relief against Plaintiff and Counterclaim Defendant Netbula, LLC ("Netbula") and Third Party

10   Counterclaim Defendant Dongxiao Yue ("Yue") (jointly, "Counterclaim Defendants"), avers as

11   follows:

12       1.      In its First Amended Complaint, accuses Sun of infringing Netbula's copyright in

13   "RPC technology"– software that according to Netbula's own websites is nothing more than an

14   "implementation" and "direct port" of Sun's own copyrighted code.  At the same time, despite

15   stating on its website that "[n]o company, big or small, shall steal others' IP," Netbula (by and

16   through its Chief Marketing and Sales Officer, Dongxiao Yue) has deliberately and flagrantly

17   infringed Sun's famous and valuable trademarks by using the SUN and JAVA trademarks in

18   advertising, selling and promoting Netbula products and services.  Accordingly, Sun brings this

19   action for trademark, service mark and trade name infringement, false designation of origin,

20   cybersquatting, and unfair competition under Federal and California law, in violation of the

21   Lanham Act, 15 U.S.C. §§ 1051-1129, California Business & Professions Code §§ 17200 *et seq.*,

22   and the common law.

23                            **THE PARTIES**

24       2.      Sun is a corporation organized under the laws of the State of Delaware with its

25   principal place of business in Santa Clara, California.  Sun is in the business of, among other

26   things, designing, manufacturing and distributing computer systems and software and related

27   goods and services.  Sun's computer systems generally are used as part of computer networks and

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ANSWER AND AFFIRMATIVE DEFENSES              19                      C-06-07391-BZ
TO FAC; COUNTERCLAIMS

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Sun has been instrumental in the advancement of the Internet and computer networking

2  technology.

3        3.      Sun is informed and believes and thereon alleges that Netbula is a limited liability

4  company organized under the laws of the State of Delaware with its principle place of business

5  located at San Leandro, California.

6        4.      Sun is informed and believes and thereon alleges that Dongxiao Yue, also known as

7  Don Yue, is an individual residing in Alameda County, California and an officer of Netbula.

8        5.      Yue is joined as an additional party pursuant to Rule 20 of the Federal Rules of Civil

9  Procedure. Sun's claims against Yue arise out of the same transactions, occurrences, or series of

10  transactions and occurrences as Sun's claims against Netbula and raise common questions of law

11  and fact as among Netbula and Yue.

12  **JURISDICTION AND VENUE**

13        6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338,

14  15 U.S.C. § 1121, and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

15        7.      Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and

16  1400(b).

17  **FACTUAL BACKGROUND**

18        8.      Sun was incorporated in 1982 and since that date has continuously used the name

19  and mark SUN MICROSYSTEMS in interstate commerce. On March 4, 1986, Sun was issued a

20  federal registration for the mark SUN in class 9 for "Computer hardware . . . and Computer

21  software, namely, programs recorded on magnetic disks and tapes." On June 15, 1993, Sun was

22  issued a federal registration for the mark SUN in Class 9 for "[c]omputers[] and computer

23  operating systems software and computer software for use in the field of computer networking . .

24  . ." In addition to its exclusive rights to the name and mark SUN, Sun owns federal trademark

25  and service mark registrations and/or common law rights on a host of SUN-denominated marks

26  (collectively, the "SUN marks"), including, for example, SUN MICROSYSTEMS, SUNLINK,

27  SUN SITE, SUN RAY, and SUNTONE. Many of Sun's federally registered marks have

28  achieved incontestable status within the meaning of 15 U.S.C. § 1065. Sun promotes its products

1    and services via the Internet from its website at *sun.com*, among other websites.

2        9.    In or around January 1996, Sun adopted and began using JAVA as a mark in

3    connection with, among other things, computer software and related services enabling computers

4    with previously incompatible operating systems to communicate with each other.  On August 4,

5    1998, Sun was issued a federal registration for the mark JAVA in Class 9 for "[c]omputer

6    programs for use in developing and executing other computer programs on computers, computer

7    networks, and global communication networks [and] computer programs for use in navigating,

8    browsing, transferring information, and distributing and viewing other computer programs on

9    computers, computer networks and global communications networks . . . ."  In addition to its

10   exclusive rights to the name and mark JAVA, Sun owns federal trademark and service mark

11   registrations and/or common law rights on a multitude of JAVA-denominated marks

12   (collectively, the "JAVA marks"), including (for example) HOTJAVA, JAVA COMPATIBLE,

13   JAVAONE, and JAVAOS.  Sun promotes its JAVA-related goods and services via the Internet

14   from its website at *www.java.com*, among other websites.

