1   VONNAH M. BRILLET (SBN 226545)
    **LAW OFFICES OF VONNAH M. BRILLET**
2   2777 ALVARADO ST., SUITE E
    SAN LEANDRO, CA 94577
3   Telephone:     (510) 351-5345
    Facsimile:     (510) 351-5348
4   E-Mail:        BrilletLaw@yahoo.com
5
    Attorneys for Plaintiff
6   NETBULA, LLC

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10  NETBULA, LLC., a Delaware limited liability    Case No. C06-07391-BZ
    company,
11                                                 **Counterclaim Defendant Netbula, LLC and**
                         Plaintiff,                **Third-party counterclaim Defendant**
12                                                 **Dongxiao Yue's Answer to Sun**
            v.                                     **Microsystems' Counterclaims**
13

14  STORAGE TECHNOLOGY
    CORPORATION, a Delaware corporation;
15  SUN MICROSYSTEMS Inc., a Delaware
    corporation; INTERNATIONAL BUSINESS
16  MACHINES CORPORATION, a New York
    corporation; EMC CORPORATION, a
17  Massachusetts Corporation; VERITAS
    SOFTWARE CORPORATION, a Delaware
18  corporation; DARDEN RESTAURANTS,
    INC, a Florida Corporation; and DOES 1-100,
19  inclusive,

20
21
                         Defendants.
22

23

24      Plaintiff   and   counterclaim-defendant   Netbula,   LLC   ("Netbula"),   and   third-party

25  counterclaim   defendant   Dongxiao   Yue   (also   known   as   "Don   Yue")   ("Yue"),   hereafter

26

27
                                              -1-
28

"COUNTERCLAIM DEFENDANTS", by and through counsel, answer the counterclaims of defendant and counterclaimant Sun Microsystems, Inc. ("SUN") as follows.

## ANSWER TO COUNTERCLAIMS

### INTRODUCTTION

1.      COUNTERCLAIM DEFENDANTS deny the each and every allegation contained in Paragraph 1 of the counterclaims, except that Netbula states on its web site that "[n]o company, big or small, shall steal other's IP" and Netbula accuses SUN of infringing Netbula's copyright in the instant suit.

### THE PARTIES

2.      COUNTERCLAIM DEFENDANTS admit that Sun is a Delaware corporation with its principal place of business in California. COUNTERCLAIM DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of all other the averments contained in Paragraph 2 of the counterclaims and on that basis deny each and every averment contained therein.

3.      COUNTERCLAIM DEFENDANTS admit that Netbula is a Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in San Leandro, California.

4.      COUNTERCLAIM DEFENDANTS admit that Dongxiao Yue, also known as Don Yue, is an individual residing in Alameda County, California and an officer of Netbula.

5.      COUNTERCLAIM DEFENDANTS neither admit nor deny the allegations contained in Paragraph 5 of the Counterclaims because those allegations are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, COUNTERCLAIM DEFENDANTS are without knowledge or information sufficient to form a

-2-

belief as to the truth of these averments and on that basis deny each of them.

**JURISDICTION AND VENUE**

6.    COUNTERCLAIM DEFENDANTS neither admit nor deny the averments contained in Paragraph 6 of the Counterclaims because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, COUNTERCLAIM DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of these averments and on that basis deny each of them.

7.    COUNTERCLAIM DEFENDANTS neither admit nor deny the averments contained in Paragraph 7 of the Counterclaims because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, COUNTERCLAIM DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of these averments and on that basis deny each of them.

**FACTUAL BACKGROUND**

8.    COUNTERCLAIM DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the counterclaims and on that basis deny each and every averment contained therein.

9.    COUNTERCLAIM DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the counterclaims and on that basis deny each and every averment contained therein.

10.    COUNTERCLAIM DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the counterclaims and on that basis deny each and every averment contained therein.

11.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

-3-

therein, except that Netbula describes itself as a developer of software technology, used the

JavaRPC name in connection with its software and owns the domain names *www.netbula.com*,

*www.java-rpc.com*, and *www.windows-rpc.com*.

12.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

therein, except that Netbula offers software products targeted for use by software developers and

owns the web site www.java-rpc.com, the content of the web site speaks for itself.

13.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

therein, except Yue acts as Netbula's Chief Sales and Marketing Officer, among other capacities.

**FIRST CLAIM FOR RELIEF**

**(Infringement of Federally Registered Trademarks and Service Marks)**

[15 U.S.C. § 1114]

14.    COUNTERCLAIM DEFENDANTS incorporate by reference their answers to

Paragraph 1 through 13 above.

15.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

therein.

16.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

therein.

17.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

therein.

18.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

therein.

19.    COUNTERCLAIM DEFENDANTS deny each and every averment contained

therein.

