1   LAURENCE F. PULGRAM (CSB NO. 115163)
    *lpulgram@fenwick.com*
2   JEDEDIAH WAKEFIELD (CSB NO. 178058)
    *jwakefield@fenwick.com*
3   ALBERT L. SIEBER (CSB NO. 233482)
    *asieber@fenwick.com*
4   FENWICK & WEST LLP
    555 California Street, Ste. 1200
5   San Francisco, CA  94104
    Telephone: (415) 875-2300
6   Facsimile:  (415) 281-1350

7   Attorneys for Defendant
    STORAGE TECHNOLOGY CORPORATION and
    Defendant/Counterclaimant SUN
8   MICROSYSTEMS, INC.

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  NETBULA, LLC, a Delaware limited          Case No.  C-06-07391-BZ
    liability company,
13                                            **AMENDED ANSWER AND
                   Plaintiff,                 AFFIRMATIVE DEFENSES TO FIRST
14                                            AMENDED COMPLAINT**
          v.
15                                            **DEMAND FOR JURY TRIAL**
    STORAGE TECHNOLOGY
    CORPORATION, a Delaware corporation;
16  SUN MICROSYSTEMS, INC., a Delaware
    corporation; and DOES 1-10, inclusive,
17
                   Defendants.
18
    SUN MICROSYSTEMS, INC., a Delaware
19  corporation,

20                 Counter-Claimant,

21        v.

22  NETBULA, LLC, a Delaware limited
    liability company,
23
                   Counterclaim Defendant,
24
                   and
25
    DONGXIAO YUE, an individual,
26
                   Third-Party Counterclaim
27                 Defendant.

28

AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO FAC                                              C-06-07391-BZ

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Defendants Storage Technology Corporation and Sun Microsystems, Inc. (collectively, "DEFENDANTS"), and each of them, hereby submit their Amended Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Netbula, LLC ("Netbula")[1] as follows:

## INTRODUCTION

1.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Netbula and its products contained in Paragraph 1 of the First Amended Complaint, and on that basis deny each of them.  DEFENDANTS deny the averments contained in Paragraph 1 in all other respects.

2.    DEFENDANTS deny each and every averment contained in Paragraph 2 of the First Amended Complaint.

## JURISDICTION

3.    DEFENDANTS neither admit nor deny the averments contained in Paragraph 3 of the First Amended Complaint because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of these averments and on that basis deny each of them.

4.    DEFENDANTS neither admit nor deny the averments contained in Paragraph 4 of the First Amended Complaint because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, DEFENDANTS deny them, except that Sun Microsystems, Inc. ("SUN") admits that it resides in the State of California and in this judicial district and SUN and Storage Technology Corporation ("STORAGETEK") admit that personal jurisdiction and venue are proper in this district over them.

## INTRADISTRICT ASSIGNMENT

5.    DEFENDANTS neither admit nor deny the averments contained in Paragraph 5 of the First Amended Complaint because those averments are conclusions of law to which no

---

[1] This Amended Answer does not affect the counterclaims filed by Defendant Sun Microsystems, Inc. against Counterclaim Defendant Netbula, LLC and Third-Party Counterclaim Defendant Dongxiao Yue and related jury demand, which are unamended and still in effect.  [*See* Docket No. 17.]

AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO FAC

2

C-06-07391-BZ

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  response is required; to the extent those averments may be deemed averments of fact,

2  DEFENDANTS admit that this purports to be an Intellectual Property Action as specified in

3  Northern District of California Civil L.R. 3-2(c).

4  **THE PARTIES**

5  6.    DEFENDANTS are without knowledge or information sufficient to form a belief

6  as to the truth of the averments contained in Paragraph 6 of the First Amended Complaint and on

7  that basis deny each and every averment contained therein.

8  7.    DEFENDANTS deny each and every averment contained in Paragraph 7 of the

9  First Amended Complaint, except that DEFENDANTS admit that STORAGETEK is a Delaware

10  Corporation that maintains an office in Louisville, Colorado and is a wholly-owned subsidiary of

11  SUN as of the approximate date of August 31, 2005.

12  8.    DEFENDANTS deny each and every averment contained in Paragraph 8 of the

13  Amended Complaint, except that DEFENDANTS admit that SUN is a Delaware Corporation

14  with its principal place of business at 4150 Network Circle, Santa Clara, CA  95054, within this

15  judicial district, and that SUN acquired all shares of STORAGETEK pursuant to an agreement

16  effective on or about August 31, 2005 valued at approximately $4.1 billion.

