1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
5  FENWICK & WEST LLP
   555 California Street, Suite 1200
6  San Francisco, CA 94104
   Telephone: (415) 875-2300
7  Facsimile: (415) 281-1350

8  Attorneys for Defendants
   STORAGE TECHNOLOGY CORPORATION,
9  SUN MICROSYSTEMS, INC., EMC CORPORATION
   and DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-06-07391-MJJ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION** |

DEFENDANTS' OPPOSITION TO MOTION
TO ENLARGE TIME

CASE NO. C-06-07391-MJJ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Five months ago, on May 8, 2007, the Court set a hearing date for dispositive motions on the first phase of this proceeding for November 27.  *See* Docket No. 50.  Defendants proceeded to prepare their case on that basis, and filed their motion for summary judgment on copyright claims or summary adjudication of issues 35 days before the Court-specified date.  *See* Docket No. 63.  Now, only after Defendants' filed their motion, Netbula seeks to reschedule it and obtain more time to respond.  Netbula presents no good cause to disturb this Court's schedule.

Plaintiff's first justification for an extension is that its counsel has filed a motion to withdraw.  But neither counsel nor client has any right, at the critical point in long scheduled proceedings, to unilaterally reset the schedule by this request.  All lawyers practicing in this Court know that appearing on behalf of a client binds them to serve until relieved by Court order.  Civ. L.R. 11-5(a) ("Counsel may not withdraw from an action until relieved by order of Court . . . .").  Counsel Vonnah Brillet's motion to withdraw as counsel is scheduled to be heard on November 20, 2007.[1]  *See* Docket No. 59.  It is far from clear that the motion will be granted.  Netbula has not identified any other counsel to appear on its behalf, and it is axiomatic that such a business entity cannot participate in litigation without counsel.  *See D-Beam, Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney."); *see also* Civ. L.R. 3.9(b).  Withdrawal would necessarily have to wait until substitute counsel appeared for Netbula.

Meanwhile, hearing of the motion to withdraw is on November 20, two weeks <u>after</u> the deadline for Netbula's opposition to the motion for summary judgment.  A desire to change counsel late in the proceedings does not excuse filing a timely opposition to a dispositive motion.  Ms. Brillet has been Netbula's counsel of record throughout this case, has participated at every deposition, and is presumably familiar with the relevant facts and law necessary to file a response.

Second, Netbula asserts that its counsel is too busy to prepare a response on the schedule

---

[1] Defendants oppose this motion for the reasons stated in their forthcoming opposing brief, to be filed according to the set briefing schedule on or before October 30, 2007.

DEFENDANTS' OPPOSITION TO MOTION TO ENLARGE TIME         -1-         CASE NO. C-06-07391-MJJ

1  set last May. Defendants would, and did, extend the professional courtesy of attempting to
2  accommodate counsel's schedule. When Netbula's counsel asserted that she had conflicts with
3  the Court's scheduled hearing date of November 27, Defendants' counsel advised that they could
4  not *accelerate* the filing of their motion at the last minute, but offered to agree to a November 20
5  hearing date, as long as Netbula, who was requesting the last-minute change, absorbed the impact
6  on the briefing schedule. *See* Sieber Decl. in Support of Opp. to Motion to Enlarge Time ("Sieber
7  Decl.") ¶ 5, Ex. C. Plaintiff did not accept this schedule, and did not approach the Court for relief
8  from the Court's scheduling order in the following weeks, until *after* Defendants filed their
9  summary judgment motion. The reality here is that the requested extension is to avoid having to
10 file any opposition and, by doing so, to continue the dispositive motions that are ripe for decision.
11     These facts reflect an opportunistic effort to delay the proceedings, if not outright
12 gamesmanship. They do not explain why Netbula should enjoy the benefit of derailing the Court-
13 set hearing date or have additional weeks to respond to Defendants' summary judgment motion.[2]
14 More fundamentally, there is nothing to explain why Netbula's counsel, who will remain counsel
15 of record for almost another four weeks and is well-versed in the facts and legal issues in this
16 case, should be relieved of her professional obligations to her client and the court, especially
17 when this request would benefit her client to the detriment of opposing parties.

18 **II.    ARGUMENT**

19     With these facts and general principles in mind, Defendants now turn to the specific
20 factors identified in the Local Rules for determining whether to enlarge time, as already set forth
21 in Netbula's motion. Defendants submit that these factors strongly favor denial of the motion.

22     **A.    The Reasons for Requested Enlargement**

23     The only explanation Ms. Brillet offers regarding her desire to stop acting on behalf of her
24 client is that she "is a sole practitioner [who] will be unable to prepare an opposition in time to
25 file," even though she has long been aware of the schedule for hearing dispositive motions. *See*
26 Motion to Enlarge Time p.4:20-22. Such unexplained inability to comply with longstanding

---

[2] There is no question that Netbula's proposal would require to vacate its earlier deadline for hearing on summary judgment, because under its proposed schedule, Netbula's opposition would be filed only one week before the November 27 hearing date.

DEFENDANTS' OPPOSITION TO MOTION TO ENLARGE TIME    -2-    CASE NO. C-06-07391-MJJ

1  obligations provides no justification, especially when tendered in conjunction with a motion to
2  withdraw.  Courts are rightly skeptical of claims for relief based on attorneys' purported inability
3  to act in a timely manner.  *See, e.g.*, *Caldwell v. Methodist Hosp.*, 24 Cal. App. 4th 1521, 1525
4  (1994) (denying relief from judgment; to the extent counsel, a sole practitioner, "intends to imply
5  that he was too busy to file a motion sooner, that is not a sufficient justification").

6  Moreover, the Local Rule requires that reasons for the requested enlargement be "[s]et[]
7  forth with particularity."  *See* Civ. L.R. 6-3(a)(1).  Ms. Brillet's suggestion that she is "unable" to
8  prepare the brief that was scheduled in May is not supported by any facts allowing the Court to
9  determine whether her other responsibilities are so grave that they require the relief Netbula
10 seeks.  *See* Brillet Decl. ¶ 7.  The fact that this "inability" is coupled with a motion to withdraw –
11 which itself is designed to enable Netbula to appear *pro se* in this matter if the Court reschedules
12 the summary judgment hearing, *see infra* – belies the suggestion that it is any press of business
13 that motivates the request for extension.

14 **B.    Efforts to Obtain a Stipulation**

15 Ms. Brillet's reference to the supposed refusal of Defendants' counsel "to change the
16 court date" is a red herring.  *See* Brillet Decl. ¶ 8.  On October 1, 2007, Ms. Brillet filed a "notice
17 of unavailability" stating that she would not be available on over 35 business days in the months
18 of October, November and December, including both November 20 and 27 – the last two possible
19 dates for hearing on the summary judgment motion. *See* Sieber Decl. ¶ 3 & Ex. B.[3]  The practical
20 effect of Ms. Brillet's notice was that Defendants would have been forced to file any dispositive
21 motion two weeks earlier than the schedule set by the Court, <u>and to prepare that motion to file</u>
22 <u>within eight days of her notice</u>.  Defendants had no obligation to go along with Netbula's
23 unilateral attempt to change the schedule set by the Court to their prejudice.  When Defendants
24 proposed an alternative briefing schedule that would allow them to file their moving papers by the
25 schedule set by the Court, requiring Netbula to shoulder the burden caused by Ms. Brillet's
26 purported unavailability, Netbula did not accept.  *See* Sieber Decl. ¶ 5 & Ex. D.

27 [3] A week later, on October 8, Ms. Brillet indicated that she would be available for hearing on November 20.  *See*
   Sieber Decl. ¶ 4 & Ex. C.  Defendants are at a loss to explain this e-mail:  By that point Ms. Brillet had already told
28 Defendants' counsel that she would seek to withdraw from the case, and Netbula filed such a motion two days later.

DEFENDANTS' OPPOSITION TO MOTION         -3-                          CASE NO. C-06-07391-MJJ
TO ENLARGE TIME

1   The point goes deeper than this – had Defendants filed their summary judgment motion on October 9 or October 16 in order to conform to Ms. Brillet's unavailability, <u>under its logic, Netbula would still have filed a motion to enlarge time to respond to that earlier motion</u>. This is evident from the position Netbula and Ms. Brillet now take – that because Ms. Brillet has filed a motion to withdraw, she is not obligated to file any further documents on behalf of her client, even though the withdrawal motion has not yet been heard, much less granted. Under any other briefing schedule permitted by Ms. Brillet's "unavailability," Netbula's opposition would still be due after the Motion for Withdrawal was filed but before resolution of that motion.

### C. Harm Absent Enlargement of Time / Prejudice to Defendants

Ms. Brillet's statement that "plaintiff would suffer considerable prejudice . . . without adequate time to secure alternate counsel," *see* Brillet Decl.¶ 8, presupposes that Netbula does not have a lawyer now. This is not the case. Ms. Brillet is counsel in this matter. She is fully schooled in this case. Self-inflicted harm – in this case, by not considering the Court's briefing schedule, or by not seeking to withdraw until after summary judgment motions were filed – cannot be cognizable harm. Defendants also fail to understand how "alternate counsel" could possibly become more prepared than Ms. Brillet to prepare an opposition before Netbula's proposed date, when Ms. Brillet has been counsel of record for almost one year. To the contrary, the proposal to wait for new counsel to appear and get up to speed is a proposal to completely derail the current schedule.

Further, it should not be lost on anyone that this motion to enlarge time is part and parcel of an effort by Netbula and its principal to jettison Netbula entirely as a party to the copyright claims, and to replace it with Netbula's principal, Don Yue, acting *pro se*. On September 26, 2007, Netbula assigned to Dr. Yue the copyrights upon which Netbula had been pursuing several different lawsuits to Dr. Yue. Netbula then relied upon that assignment in its Motion to Substitute Parties to replace Netbula as party-plaintiff with Dr. Yue. *See* Docket No. 57 [Brillet Declaration in Support of Motion to Substitute ¶ 2 & Ex. A]. Netbula's counsel subsequently acknowledged that this assignment was motivated by Dr. Yue's desire to represent himself in this action. *See* Declaration of Jedediah Wakefield in Support of Opposition to Motion to Lengthen

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO MOTION TO ENLARGE TIME         -4-         CASE NO. C-06-07391-MJJ

1  Time ¶ 2.  Indeed, on October 22, 2007, Dr. Yue filed *pro se* a purported "Motion to Intervene
2  and Join as Plaintiff for Injunctive Relief and Copyright Impoundment," seeking a preliminary
3  injunction and "impoundment" from all Defendants, relief at most available to Netbula, the
4  plaintiff in this action.  *See* Docket No. 68.[4]

5  Such attempts to circumvent the well-established rule that business entities such as
6  Netbula may appear in court only through counsel have been resoundingly rejected.  *See U.S. v.*
7  *High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("[t]o allow a sole shareholder with
8  interests identical to the corporation's to intervene . . . would eviscerate" the rule requiring
9  representation by counsel); *see also, e.g.*, *Jacobs v. Patent Enforcement Fund*, 230 F.3d 565, 569
10 (2nd Cir. 2000) (abuse of discretion to permit sole officer to intervene on corporation's behalf).

### D. Previous Time Modifications

There have been no previous time modifications in this action.  Sieber Decl. ¶ 6.

### E. Effect of Modification on Schedule for the Case

The Court set the November 27 deadline for hearing on dispositive motions long ago in an effort to streamline the case by pushing to the fore the dispositive issue of Defendants' license defense. Netbula's proposed enlargement of time would necessarily require the Court to continue the hearing date well into December.  In reality, the delay would likely be much longer, since Netbula must locate new counsel and then that counsel must get up to speed.  There is no basis for excusing Netbula from its failure to consider relevant deadlines in conducting this case.

Dated: October 26, 2007

Respectfully,

FENWICK & WEST LLP

By: /S/
Laurence F. Pulgram

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION,
SUN MICROSYSTEMS, INC., EMC CORPORATION,
and DARDEN RESTAURANTS, INC.

---

[4] Dr. Yue's personal motion follows some ten months after Magistrate Judge Zimmerman declined to grant Netbula's request for a TRO, during which time Netbula has never mentioned preliminary relief.  *See* Docket No. 18 [Transcript].  Moreover, StorageTek and Sun have long since replaced the Netbula code of which this lawsuit complains, so there is nothing conceivably to enjoin.  *See* Docket No. 65 [Declaration of M. Abramovitz ¶¶ 9-10].

DEFENDANTS' OPPOSITION TO MOTION TO ENLARGE TIME         -5-         CASE NO. C-06-07391-MJJ