

LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION,
SUN MICROSYSTEMS, INC., EMC CORPORATION
and DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NETBULA, LLC, a Delaware limited
liability company,

                Plaintiff,

      v.

STORAGE TECHNOLOGY
CORPORATION, a Delaware corporation;
SUN MICROSYSTEMS, INC., a Delaware
corporation; INTERNATIONAL
BUSINESS MACHINES
CORPORATION, a New York
corporation; EMC CORPORATION, a
Massachusetts corporation; VERITAS
SOFTWARE CORPORATION, a
Delaware corporation; DARDEN
RESTAURANTS, INC., a Florida
corporation; and DOES 1-100, inclusive,

                Defendants.

Case No.  C-06-07391-MJJ

**DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF FOR
CONSIDERATION OF DECLARATION OF
MICHAEL MELNICK IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT**

Dept:    Courtroom 11
Judge:   The Honorable Martin J. Jenkins

/ / /

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' ADMIN. MOTION FOR
CONSIDERATION OF MELNICK DECL.

CASE NO.  C-06-07391-MJJ

1       Pursuant to Civil Local Rule 7-11, Defendants Storage Technology Corporation

2  ("StorageTek"), Sun Microsystems, Inc. ("Sun"), EMC Corporation ("EMC"), Darden

3  Restaurants, Inc. ("Darden") (collectively "Defendants") hereby submit this Motion for

4  Administrative Relief to request consideration of the Declaration of Michael Melnick in Support

5  of Defendants' Motion for Summary Judgment ("Melnick Declaration") [Docket No. 67.]. Mr.

6  Melnick's motion was filed 8 hours after the scheduled time for filing papers in support of

7  Defendants' motion for summary judgment.  While Defendants regret that the Melnick

8  Declaration could not be filed a few hours earlier, Defendants' respectfully submit that the

9  Court's consideration of that supporting document would aid the Court's ability to adjudicate on

10  the merits of the motion and would not prejudice Plaintiff.

11  **Factual Background**

12       This Court set November 27, 2007 as a hearing date for dispositive motions on license

13  issues. [Docket No. 51.] On October 23, 2007, thirty-five days before that hearing date,

14  Defendants filed a motion for summary judgment/adjudication, as well as supporting declarations

15  and a proposed order. [Docket Nos. 63-66.] One other declaration, the Melnick Declaration, was

16  filed early the next morning, on or about 8:16 A.M. [Docket No. 67.] The reason for the delay in

17  filing the Melnick Declaration is because Mr. Melnick was not accessible by telephone or e-mail

18  during the afternoon or evening of October 23, 2007. Declaration of Liwen Mah ("Mah Decl.")

19  ¶ 2. While he was familiar with the general content of the declaration, he was unable to review

20  and endorse the actual text until approximately 7:30 A.M. on October 24, 2007. *Id.* Thus his

21  declaration could not be filed with the other summary judgment motion papers. As soon as

22  practicable on October 24, 2007, Mr. Melnick promptly provided his concurrence in filing his

23  declaration.

24       The Melnick Declaration consists of two pages of testimony regarding the licensing

25  arrangements between Defendants and Plaintiff, plus exhibits. Specifically, the Melnick

26  Declaration includes—as Exhibits 1 and 2—copies of the two license agreements that are at the

27  heart of this case, and which Plaintiff produced. Those license agreements are not new.  They

28  have been filed with the Court previously on multiple occasions, including by Plaintiff in its

FENWICK & WEST LLP
ATTORNEYS   AT LAW
SAN FRANCISCO

1    request for a TRO and by Defendants as Exhibits A and B to the Joint Case Management

2    Conference Statement. [Docket Nos. 7, 45.] In addition, separate copies of those license

3    agreements were also timely submitted with the summary judgment motion as Exhibits 8 and 9 to

4    the Declaration of Jedediah Wakefield, in that these agreements were the subject of testimony by

5    Netbula's principal at the 30(b)(6) deposition of Netbula. [Docket No. 64.] Defendants'

6    memorandum in support of their motion for summary judgment refers to specific pages of

7    Exhibits 1 and 2 to the Melnick Declaration, but those same pages are, of course, also available in

8    the Exhibits to the Wakefield Declaration.

9         The Melnick Declaration also includes—as Exhibits 3 and 4—copies of two pages of

10   correspondence between Plaintiff and Mr. Melnick. These two exhibits are also nothing new—

11   they are copies of documents that Plaintiff itself produced in this litigation.

12   **Argument**

13        A court has inherent power to control its docket with economy of time and effort for both

14   the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936); *Ferdik v.*

15   *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Courts in this district frequently consider untimely

16   filings in the interest of justice where there is negligible prejudice to other parties. *See, e.g.,*

17   *Brayton Purcell LLP v. Recordon & Recordon*, 487 F. Supp. 2d 1124, 1127 (N.D. Cal. 2007)

18   (considering an opposition filed "only a few days late" because there was no prejudice to the

19   other party); *Gong v. City of Alameda*, 2007 U.S. Dist. LEXIS 8485, at *12 (N.D. Cal. 2007)

20   (considering an opposition filed a day late because there was no prejudice and because of "the

21   Court's preference to decide matters on the merits"); *Carrizosa v. Stassinos*, 2006 U.S. Dist.

22   LEXIS 41137, at *3 n.1 (N.D. Cal. 2006) (granting motion for consideration of a late reply that

23   caused no undue prejudice). This consideration is consonant with the Ninth Circuit's "strong

24   preference" that cases be tried on their merits. *Jones v. Tozzi*, 2006 U.S. Dist. LEXIS 5755, at *12

25   (E.D. Cal. 2006) (citing *Pena v. Seguros La Comercial*, S.A., 770 F.2d 811, 814 (9th Cir. 1985)

26   and denying motion to strike an opposition filed two days late).

27        The mere fact of a tardy filing does not inherently prejudice the other party. *See Cai v.*

28   *Fishi Cafe, Inc.*, 2007 U.S. Dist. LEXIS 73764, at *2 n.2 (N.D. Cal. 2007). In *Cai*, the defendants

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    requested that the court disregard an opposition and declaration that plaintiff filed seventeen

2    hours after deadline. *Id.* Plaintiff did not respond to this objection or explain the reason for the

3    delay, yet the court declined to strike the opposition and declaration since Defendants showed no

4    prejudice. *Id.*

5         Here, there was even less of a delay in filing than in *Cai. See id.* The Motion and all

6    papers other than the Melnick Declaration were filed shortly before midnight on October 23,

7    2007.  The Melnick Declaration was served and filed within nine hours later. *See* [Docket

8    No. 67.] Because the declaration was filed and served on Plaintiff first thing in the morning on

9    October 24, 2007, there is no possible prejudice to Plaintiff in light of the fact that Plaintiff has

10   until November 6, 2007 to file any opposition.

11        Furthermore, since the exhibits were licenses or correspondence to which Plaintiff was a

12   party, Plaintiff cannot reasonably claim to be unfairly surprised by the introduction of these

13   exhibits. After all, these are documents that were well within Plaintiff's awareness, since Plaintiff

14   produced them. Mah Decl. ¶ 3. Accordingly, the authenticity and relevance of the documents

15   appears to be undisputed, and there is no substantive reason to exclude them from consideration.

16        Also, Mr. Melnick was previously deposed in this action as a 30(b)(6) witness for Sun.

17   *Id.* ¶ 4.  His very brief and limited testimony thus cannot be a surprise to Plaintiff either.  Indeed,

18   the sum and substance of that testimony was included in the Memorandum of Points and

19   Authorities that was timely filed, providing full notice of his testimony filed about eight hours

20   later.

21        Indeed, it is hard to see how the timing of the Melnick Declaration filing could hinder

22   Plaintiff's ability to complete an opposition within two weeks. Even where a party has filed

23   major, substantive papers several days late, the other party has still been required to show

24   prejudice before the court declines to consider them. *See, e.g.*, *Recordon*, 487 F. Supp. 2d at 1127.

25   Not only is there no prejudice here, but the untimely filing is simply a supporting paper, not the

26   main argument. *See Carrizosa*, 2006 U.S. Dist. LEXIS 41137, at *3 n.1 (allowing reply); *Gong*,

27   2007 U.S. Dist. LEXIS 8485, at *12 (allowing opposition).

28        Nevertheless, to the extent that any prejudice were shown and the Court concluded it was

Fenwick & West LLP
Attorneys At Law
San Francisco

1  appropriate, Defendants would not oppose this Court's granting Plaintiff a commensurate number

2  of hours to file any opposition to Defendants' motion for summary judgment/adjudication.

3      With respect to economy of time and effort, declining to consider the Melnick Declaration

4  makes no sense. Defendants' summary judgment brief is most easily read with the license

5  references and pin citations  to Exhibits 1 and 2 of the Melnick Declaration rather than to

6  Mr. Wakefield's.

7      By no means are Defendants suggesting that parties should habitually file after deadlines,

8  and Defendants sincerely apologize for this slip. However, in this particular instance where

9  Plaintiff cannot demonstrate prejudice from this single declaration filed as soon as practicable, the

10  Court would simply hamper its ability fairly to adjudicate this case by excluding it.

11

12  **CONCLUSION**

13      For the foregoing reasons, Defendants respectfully request the Court approve

14  consideration of the Melnick Declaration.

15  Dated: October 26, 2007                Respectfully,

16                                         FENWICK & WEST LLP

17
                                           By: /S/
18                                         _____
                                                Laurence Pulgram
19                                         Attorneys for Defendants
                                           STORAGE TECHNOLOGY
20                                         CORPORATION, SUN MICROSYSTEMS,
                                           INC., EMC CORPORATION, and DARDEN
21                                         RESTAURANTS, INC.

22  25689/00400/LIT/1275423.2

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO



1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
5  FENWICK & WEST LLP
   555 California Street, Suite 1200
6  San Francisco, CA  94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  Attorneys for Defendants
   STORAGE TECHNOLOGY CORPORATION,
9  SUN MICROSYSTEMS, INC., EMC CORPORATION
   and DARDEN RESTAURANTS, INC.

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15  NETBULA, LLC, a Delaware limited        Case No.  C-06-07391-MJJ
    liability company,
16                                          **[PROPOSED] ORDER GRANTING
                  Plaintiff,                DEFENDANTS' MOTION FOR
17                                          ADMINISTRATIVE RELIEF FOR
           v.                               CONSIDERATION OF DECLARATION OF
18                                          MICHAEL MELNICK IN SUPPORT OF
    STORAGE TECHNOLOGY                       DEFENDANTS' MOTION FOR SUMMARY
19  CORPORATION, a Delaware corporation;    JUDGMENT**
    SUN MICROSYSTEMS, INC., a Delaware
20  corporation; INTERNATIONAL             Dept:     Courtroom 11
    BUSINESS MACHINES                        Judge:    The Honorable Martin J. Jenkins
21  CORPORATION, a New York
    corporation; EMC CORPORATION, a
22  Massachusetts corporation; VERITAS
    SOFTWARE CORPORATION, a
23  Delaware corporation; DARDEN
    RESTAURANTS, INC., a Florida
24  corporation; and DOES 1-100, inclusive,

25                Defendants.

26  / / /

27  / / /

28

Fenwick & West LLP
Attorneys At Law
San Francisco

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR ADMIN. RELIEF         CASE NO. C-06-07391-MJJ
FOR CONSIDERATION OF MELNICK DECL.

1    The Court having reviewed Defendants' Motion for Administrative Relief for

2   Consideration of the Declaration of Michael Melnick in Support of Defendants' Motion for

3   Summary Judgment, all papers filed in support and in opposition thereof, and all other matters on

4   file in this action and in the related case of *Netbula v. BindView Development Corp.*, Case No. 06-

5   0711-MJJ-WDB (N.D. Cal) (the "*BindView* case") and presented to the Court, and for good cause

6   showing, IT IS HEREBY ORDERED THAT:

7

8    1.    Defendants' Motion for Administrative Relief for Consideration of the Declaration

9   of Michael Melnick in Support of Defendants' Motion for Summary Judgment is GRANTED.

10

11    **IT IS SO ORDERED**.

12

13   Dated: _____          _____

14                                              The Honorable Martin J. Jenkins
                                                United States District Court Judge

15   25689/00400/LIT/1275474.1

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO