1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
5  FENWICK & WEST LLP
   555 California Street, Suite 1200
6  San Francisco, CA  94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  Attorneys for Defendants
   STORAGE TECHNOLOGY CORPORATION,
9  SUN MICROSYSTEMS, INC., EMC CORPORATION
   and DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  C-06-07391-MJJ<br><br>**DECLARATION OF LIWEN MAH IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR CONSIDERATION OF DECLARATION OF MICHAEL MELNICK IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

MAH DECL. ISO OF DEFENDANTS'
MOTION FOR ADMIN. RELIEF FOR                                                         CASE NO.  C-06-07391-MJJ
CONSIDERATION OF MELNICK DECL.

I, Liwen Mah, declare as follows:

1.  I am an attorney admitted to practice before this Court. I am an associate at the law firm of Fenwick & West LLP, counsel of record for Defendants Storage Technology Corporation, EMC Corporation, and Darden Restaurants, Inc. and Defendant and Counterclaimant Sun Microsystems, Inc. in this action. I have personal knowledge of the matters set forth herein and, if called upon, could and would testify competently thereto.

2.  On October 23, 2007, Defendants filed a motion for summary judgment/adjudication, supporting declarations of Jedediah Wakefield and Michael Abramovitz, and a proposed order for summary judgment/adjudication. The memorandum of points and authorities in support of the motion refers to a supporting declaration of Michael Melnick ("Melnick Declaration") and exhibits attached thereto. During the afternoon and evening of October 23, 2007, Fenwick & West attorneys found Mr. Melnick to be inaccessible by telephone, e-mail, or through his employer, Sun. Early on October 24, 2007, he reviewed the actual text of the declaration and concurred in its filing.

3.  I have reviewed the exhibits to the Melnick Declaration, documents produced by Plaintiff, and previous documents filed by Plaintiff and Defendants. Based on this review, it is my understanding that Plaintiff produced copies of the documents that are labeled as Exhibits 1 to 4 to the Melnick Declaration. It is also my understanding that the documents labeled as Exhibits 1 and 2 have been previously filed in this case as exhibits to Docket Nos. 7, 45, and 64. In addition, Dongxiao Yue appeared as a 30(b)(6) deponent on behalf of Plaintiff at our office in San Francisco on September 12, 2007. The documents labeled as Exhibits 1 and 2 to the Melnick Declaration were Exhibits 2 and 3 of that deposition.

4.  Mr. Melnick appeared as a 30(b)(6) deponent on behalf of Defendants in San Francisco on September 19, 2007.

5.  It is my understanding that although there is a pending motion by Plaintiff's counsel seeking permission to withdraw from representation in this case, *see* [Docket No. 59], that motion has not yet been heard and the Court has not granted permission for Plaintiff's counsel to withdraw. Further, it is my understanding that Plaintiff continues to be represented by

counsel. Nevertheless, Mr. Yue communicated directly with several Fenwick & West attorneys, including me, by e-mail on October 25, 2007. Among other things, he stated an intention to move to strike the Melnick Declaration and any filings referring to it, and he invited Defendants to withdraw their motion for summary judgment.

6. On October 26, 2007, with the understanding that Plaintiff is still represented, I repeatedly tried to contact Plaintiff's counsel and left voice and e-mail messages requesting her to call me back regarding a possible stipulation that the Court may consider the Melnick Declaration, notwithstanding the fact it was filed about eight hours into October 24, 2007. I did not hear back from Plaintiff's counsel, and we received no indication that Plaintiff would so stipulate. To the contrary, Mr. Yue again communicated directly with Fenwick & West attorneys, including me, on October 26, 2007, and stated, "As I indicated in my previous emails, *I* will move to strike Mike Melnick's declaration which was filed on October 24, 2007 (34 days before hearing date) as untimely, and move to strike any document filed by defendants referencing that declaration." (emphasis added). I understood Mr. Yue's communication as implying that Plaintiff would not stipulate that the Court may consider the Melnick Declaration.

7. Then, I again called Plaintiff's counsel to indicate Defendants' intention to file a Motion for Administrative Relief to approve consideration of the Melnick Declaration. I left a message asking her to call me if she thought that I had misconstrued Plaintiff's position on our proposed stipulation. As of the time of this filing, I had not heard from Plaintiff's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of October, 2007, at Berkeley, California.

/S/ LIWEN MAH
Liwen Mah

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION, SUN MICROSYSTEMS, INC., EMC CORPORATION, and DARDEN RESTAURANTS, INC.

MAH DECL. ISO OF DEFENDANTS' MOTION FOR ADMIN. RELIEF FOR CONSIDERATION OF MELNICK DECL. -3- CASE NO. C-06-07391-MJJ