1 | LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
2 | JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
3 | ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
4 | LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
5 | FENWICK & WEST LLP
555 California Street, Suite 1200
6 | San Francisco, CA 94104
Telephone: (415) 875-2300
7 | Facsimile: (415) 281-1350

8 | Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION,
9 | SUN MICROSYSTEMS, INC., EMC CORPORATION
and DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  C-06-07391-MJJ<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO VACATE HEARING ON NON-PARTY DONGXIAO YUE'S REQUEST FOR INJUNCTIVE RELIEF AND IMPOUNDMENT**<br><br>Dept:     Courtroom 11<br>Judge:    The Honorable Martin J. Jenkins |

DEFENDANTS' ADMIN. MOTION TO
VACATE HEARING ON YUE MOTION FOR
INJUNCTION AND IMPOUNDMENT

CASE NO.  C-06-07391-MJJ

1  Pursuant to Civil Local Rule 7-11, Defendants Storage Technology Corporation, Sun
2  Microsystems, Inc., EMC Corporation, Darden Restaurants, Inc. (collectively, "Defendants")
3  hereby request an order postponing briefing or consideration of the motion for preliminary
4  injunction and impoundment filed by Dongxiao Yue, a non-party to this action, on October 22,
5  2007. *See* Docket No. 307-08 [Motion of Third-Party [sic] Dongxiao Yue to Intervene and Join
6  as Plaintiff and for Injunctive Relief and Copyright Impoundment ("Yue Motion")].

**INTRODUCTION**

Dr. Yue's Motion seeks the sort of relief that, despite its lack of merit, requires a fulsome response. He demands an injunction and impoundment as a non-party to this action, despite the fact that Plaintiff Netbula has never itself sought such relief in the 10 months since Magistrate Judge Zimmerman declined to approve its request for a TRO. *See* Docket No. 18 [Reporter's Transcript of Proceedings Held December 5, 2006]. Defendants respectfully submit that this Court, its staff, and Defendants should be spared the burden of the Yue Motion until after it is first determined whether or not Dr. Yue is entitled to be a party to this action, and after decision on Defendants' summary judgment motion, which has long been scheduled to be heard on November 27, and which, if granted, will dispose of the copyright claims.

Plaintiff Netbula, LLC ("Netbula") has previously filed a Motion to Substitute Parties. Docket No. 56. That motion is scheduled to be heard on November 20. It seeks to substitute in Dr. Yue, Netbula's principal, as the party-plaintiff in this action, based on Netbula's purported transfer of copyrights to him for the purpose for allowing him to personally litigate portions of this action on a *pro se* basis.

However, there is a very substantial question whether Dr. Yue's effort to appear personally in this action should be indulged, in light of overwhelming authority condemning similar attempts to get around the requirement that business entities appear only through members of the Bar. And though Netbula's Motion to Substitute has not yet even been heard, much less granted, Dr. Yue now purports to require Defendants to prepare a substantive response to a motion for a preliminary injunction related to Netbula's pending copyright claim. There is no reason to force Defendants to undertake a costly opposition to a motion (1) brought by a non-

DEFENDANTS' ADMIN. MOTION TO
VACATE HEARING ON YUE MOTION FOR           -1-           CASE NO. C-06-07391-MJJ
INJUNCTION AND IMPOUNDMENT

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  party, (2) intending to circumvent clearly established federal law requiring appearance by

2  counsel, (3) seeking injunctive relief on a claim that that has pending for over ten months, (4)

3  where there is no evidence suggesting that there is conduct to enjoin or imminent harm, (5)

4  involving issues outside the bounds of the Initial Phase of this litigation; and (6) which in any

5  event may be rendered moot by legitimate motions long scheduled to be heard.  Under the

6  circumstances, the hearing on the Yue Motion's request for "Injunctive Relief and

7  Impoundment," and the deadlines for opposing and reply briefs related thereto, should be vacated,

8  subject to resetting after the Court determines whether or not Yue is entitled to become a party.[1]

## I.  FACTUAL BACKGROUND

### A.  The Hearing on Netbula's Application for a TRO

Plaintiff Netbula, LLC ("Netbula") filed an Application for a Temporary Restraining Order (TRO) along with its original complaint well over ten months ago, on December 4, 2006. *See* Docket Nos. 1-3.  Hearing on the TRO was heard the next day before Magistrate Judge Zimmerman.  *See* Docket No. 18 [Reporter's Transcript].  Netbula ultimately withdrew its motion in the face of Magistrate Judge Zimmerman's profound skepticism regarding the merits of the Application.  *See* Reporter's Transcript at pp.30:25-31:4.  Before Netbula's withdrawal, however, Magistrate Judge Zimmerman offered Netbula the opportunity to reappear later that month for hearing on a preliminary injunction.  *Id.* at p14:21-24 ("I can give you a hearing on a – running into the Christmas season, so mindful of that, but I can give you a hearing on a preliminary injunction towards the end of the month.").  He also instructed Netbula that

> [i]njunctions do not issue for past conduct, so if you want to come back . . .  for preliminary injunction or whatever, you're going to have to present me with some evidence there is some conduct that's anticipated on behalf of the defendants that I need to enjoin.

*Id.* at p.18:14-18.  Finally, he noted that because of the lateness of Netbula's copyright registration (filed more than five years after publication, and therefore at a time when no

---

[1] Defendants take no position with respect to proceeding with briefing and hearing on Dr. Yue's motion to intervene, but submit that the issue will be rendered moot no later than November 20, when this Court is scheduled to hear Netbula's Motion to Substitute.  Defendants will file their Opposition to the Motion to Substitute according to the regular briefing schedule, on or before October 30, 2007.

DEFENDANTS' ADMIN. MOTION TO
VACATE HEARING ON YUE MOTION FOR     -2-                    CASE NO.  C-06-07391-MJJ
INJUNCTION AND IMPOUNDMENT

1 presumption of validity attaches), Netbula would face burdens of proving validity often not
2 encountered by other copyright plaintiffs. *Id.* at pp.18:22-19:2. Netbula did not accept
3 Magistrate Judge Zimmerman's offer to schedule a hearing on a preliminary injunction later than
4 month, nor has it sought a preliminary injunction at any point thereafter.

### B. Netbula's Purported Assignment of Copyrights and Related Motions

On October 1, 2007, Netbula filed a Motion to Substitute Parties pursuant to Federal Rule of Civil Procedure 25(c), on the basis of a purported assignment of copyrighted works, including the copyright at issue in this litigation, from Netbula to Dr. Yue dated September 26, 2007. *See* Docket No. 56 [Netbula's Motion for Substitution of Party as to the Copyright Infringement Claim ("Motion to Substitute") at p.2:15-22]; Docket No. 57 [Declaration of Vonnah M. Brillet in Support of Motion to Substitute ("Brillet Decl.") ¶ 2 & Ex. A (attaching "Copyright Assignment," or the "Assignment")]. Hearing on this motion is scheduled for November 20.

Netbula's counsel subsequently acknowledged that the assignment – which on its face lacks any legitimate business purpose – was motivated by Dr. Yue's desire to represent himself in this action on a *pro se* basis. *See* Docket No. 76 [Declaration of Jedediah Wakefield in Support of Opposition to Plaintiff's Motion to Enlarge Time ¶ 2]. And, indeed, without even waiting for the Court to hear Netbula's Motion to Substitute, Dr. Yue has since personally filed two motions on a *pro se* basis, both based on this purported transfer – most notably for the purposes of this administrative request, the Yue Motion. *See* Docket Nos. 68-7; *see also Symantec* Docket Nos. 307 [Third Party [sic] Dongxiao Yue's Motion to Intervene and Enforce Protective Order at pp.8:1-3, 8:23-9:8].

## II. ARGUMENT

A court has inherent power to control its docket with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Netbula has filed a Motion to Substitute that is scheduled to be heard on November 20. That motion – and not Dr. Yue's unilateral supposition that he has already replaced Netbula as plaintiff in this action – will decide whether Dr. Yue is entitled to assert claims and relief that were pleaded by Netbula.

DEFENDANTS' ADMIN. MOTION TO
VACATE HEARING ON YUE MOTION FOR         -3-                    CASE NO. C-06-07391-MJJ
INJUNCTION AND IMPOUNDMENT

1    In fact, in circumstances such as those present here, where a company principal attempts
2 to subvert the rule against *pro se* corporate appearances through assignments or other procedural
3 maneuvers, authorities strongly suggest that the individual has no right to continue such an action.
4 *See, e.g.*, *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993);
5 *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd Cir. 2007); *Jacobs v. Patent Enforcement Fund,*
6 *Inc.*, 230 F.3d 565, 569 (2nd Cir. 2000); *HomeBingo Network, Inc. v. Cadillac Jack, Inc.*, Case
7 No. 05-0701-WS-B, 2006 U.S. Dist. LEXIS 87502, at *10-*12 (S.D. Ala. Nov. 29, 2006). While
8 Defendants will fully address this issue in their substantive opposition to Netbula's Motion to
9 Substitute Parties, suffice it to for now to say that there is substantial question whether Dr. Yue
10 has any right to appear.

11    Dr. Yue nevertheless purports to require Defendants to undertake to defend against a
12 motion seeking extraordinary equitable relief (including a preliminary and permanent injunction
13 and impoundment). The prejudice to Defendants (and the Court) of this approach are readily
14 apparent: both must devote substantial time to serious issues of preliminary relief that most likely
15 will never need to be addressed if Dr. Yue is not allowed to intervene.

16    Conversely, Dr. Yue will suffer no prejudice if the hearing on the Yue Motion awaits
17 determination in an orderly manner. First, Dr. Yue has still not produced any evidence to
18 controvert was has long been established: there is no continuing conduct to enjoin, as Sun
19 removed the Netbula code from the products it distributed in **November, 2005**. *See* Docket No.
20 13 [Declaration of Michael Abramowitz in Support of Opposition to Application for Temporary
21 Restraining Order ¶ 3] Docket No. 65 [Declaration of Michael Abramowitz in Support of
22 Defendants' Motion for Summary Judgment or Summary Adjudication ¶¶ 9-10]. Second, the
23 Yue Motion makes no effort to show *any* irreparable harm, much less intervening harm, that
24 would occur if hearing on it were postponed for several weeks. Indeed, the timing of Dr. Yue's
25 motion – ten months after denial of Netbula's TRO application, and set for hearing to coincide
26 with Defendants' Motion for Summary Judgment – suggests it was not motivated by any sudden
27 need for immediate resolution.

28    Furthermore, the Yue Motion necessarily requires examination of matters that go beyond

DEFENDANTS' ADMIN. MOTION TO
VACATE HEARING ON YUE MOTION FOR     -4-     CASE NO. C-06-07391-MJJ
INJUNCTION AND IMPOUNDMENT

the Initial Phase of discovery (limited to the license and contract issues) including the validity of the copyright at issue, validity which is *not* presumed here, as Magistrate Judge Zimmerman noted. *See* 17 U.S.C. § 410(c); *Martha Graham Sch. & Dance Found.*, *Inc. v. Martha Graham Center for Contemporary Dance*, 224 F. Supp. 2d 567, 586 (S.D.N.Y. 2002) (declining to assume copyright validity where works published more than five years prior to registration"), *rev'd in non-relevant part*, 380 F.3d 624 (2nd Cir. 2004). There is no reason that Dr. Yue, acting with disregard for procedural rules, should be permitted to undue the Court's attempt to streamline the case, reached during a case management conference convened with competent counsel.

Finally, the Court should be aware that Dr. Yue has expressed his intention of continue to file before this Court motions that may be brought only by Netbula. *See* Docket No. 79 [Declaration of Liwen Mah in Support of Motion to Consider Melnick Declaration ¶ 6]. These motions, all of which represent Dr. Yue's attempt to circumvent the counsel requirement, result in needless additional burdens for both Defendants and the Court. Granting this request vacating the date of hearing on Dr. Yue's motion would – hopefully – help rein in this process run amok.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for administrative relief and order that Defendants need not respond to Dr. Yue's Motion of Third-Party [sic] Dongxiao Yue to Intervene and Join as Plaintiff and for Injunctive Relief and Copyright Impoundment, to the extent it seeks anything other than to intervene in this action, and that no argument relating to Dr. Yue's claims for relief will be heard at hearing on November 27, 2007, or until set by order of the Court.

Dated: October 26, 2007

Respectfully,

FENWICK & WEST LLP

By: /S/
Laurence Pulgram

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION, SUN MICROSYSTEMS, INC., EMC CORPORATION, and DARDEN RESTAURANTS, INC.

DEFENDANTS' ADMIN. MOTION TO VACATE HEARING ON YUE MOTION FOR INJUNCTION AND IMPOUNDMENT        -5-        CASE NO. C-06-07391-MJJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' ADMIN. MOTION TO
VACATE HEARING ON YUE MOTION FOR      -6-      CASE NO. C-06-07391-MJJ
INJUNCTION AND IMPOUNDMENT