15       10.    Sun has used many of its SUN and JAVA marks, among other things, to denote its

16   computer hardware, software and network-related products and services.  Sun's name and its

17   SUN and JAVA marks have been promoted extensively by Sun and enjoy widespread

18   recognition.  As a result, Sun's name and the SUN and JAVA marks have become well known

19   among consumers and users of computer systems, software and related services as identifying

20   designations for Sun's products and services.  Sun has developed substantial goodwill in its name

21   and in the SUN and JAVA marks.

22       11.    Netbula describes itself as a developer of "premium quality computer software

23   products" and "an industry leader in the development of innovations 'Remote Procedure Call'

24   (RPC) technology [that] allows a program on a local computer to execute a command on a remote

25   computer over a network."  Netbula uses the names and marks JAVARPC and SUN RPC

26   (jointly, the "INFRINGING MARKS") in connection with its software products and services.

27   Netbula promotes its products and services via the Internet from several websites registered in its

28   name, including *www.netbula.com*, *www.java-rpc.com*, *www.windows-rpc.com*, and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ANSWER AND AFFIRMATIVE DEFENSES
TO FAC; COUNTERCLAIMS                                21                         C-06-07391-BZ

*www.dongfangzhixiao.com*.

12.    Upon information and belief, Netbula offers software products targeted for use by software developers.  On its various websites, including *www.java-rpc.com*, Netbula has stated that "Netbula JavaRPC connects the Java(tm) universe and the C/C++ universe using industry standard ONC RPC."

13.    On information and belief, Yue acts as Netbula's Chief Sales and Marketing Officer, among other capacities.  On information and belief, Yue has personally controlled, directed and participated in Netbula's marketing and branding efforts, including Netbula's selection, adoption and use of the INFRINGING MARKS as well as the registration, design and development of the websites registered by Netbula and incorporating the INFRINGING MARKS.

### FIRST CLAIM FOR RELIEF
**(Infringement of Federally Registered Trademarks and Service Marks)**
[15 U.S.C. § 1114]

14.    Sun realleges and incorporates paragraphs 1 through 13 above.

15.    Sun used its federally registered SUN-based trademarks and service marks in connection with computer software and related products and services significantly prior to Counterclaim Defendants' first use of the SUN RPC name and mark.

16.    Sun used its federally registered JAVA-based trademarks and service marks in connection with computer software and related products and services significantly prior to Counterclaim Defendants' first use of the JAVARPC name and mark.

17.    Counterclaim Defendants use the INFRINGING MARKS in connection with their efforts to market network-related computer software and services, the same types of products and services in connection with which Sun uses its registered marks.  The INFRINGING MARKS are so similar to Sun's name and federally registered marks as to be likely to cause confusion, mistake and deception among purchasers and users as to the source and origin of the services, thereby causing loss, damage and injury to Sun and to the purchasing public.

18.    On information and belief, Counterclaim Defendants knew or by the exercise of reasonable care should have known that their adoption, commencement of use in commerce, and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

continuing use of the INFRINGING MARKS in connection with the development of network-related computer software and services would cause confusion, mistake, or deception among purchasers, users, and the public.

19.   On information and belief, Counterclaim Defendants knew of Sun's prior use of its trade name and federally registered trademarks and service marks, and, by adopting, commencing use, and continuing use of the INFRINGING MARKS, Counterclaim Defendants intended to and did induce and intend to and will induce customers to purchase their products and services by trading off the extensive goodwill built by Sun in its federally registered marks.

20.   The foregoing actions by Counterclaim Defendants violate Sun's rights under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114, and, on information and belief, have been knowing, deliberate, willful, intended to cause confusion or mistake, or to deceive, and in disregard of Sun's rights.

21.   Counterclaim Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of Sun's nationwide and international advertising, promotion, sales and consumer recognition.

22.   As a direct and proximate result of Counterclaim Defendants' wrongful conduct, as alleged above, Sun has been and will be deprived of substantial sales of its services in an amount as yet unknown but to be proved at trial, and has been and will be deprived of the value of its federally registered marks as commercial assets in an amount as yet unknown but to be determined at trial.

23.   Sun has no adequate remedy at law for Counterclaim Defendants' continuing violation of its rights as set forth above.  On information and belief, such violation will continue unless Counterclaim Defendants are enjoined by this Court.

### SECOND CLAIM FOR RELIEF
**(False Designation of Origin)**
[15 U.S.C. § 1125]

24.   Sun realleges and incorporates paragraphs 1 through 23, above.

25.   Counterclaim Defendants' conduct, as averred above, is likely to cause confusion, to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  cause mistake, and/or deceive consumers and the public as to Sun's affiliation, connection or

2  association with Netbula, or as to the origin, sponsorship, or Sun's approval of Netbula's goods,

3  services, and/or commercial activities.  Counterclaim Defendants knew, or by the exercise of

4  reasonable care should have known, that their conduct was likely to so mislead the public.

5  26.   On information and belief, the foregoing conduct by Counterclaim Defendants has

6  been knowing, deliberate, willful, intended to cause confusion or mistake, or to deceive, and in

7  disregard of Sun's rights.

8  27.   Counterclaim Defendants' wrongful acts, as alleged above, have permitted or will

9  permit them to make substantial sales and profits on the strength of Sun's nationwide and

10  international marketing, advertising, sales, and consumer recognition.

11  28.   As a direct and proximate result of Counterclaim Defendants' wrongful conduct, as

12  alleged above, Sun has been and will be deprived of substantial sales in an amount as yet

13  unknown but to be proved at trial, and has been and will be deprived of the value of its name and

14  the SUN- and JAVA-based marks as commercial assets in an amount as yet unknown but to be

15  determined at trial.

16  29.   Sun has no adequate remedy at law for Counterclaim Defendants' continuing

17  violation of its rights as set forth above. On information and belief, such violation will continue

18  unless Counterclaim Defendants are enjoined by this Court.

19
20  **THIRD CLAIM FOR RELIEF**
   **(Cybersquatting)**
   [15 U.S.C. § 1125(d)]

21
22  30.   Sun realleges and incorporates paragraphs 1 through 29, above.

23  31.   Netbula has registered and uses the domain name *www.java-rpc.com.*

24  32.   Sun's JAVA and JAVA-based marks were distinctive at the time Counterclaim

25  Defendants registered *www.java-rpc.com*, which is confusingly similar to Sun's JAVA and

26  JAVA-based marks.

27  33.   Counterclaim Defendants registered, used, and continue to use *www.java-rpc.com*

28  with a bad faith intent to profit from Sun's JAVA and JAVA-based, in violation of 15 U.S.C. §

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    1125(d).

2       34.   Counterclaim Defendants did not believe and could not reasonably have believed

3    their registration and use of *www.java-rpc.com* constituted fair use or was otherwise lawful.

4       35.   As a direct and proximate result of Counterclaim Defendants' wrongful conduct, as

5    alleged above, Sun has been and will be damaged in an amount as yet unknown but to be proved

6    at trial, and has been and will be deprived of the value of its JAVA and JAVA-based marks as

7    commercial assets in an amount as yet unknown but to be determined at trial.

8       36.   Sun has no adequate remedy at law for Counterclaim Defendants' continuing

9    violation of its rights as set forth above.  On information and belief, such violation will continue

10   unless Counterclaim Defendants are enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

37.   Sun realleges and incorporates paragraphs 1 through 36, above.

38.   In addition to its rights under the Lanham Act as set forth above, Sun has, with

respect to its products and services, valid common law rights in its name and its SUN- and

JAVA-based marks.

39.   Counterclaim Defendants' use of the INFRINGING MARKS is in violation and

derogation of Sun's common law rights and is likely to cause confusion, mistake and deception

among consumers and the public as to the source, origin, sponsorship, or quality of Counterclaim

Defendants' goods and services, thereby causing loss, damage and injury to Sun and to the

purchasing public.  Counterclaim Defendants knew, or in the exercise of reasonable care should

have known, that their conduct was likely to so mislead the public.

40.   On information and belief, the foregoing conduct by Counterclaim Defendants has

been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of

Sun's rights under the common law.

41.   Counterclaim Defendants' wrongful acts, as alleged above, have permitted or will

permit them to make substantial sales and profits on the strength of Sun's nationwide and

international marketing, advertising, sales and consumer recognition.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

42.  As a direct and proximate result of Counterclaim Defendants' wrongful conduct, as alleged above, Sun has been and will be deprived of substantial sales in an amount as yet unknown but to be proved at trial, and has been and will be deprived of the value of its name and its SUN- and JAVA-based marks as commercial assets in an amount as yet unknown but to be determined at trial.

43.  Sun has no adequate remedy at law for Counterclaim Defendants' continuing violation of its rights as set forth above.  On information and belief, such violation will continue unless Counterclaim Defendants are enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**(Unfair Competition)**
[Cal. Bus. and Prof. Code § 17200 *et seq.*]

44.  Sun realleges and incorporates paragraphs 1 through 43, above.

45.  By advertising and using the INFRINGING MARKS and making false and misleading statements, Counterclaim Defendants have engaged in unfair competition, including unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue and misleading advertising in violation of Sun's rights and in violation of California Business and Professions Code § 17200 *et seq*.

46.  Counterclaim Defendant's use of the INFRINGING MARKS is in violation and derogation of Sun's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of Counterclaim Defendants' goods and services, thereby causing loss, damage and injury to Sun and to the purchasing public.  On information and belief, Counterclaim Defendants knew, or in the exercise of reasonable care should have known, that their conduct was likely to so mislead the public.

47.  Counterclaim Defendants' wrongful acts as alleged above have permitted or will permit it to make substantial sales and profits on the strength of Sun's statewide, national and international marketing, advertising, sales and consumer recognition.

48.  Sun has no adequate remedy at law for Counterclaim Defendants' continuing violations of its rights as set forth above.  On information and belief, such violations will

1    continue unless Counterclaim Defendants are enjoined by this Court.

2    ### PRAYER FOR RELIEF

3    WHEREFORE, Sun prays for judgment against Counterclaim Defendants under its claims

4    for relief as follows:

5    1.    Counterclaim Defendants and Counterclaim Defendants' officers, agents, servants,

6    employees, attorneys, and all others in active concert or in participation with Counterclaim

7    Defendants, or who receive actual notice of the injunction, be preliminarily and permanently

8    enjoined from using SUN RPC, JAVARPC, or any colorable imitation thereof, or any of Sun's

9    SUN- and JAVA-based marks, as a service mark, trademark or trade name, or as a portion of a

10    service mark, trademark or trade name;

11    2.    Counterclaim Defendants and Counterclaim Defendants' officers, agents, servants,

12    employees, attorneys, and all others in active concert or in participation with Counterclaim

13    Defendants, or who receive actual notice of the injunction, be preliminarily and permanently

14    enjoined from using the domain name *www.java-rpc.com* or any domain name incorporating

15    JAVA or SUN (or any formulation thereof);

16    3.    Counterclaim Defendants deliver to the Court to be impounded while this action is

17    pending and destroyed thereafter any and all computer software or product packaging and other

18    computer-related equipment bearing the JAVARPC or SUN RPC names or marks, and all

19    infringing literature, advertising material, labels, and other items bearing the JAVARPC or SUN

20    RPC names or marks;

21    4.    Counterclaim Defendants transfer the domain name *www.java-rpc.com* to Sun;

22    5.    Sun be awarded up to three times its damages caused by Counterclaim

23    Defendants' unlawful conduct as proven at trial;

24    6.    Sun be awarded up to three times the amount of profit unjustly received by

25    Counterclaim Defendants as a result of its unlawful conduct as proven at trial, and that

26    Counterclaim Defendants be otherwise ordered to disgorge their profits unjustly received as a

27    result of their unlawful conduct;

28    / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1       7.     Sun be awarded its reasonably attorneys' fees and costs; and

2       8.     Sun be awarded such other relief as the Court deems just and proper.

Dated: January 8, 2007          FENWICK & WEST LLP


By:            /S/
                     Jedediah Wakefield

Attorneys for Defendant
STORAGE TECHNOLOGY
CORPORATION and
Defendant/Counterclaimant SUN
MICROSYSTEMS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**DEMAND FOR JURY TRIAL**

2    Defendant Storage Technology Corporation and Defendant-Counterclaimant Sun

3 Microsystems, Inc. hereby demand a trial by jury on all claims and issues in the First Amended

4 Complaint so triable.  Defendant-Counterclaimant Sun Microsystems, Inc.hereby demands a trial

5 by jury on all claims and issues in the Counterclaims so triable.

6

7    Dated: January 8, 2007                    FENWICK & WEST LLP

8

9                                    By:    _____
                                                              /S/
10                                                  Jedediah Wakefield

11    Attorneys for Defendant STORAGE
      TECHNOLOGY CORPORATION AND
12    Defendant/Counterclaimant SUN
      MICROSYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES
TO FAC; COUNTERCLAIMS                        29                          C-06-07391-BZ

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## <u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4

5  Dated: January 8, 2007                                FENWICK & WEST LLP

6

7                                            By:         _____/S/_____

8                                                         Jedediah Wakefield

9                                            Attorneys for Defendant STORAGE
                                             TECHNOLOGY CORPORATION AND
                                             Defendant/Counterclaimant SUN
10                                           MICROSYSTEMS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ANSWER AND AFFIRMATIVE DEFENSES          30          C-06-07391-BZ
TO FAC; COUNTERCLAIMS