-4-

20.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

21.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

22.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

23.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

### SECOND CLAIM FOR RELIEF

### (False Designation of Origin)

[15 U.S.C. § 1125]

24.     COUNTERCLAIM DEFENDANTS incorporate by reference their answers to Paragraph 1 through 23 above.

25.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

26.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

27.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

28.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

29.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

-5-

**THIRD CLAIM FOR RELIEF**

**(Cybersquatting)**

[15 U.S.C. § 1125(d)]

30.     COUNTERCLAIM DEFENDANTS incorporate by reference their answers to Paragraph 1 through 29 above.

31.     COUNTERCLAIM DEFENDANTS admit that Netbula has registered and uses the internet domain name www.java-rpc.com.

32.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

33.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

34.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

35.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

36.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

37.     COUNTERCLAIM DEFENDANTS incorporate by reference their answers to Paragraph 1 through 36 above.

38.     COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

-6-

39.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

40.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

41.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

42.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

43.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition)

[Cal. Bus. and Prof. Code § 17200 *et seq.*]

44.    COUNTERCLAIM DEFENDANTS COUNTERCLAIM DEFENDANTS incorporate by reference their answers to Paragraph 1 through 43 above.

45.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

46.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

47.    COUNTERCLAIM DEFENDANTS deny each and every averment contained therein.

## PRAYER FOR RELIEF

-7-

48.     COUNTERCLAIM DEFENDANTS Netbula and Yue deny that defendant and counterclaimant SUN is entitled to any relief against either of them.

### AFFIRMATIVE DEFENSES

As separate and affirmative defenses to SUN's counterclaims, Netbula and Yue state as follows:

### First Affirmative Defense – Failure to State a Cause of Action

49.     Each purported causes of action in the Counterclaims fails to state facts sufficient to constitute a cause of action against COUNTERCLAIM DEFENDANTS.

### Second Affirmative Defense – Statutes of Limitations

50.     Each cause of action in the Counterclaims is barred by the applicable statutes of limitations.

### Third Affirmative Defense – Equitable Estoppel

51.     Each cause of action in the Counterclaims is barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense – Unclean Hands

52.      Each cause of action in the Counterclaims is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense – Laches

53.     Each cause of action in the Counterclaims is barred by the doctrine of laches.

### Sixth Affirmative Defense – Waiver

54. Each cause of action in the Counterclaims is barred by the doctrine of waiver.

### Seventh Affirmative Defense – Promissory Estoppel

-8-

55.    Each cause of action in the Counterclaims is barred by the doctrine of promissory estoppel.

### Eighth Affirmative Defense – Failure to Do Equity

56.    Each cause of action in the Counterclaims is barred by reason of Plaintiff's failure to do equity in the matters alleged in the Counterclaims.

### Ninth Affirmative Defense – Acquiescence

57.    Each cause of action in the Counterclaims is barred by the doctrine of acquiescence.

### Eleventh Affirmative Defense – Fraud on the U.S. Trademark Office

58.    The causes of action are barred because SUN's registered trademarks are obtained fraudulently.

### Twelfth Affirmative Defense – License

59.    The causes of action are barred by the existence of an express or implied license.

### Fourteenth Affirmative Defense – Mootness

60.    Plaintiff's request for injunctive relief is moot.

### Fifteenth Affirmative Defense – Failure to Mitigate

61.    SUN has failed, and continues to fail, to act reasonably to mitigate the damages alleged in its Counterclaims.

### Sixteenth Affirmative Defense – Lack of Subject Matter Jurisdiction

62.    The Court lacks subject matter jurisdiction over the actions in the Counterclaims.

### Seventeenth Affirmative Defense – Abandonment

63.    The causes of action are barred because SUN abandoned the marks.

### Eighteenth Affirmative Defense – Permission

-9-

64.   The causes of action are barred because the marks are being used by or with the permission of the registrant or a person in privity with the registrant.

### Nineteenth Affirmative Defense – Fair use

65.   COUNTERCLAIM DEFENDANTS' uses of the name or marks are fair use.

### Twentieth Affirmative Defense – Anti-Trust

66.   SUN's JAVA mark is being used to violate the anti-trust laws of the United States.

### Twenty first Affirmative Defense – Functional mark

67.   SUN's marks are or have become functional.


WHEREFORE, COUNTERCLAIM DEFENDANTS Netbula and Yue both pray for judgment on SUN's counterclaims as follows:

1.   That Sun Microsystems, Inc. takes nothing by its counterclaims;

2.   That the counterclaims be dismissed with prejudice;

3.   For costs of suit, including reasonable attorneys' fees; and

4.   For such other and further relief as this Court may deem just and proper.


Dated:   January 29, 2007              LAW OFFICES OF VONNAH M. BRILLET


_____/S/_____

By:      VONNAH M. BRILLET
         Attorneys for Plaintiff NETBULA, LLC

-10-

1

2

3

## <u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>

4

5

6

7

8

9

Pursuant to Northern District Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, forms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

10

       1)     Don Yue

11

       2)     Netbula, LLC

12

13

Dated:   January 29, 2007            LAW OFFICES OF VONNAH M. BRILLET

14

15

16

              _____/S/_____

17

              VONNAH M. BRILLET
              Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

-11-