17  9.    DEFENDANTS are without knowledge or information sufficient to form a belief

18  as to the truth of the averments contained in Paragraph 9 of the First Amended Complaint and on

19  that basis deny each and every averment contained therein.

20  10.    DEFENDANTS are without knowledge or information sufficient to form a belief

21  as to the truth of the averments contained in Paragraph 10 of the First Amended Complaint and on

22  that basis deny each and every averment contained therein.

23  11.    DEFENDANTS are without knowledge or information sufficient to form a belief

24  as to the truth of the averments contained in Paragraph 11 of the First Amended Complaint and on

25  that basis deny each and every averment contained therein.

26  12.    DEFENDANTS are without knowledge or information sufficient to form a belief

27  as to the truth of the averments contained in Paragraph 12 of the First Amended Complaint and on

28  that basis deny each and every averment contained therein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO FAC

3

C-06-07391-BZ

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

13.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the First Amended Complaint and on that basis deny each and every averment contained therein.

## FACTUAL DETAILS

14.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that Remote Procedure Call (RPC) technology allows a program on a local computer to execute a command on a remote computer over a network.

15.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the First Amended Complaint and on that basis deny each and every averment contained therein.

16.     DEFENDANTS admit that ONC stands for Open Network Computing and that ONC RPC was written in the C programming language.  DEFENDANTS deny that SUN's copyrighted ONC RPC is in the "public domain."  Except as otherwise expressly admitted or denied herein, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the First Amended Complaint and on that basis deny each and every averment contained therein.

17.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the First Amended Complaint and on that basis deny each and every averment contained therein.

18.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the First Amended Complaint and on that basis deny each and every averment contained therein.

19.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the First Amended Complaint and on that basis deny each and every averment contained therein.

20.     DEFENDANTS are without knowledge or information sufficient to form a belief

1  as to the truth of the averments contained in Paragraph 20 of the First Amended Complaint and on

2  that basis deny each and every averment contained therein.

3       21.    DEFENDANTS are without knowledge or information sufficient to form a belief

4  as to the truth of the averments contained in Paragraph 21 of the Amended Complaint and on that

5  basis deny each and every averment contained therein, except that DEFENDANTS admit that a

6  copy of a Copyright Office Certificate of Registration, Registration No. TX 6-211-063, is

7  attached to the First Amended Complaint as Exhibit A and that Netbula deposited 50 pages of

8  source code with the Copyright Office in support of its registration.

9       22.    DEFENDANTS are without knowledge or information sufficient to form a belief

10  as to the truth of the averments contained in Paragraph 22 of the First Amended Complaint and on

11  that basis deny each and every averment contained therein.

12       23.    DEFENDANTS are without knowledge or information sufficient to form a belief

13  as to the truth of the averments contained in Paragraph 23 of the First Amended Complaint and on

14  that basis deny each and every averment contained therein.

15       24.    DEFENDANTS are without knowledge or information sufficient to form a belief

16  as to the truth of the averments contained in Paragraph 24 of the First Amended Complaint and on

17  that basis deny each and every averment contained therein.

18       25.    DEFENDANTS admit that as of December 31, 2006 STORAGETEK developed

19  and sold, among other things, data storage and recovery hardware and software products.

20       26.    DEFENDANTS deny each and every averment contained in Paragraph 26 of the

21  First Amended Complaint, except that DEFENDANTS admit StorageTek offers products called

22  "Automated Cartridge System Library Software," "Library Manager," and "Library Station" and

23  that tape library management software is used, *inter alia*, to control access to tape cartridges.

24       27.    DEFENDANTS deny each and every averment contained in contained in

25  Paragraph 27 of the First Amended Complaint, except that DEFENDANTS admit that

26  StorageTek's ACSLS, Library Manager and LibraryStation software use RPC in the

27  communication.

28       28.    DEFENDANTS deny each and every averment contained in Paragraph 28 of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Fenwick & West LLP
Attorneys At Law
Mountain View

First Amended Complaint, except that DEFENDANTS admit that SUN, among other things, develops and sells computer systems for the enterprise market; that Sun released a customized version of UNIX called SunOS in 1982; that Jonathan Schwartz is now SUN's President and Chief Executive Officer; and that Mr. Schwartz is credited as the author of an article containing the language quoted in Paragraph 28 of the First Amended Complaint.

29.    DEFENDANTS admit that SUN acquired all shares of STORAGETEK pursuant to an agreement effective in or about August 2005 and that DEFENDANTS filed documents with the Securities and Exchange Commission (SEC) related to this acquisition, the text of which speak for themselves.  DEFENDANTS neither admit nor deny the averment that SUN "is fully responsible for legal claims brought against StorageTek" because those averments are conclusions of law to which no response is required.

30.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the First Amended Complaint and on that basis deny each and every averment contained therein.

31.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 31 of the First Amended Complaint and on that basis deny each and every averment contained therein.

32.    DEFENDANTS deny each and every averment contained in Paragraph 32 of the First Amended Complaint, except that DEFENDANTS admit that STORAGETEK and Netbula entered into a license agreement in March 2000, the text of which speaks for itself, and that STORAGETEK made payment under that license.

33.    DEFENDANTS deny each and every averment contained in Paragraph 33 of the First Amended Complaint, except that DEFENDANTS admit that a STORAGETEK employee named Keith Oliver sent an e-mail to Netbula on or about March 14, 2000, the text of which speaks for itself and that Netbula fixed a problem STORAGETEK had running the rpcgen.exe on the same day.

34.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the First Amended Complaint and on

that basis deny each and every averment contained therein, except that DEFENDANTS admit that a STORAGETEK employee named Anton Vatcky sent an e-mail to Netbula in or about June 2000, the text of which speaks for itself.

35.    DEFENDANTS deny each and every averment contained in Paragraph 35 of the First Amended Complaint, except that DEFENDANTS admit that StorageTek sent Netbula a document containing the language quoted in this Paragraph.

36.    DEFENDANTS admit that a STORAGETEK employee named Mike Melnick sent an e-mail to Netbula in or about September 2002, the text of which speaks for itself.  Except as otherwise expressly admitted or denied herein, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 36 of the First Amended Complaint and on that basis deny each and every averment contained therein.

37.    DEFENDANTS deny each and every averment contained in Paragraph 35 of the First Amended Complaint, except that DEFENDANTS admit that StorageTek contacted Netbula in March 2004 regarding the purchase of a license from Netbula.

38.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 38 of the First Amended Complaint and on that basis deny each and every averment contained therein.

39.    DEFENDANTS deny each and every averment contained in Paragraph 39 of the First Amended Complaint, except that DEFENDANTS admit that STORAGETEK and Netbula entered into a license agreement in March 2004, the text of which speaks for itself, and that STORAGETEK made payment under that license.

40.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 40 of the First Amended Complaint and on that basis deny each and every averment contained therein.

41.    DEFENDANTS deny each and every averment contained in Paragraph 41 of the First Amended Complaint, except that DEFENDANTS admit that STORAGETEK (through Mike Melnick) sent an e-mail in October 2004, the text of which speaks for itself.

42.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 42 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that in 2005 Netbula and StorageTek discussed StorageTek's usage of Netbula's software under the license agreements between them.

43.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 43 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that Netbula requested a "royalty report" from StorageTek in July 2005.

44.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 44 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that StorageTek suggested adopting quarterly payments based on actual usage.

45.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 45 of the First Amended Complaint and on that basis deny each and every averment contained therein.

46.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 46 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that STORAGETEK provided information regarding product distribution in a document in August 2005, the text of which speaks for itself.

47.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 47 of the First Amended Complaint and on that basis deny each and every averment contained therein.

48.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 48 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that STORAGETEK provided information regarding product distribution in a document in August

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   2005, the text of which speaks for itself.

2         49.    DEFENDANTS are without knowledge or information sufficient to form a belief

3   as to the truth of the averments contained in Paragraph 49 of the First Amended Complaint and on

4   that basis deny each and every averment contained therein, except that DEFENDANTS admit that

5   STORAGETEK provided information regarding product distribution in a document in August

6   2005, the text of which speaks for itself.

7         50.    DEFENDANTS are without knowledge or information sufficient to form a belief

8   as to the truth of the averments contained in Paragraph 50 of the First Amended Complaint and on

9   that basis deny each and every averment contained therein.

10        51.    DEFENDANTS are without knowledge or information sufficient to form a belief

11  as to the truth of the averments contained in Paragraph 51 of the First Amended Complaint and on

12  that basis deny each and every averment contained therein, except that DEFENDANTS admit that

13  STORAGETEK and Netbula continued to discuss resolving their dispute and that most of

14  StorageTek's revenue comes from "tape products." DEFENDANTS deny that LibAttach is a

15  "key" software technology for using StorageTek's tape products.

16        52.    DEFENDANTS admit that STORAGETEK filed documents with the SEC setting

17  forth its annual revenue, the text of which speak for themselves, and that STORAGETEK's

18  financial results after August 2005 were consolidated into financial reports filed by SUN with the

19  SEC.

20        53.    DEFENDANTS deny each and every averment contained in Paragraph 53 of the

21  Amended Complaint, except that DEFENDANTS admit that STORAGETEK filed documents

22  with the SEC setting forth its annual revenue, the text of which speak for themselves.

23        54.    DEFENDANTS deny each and every averment contained in Paragraph 54 of the

24  First Amended Complaint, except that DEFENDANTS admit that SUN engaged in license-

25  related discussions with Netbula after August 31, 2005.

26        55.    DEFENDANTS are without knowledge or information sufficient to form a belief

27  as to the truth of the averments contained in Paragraph 55 of the First Amended Complaint and on

28  that basis deny each and every averment contained therein, except that DEFENDANTS admit that

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO FAC

9

SUN engaged in license-related discussions with Netbula after August 31, 2005.

56.    DEFENDANTS deny each and every averment contained in Paragraph 56 of the First Amended Complaint, except that DEFENDANTS admit that SUN provided information regarding product distribution in a document in August 2005, the text of which speaks for itself.

57.    DEFENDANTS deny each and every averment contained in Paragraph 57 of the First Amended Complaint, except that DEFENDANTS admit that SUN and Netbula had a telephone conference call in June 2006.

58.    DEFENDANTS deny each and every averment contained in Paragraph 58 of the First Amended Complaint, except that DEFENDANTS admit that SUN distributes software called LibAttach.

59.    DEFENDANTS deny each and every averment contained in Paragraph 59 of the First Amended Complaint, except that DEFENDANTS admit that SUN distributes software called LibAttach, which formerly contained "pwrrpc32.dll," and aver that the "pwrrpc32.dll" file was replaced by free, publicly available code.

60.    DEFENDANTS deny each and every averment contained in Paragraph 60 of the First Amended Complaint, except that DEFENDANTS admit that SUN distributes software called LibAttach under the 11191NLC produce code.

61.    DEFENDANTS deny each and every averment contained in Paragraph 61 of the First Amended Complaint, except that DEFENDANTS aver that SUN distributes software called "LibAttach Integrator's Pack," which formerly contained "pwrrpc32.dll," and aver that the "pwrrpc32.dll" file was replaced by free, publicly available code.

62.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 62 of the First Amended Complaint and on that basis deny each and every averment contained therein.

63.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 63 of the First Amended Complaint and on that basis deny each and every averment contained therein.

64.    DEFENDANTS are without knowledge or information sufficient to form a belief

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

as to the truth of the averments contained in Paragraph 64 of the First Amended Complaint and on that basis deny each and every averment contained therein.

65.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 65 of the First Amended Complaint and on that basis deny each and every averment contained therein.

## FIRST CLAIM FOR RELIEF

### *COPYRIGHT INFRINGEMENT (DIRECT, CONTRIBUTORY, AND VICARIOUS)*

### *(Against All Defendants)*

66.    Replying to Paragraph 66 of the Amended Complaint, DEFENDANTS incorporate by reference their responses to Paragraphs 1 through 65 as though fully set forth herein.

67.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 67 of the First Amended Complaint and on that basis deny each and every averment contained therein.

68.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 68 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that a copy of a Copyright Office Certificate of Registration, Registration No. TX 6-211-063, is attached to the First Amended Complaint as Exhibit A

69.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 69 of the First Amended Complaint and on that basis deny each and every averment contained therein.

70.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 70 of the First Amended Complaint and on that basis deny each and every averment contained therein.

71.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments regarding the contents of "Plaintiff's RPC technology" and the operation of "rpcgen.exe" and on that basis deny such averments.  DEFENDANTS deny each and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

every other averment contained in Paragraph 71 of the Amended Complaint, except that, and DEFENDANTS admit that STORAGETEK copied or made use of Netbula's "pwrrpc32.dll" file, which had been provided pursuant to the license agreements between STORAGETEK and Netbula.

72.    DEFENDANTS deny each and every averment contained in Paragraph 72 of the Amended Complaint, except that DEFENDANTS admit that STORAGETEK had access to Netbula's software pursuant and aver that such access to Netbula's software was pursuant to license agreements.

73.    DEFENDANTS deny each and every averment contained in Paragraph 73 of the Amended Complaint.

74.    DEFENDANTS deny each and every averment contained in Paragraph 74 of the Amended Complaint.

75.    DEFENDANTS deny each and every averment contained in Paragraph 75 of the Amended Complaint.

76.    DEFENDANTS deny each and every averment contained in Paragraph 76 of the Amended Complaint.

77.    DEFENDANTS deny each and every averment contained in Paragraph 77 of the Amended Complaint.

78.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 78 of the First Amended Complaint and on that basis deny each and every averment contained therein.

79.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 79 of the First Amended Complaint and on that basis deny each and every averment contained therein.

80.    DEFENDANTS deny each and every averment contained in Paragraph 80 of the First Amended Complaint.

81.    DEFENDANTS deny each and every averment contained in Paragraph 81 of the First Amended Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    82.    DEFENDANTS deny each and every averment contained in Paragraph 82 of the

2    First Amended Complaint.

3    83.    DEFENDANTS deny each and every averment contained in Paragraph 83 of the

4    First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the

5    dispute between Plaintiff and STORAGETEK.

6    84.    DEFENDANTS deny each and every averment contained in Paragraph 84 of the

7    First Amended Complaint.

8    85.    DEFENDANTS deny each and every averment contained in Paragraph 85 of the

9    First Amended Complaint.

10    86.    DEFENDANTS deny each and every averment contained in Paragraph 86 of the

11    First Amended Complaint.

12    87.    DEFENDANTS deny each and every averment contained in Paragraph 87 of the

13    First Amended Complaint.

14    88.    DEFENDANTS deny each and every averment contained in Paragraph 88 of the

15    First Amended Complaint.

16    89.    DEFENDANTS are without knowledge or information sufficient to form a belief

17    as to the truth of the averments contained in Paragraph 89 of the First Amended Complaint and on

18    that basis deny each and every averment contained therein.

19    90.    DEFENDANTS deny each and every averment contained in Paragraph 90 of the

20    First Amended Complaint.

21    91.    DEFENDANTS deny each and every averment contained in Paragraph 91 of the

22    First Amended Complaint.

23    92.    DEFENDANTS deny each and every averment contained in Paragraph 92 of the

24    First Amended Complaint.

25    **<u>SECOND CLAIM FOR RELIEF</u>**

26    ***<u>INTENTIONAL FRAUD (California Civil Code § 1709)</u>***

27    ***<u>(Against StorageTek and Sun)</u>***

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

93.    Replying to Paragraph 93 of the Amended Complaint, DEFENDANTS incorporate by reference their responses to Paragraphs 1 through 92 as though fully set forth herein.

94.    DEFENDANTS are without knowledge or information sufficient to form a believe as to the truth of the averments contained in Paragraph 94 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that STORAGETEK distributed a product called LibAttach, which formerly contained "pwrrpc32.dll," and aver that the "pwrrpc32.dll" file was replaced by free, publicly available code, and DEFENDANTS deny that LibAttach "has been a key product" for StorageTek's tape products.

95.    DEFENDANTS deny each and every averment contained in Paragraph 95 of the Amended Complaint.

96.    DEFENDANTS deny each and every averment contained in Paragraph 96 of the Amended Complaint.

97.    DEFENDANTS deny each and every averment contained in Paragraph 97 of the First Amended Complaint.

98.    DEFENDANTS deny each and every averment contained in Paragraph 98 of the First Amended Complaint.

99.    DEFENDANTS deny each and every averment contained in Paragraph 99 of the First Amended Complaint.

100.    DEFENDANTS deny each and every averment contained in Paragraph 100 of the First Amended Complaint.

101.    DEFENDANTS deny each and every averment contained in Paragraph 101 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF

### BREACH OF CONTRACT

### (Against Defendants BindView and Symantec Only)

102.    Replying to Paragraph 102 of the Amended Complaint, DEFENDANTS

incorporate by reference their responses to Paragraphs 1 through 101 as though fully set forth herein.

103.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 103 of the First Amended Complaint and on that basis deny each and every averment contained therein, except that DEFENDANTS admit that StorageTek and Netbula entered into a license agreement in March 2000, the text of which speaks for itself.

104.    DEFENDANTS deny each and every averment contained in Paragraph 103 except that DEFENDANTS admit that STORAGETEK and Plaintiff entered into a license agreement in March 2004, the text of which speaks for itself.

105.    DEFENDANTS deny each and every averment contained in Paragraph 105 of the First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the two contracts between Plaintiff and STORAGETEK.

106.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 106 of the First Amended Complaint and on that basis deny each and every averment contained therein.

107.    DEFENDANTS deny each and every averment contained in Paragraph 107 of the First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the two contracts between Plaintiff and STORAGETEK.

## FOURTH CLAIM FOR RELIEF

### STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq.)

### (Against StorageTek and Sun)

108.    Replying to Paragraph 108 of the Amended Complaint, DEFENDANTS incorporate by reference their responses to Paragraphs 1 through 107 as though fully set forth herein.

109.    DEFENDANTS deny each and every averment contained in Paragraph 109 of the First Amended Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    110.    DEFENDANTS deny each and every averment contained in Paragraph 110 of the
2   First Amended Complaint.

3    111.    DEFENDANTS deny each and every averment contained in Paragraph 111 of the
4   First Amended Complaint.

5    112.    DEFENDANTS deny each and every averment contained in Paragraph 112 of the
6   First Amended Complaint.

7    113.    DEFENDANTS deny each and every averment contained in Paragraph 113 of the
8   First Amended Complaint.

9    114.    DEFENDANTS deny each and every averment contained in Paragraph 114 of the
10   First Amended Complaint.

11    115.    DEFENDANTS deny each and every averment contained in Paragraph 115 of the
12   First Amended Complaint, except that DEFENDANTS admit that SUN was on notice of the
13   dispute between Plaintiff and STORAGETEK.

14    116.    DEFENDANTS deny each and every averment contained in Paragraph 116 of the
15   First Amended Complaint.

16    117.    DEFENDANTS deny each and every averment contained in Paragraph 117 of the
17   First Amended Complaint.

18    **FIFTH CAUSE OF ACTION**

19    ***EQUITABLE ACCOUNTING AND IMPOSITION OF A CONSTRUCTIVE TRUST***

20    ***(Against All Defendants)***

21

22    118.    Replying to Paragraph 118 of the Amended Complaint, DEFENDANTS
23   incorporate by reference their responses to Paragraphs 1 through 117 as though fully set forth
24   herein.

25    119.    DEFENDANTS deny each and every averment contained in Paragraph 119 of the
26   Amended Complaint.

27    120.    DEFENDANTS deny each and every averment contained in Paragraph 120 of the
28   Amended Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

121.    DEFENDANTS deny each and every averment contained in Paragraph 121 of the Amended Complaint.

122.    Any allegations in the First Amended Complaint not expressly admitted herein are hereby denied.

## PRAYER FOR RELIEF

123.    Defendants Storage Technology Corporation and Sun Microsystems, Inc. both deny that Plaintiff is entitled to any relief against either of them.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Netbula's Amended Complaint and to each cause of action, claim, and allegation contained therein, Defendants Storage Technology Corporation and Sun Microsystems, Inc. ("DEFENDANTS") state as follows:

### First Affirmative Defense – Failure to State a Cause of Action

124.    Each purported cause of action in the First Amended Complaint fails to state facts sufficient to constitute a cause of action against DEFENDANTS.

### Second Affirmative Defense – Statutes of Limitations

125.    Each cause of action in the First Amended Complaint is barred by the applicable statutes of limitations.

### Third Affirmative Defense – Equitable Estoppel

126.    Each cause of action in the First Amended Complaint is barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense – Unclean Hands

127.    Each cause of action in the First Amended Complaint is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense – Laches

128.    Each cause of action in the First Amended Complaint is barred by the doctrine of laches.

### Sixth Affirmative Defense – Waiver

129.    Each cause of action in the First Amended Complaint is barred by the doctrine of

Fenwick & West LLP
Attorneys At Law
Mountain View

waiver.

### Seventh Affirmative Defense – Promissory Estoppel

130.    Each cause of action in the Amended Complaint is barred by the doctrine of promissory estoppel.

### Eighth Affirmative Defense – Failure to Do Equity

131.    Each cause of action in the First Amended Complaint is barred by reason of Plaintiff's failure to do equity in the matters alleged in the First Amended Complaint.

### Ninth Affirmative Defense – Acquiescence

132.    Each cause of action in the First Amended Complaint is barred by the doctrine of acquiescence.

### Tenth Affirmative Defense – Lack of Originality

133.    The first cause of action, for copyright infringement, is barred for lack of originality.

### Eleventh Affirmative Defense – Invalidity of Copyright Registration

134.    The first cause of action, for copyright infringement, is barred because its copyright registration is invalid.

### Twelfth Affirmative Defense – License

135.    The first cause of action, for copyright infringement, is barred by the existence of an express or implied license.

### Thirteenth Affirmative Defense – Adequate Remedy at Law

136.    The fifth cause of action in the First Amended Complaint, for equitable accounting and imposition of a constructive trust, is barred because the injury or damage suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages and therefore is not entitled to seek equitable relief.

### Fourteenth Affirmative Defense – Mootness

137.    Plaintiff's request for injunctive relief is moot.

### Fifteenth Affirmative Defense – Failure to Mitigate

138.    Netbula has failed, and continues to fail, to act reasonably to mitigate the damages

Fenwick & West LLP
Attorneys At Law
Mountain View

1    alleged in this action.

2    ### Sixteenth Affirmative Defense – Lack of Subject Matter Jurisdiction

3        139.    The Court lacks subject matter jurisdiction over this action.

4    ### Seventeenth Affirmative Defense – Contract Requiring Arbitration

5        140.    Each cause of action in the First Amended Complaint is barred because of the

6    existence of a contract between STORAGETEK and Netbula requiring arbitration of claims

7    arising thereunder.

8    ### Eighteenth Affirmative Defense – Novation

9        141.    The second cause of action for breach of contract is barred by novation.

10

11   WHEREFORE, Defendants Storage Technology Corporation and Sun Microsystems, Inc. both

12   pray for judgment on the First Amended Complaint as follows:

13       1.    That Netbula, LLC take nothing by its First Amended Complaint;

14       2.    That the First Amended Complaint be dismissed with prejudice;

15       3.    For costs of suit, including reasonable attorneys' fees; and

16       4.    For such other and further relief as this Court may deem just and proper.

17

18   Dated: January 29, 2007                    FENWICK & WEST LLP

19

20                                              By:_____/S/_____
                                                        Jedediah Wakefield

21
                                                Attorneys for Defendant
22                                              STORAGE TECHNOLOGY
                                                CORPORATION and
23                                              Defendant/Counterclaimant SUN
                                                MICROSYSTEMS, INC.

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## DEMAND FOR JURY TRIAL

2      Defendant Storage Technology Corporation and Defendant-Counterclaimant Sun

3 Microsystems, Inc. hereby demand a trial by jury on all claims and issues in the First Amended

4 Complaint so triable.

5

6 Dated: January 29, 2007                          FENWICK & WEST LLP

7

8                                            By:  _____/S/_____

9                                                      Jedediah Wakefield

10                                           Attorneys for Defendant STORAGE
                                             TECHNOLOGY CORPORATION AND
11                                           Defendant/Counterclaimant SUN
                                             MICROSYSTEMS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO FAC                          20                         C-06-07391-BZ

1

## <u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4

5  Dated: January 29, 2007                    FENWICK & WEST LLP

6

7                                        By:      _____/S/_____

8                                                    Jedediah Wakefield

9                                        Attorneys for Defendant STORAGE
                                         TECHNOLOGY CORPORATION AND
                                         Defendant/Counterclaimant SUN
10                                       MICROSYSTEMS, INC.

11
   25689/00400/LIT/1262193.2
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED ANSWER AND AFFIRMATIVE                    21                    C-06-07391-BZ
DEFENSES TO FAC

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW