Dr. DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:   (510) 396-0012
Facsimile:   (510) 291-2237
E-Mail:      ydx@netbula.com

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Case No. C06-07391-MJJ<br><br>**INTERVENOR DONGXIAO YUE'S OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR CONSIDERATION OF DECLARATION OF MICHAEL MELNICK IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Dept: Courtroom 11<br>Judge: The Honorable Martin J. Jenkins |

On October 26, 2007, Defendants Storage Technology Corporation ("StorageTek"), Sun Microsystems, Inc. ("SUN"), EMC Corporation ("EMC"), Darden Restaurants, Inc. ("DARDEN") [collectively, "Defendants"] filed a Motion for Administrative Relief for Consideration of Declaration of Michael Melnick ("Motion for Consideration"). Dr. Dongxiaio Yue ("Dr. Yue"), Intervenor, opposes Defendants' Motion for Consideration for the reasons below:

(1) Defendants' Motion for Consideration was improper;

(2) Michael Melnick's declaration was untimely filed and Defendants cannot demonstrate excusable neglect;

-1-

1  (3) Defendants' Motion for Summary Judgment is invalid on its face.

## BACKGROUND

On May 15, 2007, the Court set the last date for hearing dispositive motions at November 27, 2007. Docket No. 51.

On October 22, 2007, Dr. Yue filed a Motion to Intervene and for Injunctive Relief and Copyright Impoundment. Docket No. 68.

On October 23, 2007, sometime after 11:00 pm, Defendants filed their motion for summary judgment or summary adjudication scheduled for hearing on November 27, 2007. Defendants' motion, signed by Jedediah Wakefield, states the following:

> The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of Motion for Summary Judgment, the Declaration of Jedediah Wakefield ("Wakefield Decl."), the Declaration of Michael Melnick ("Melnick Decl."), the Declaration of Michael Abramovitz ("Abramovitz Decl."), the papers, records, and pleadings on file herein, and on such argument of counsel as the Court may allow.

Docket No. 63, pp.1:23-2:3. However, Defendants did not file the Declaration of Michael Melnick on October 23, 2007.

In the morning of October 24, 2007, after 8:00AM Pacific Time, Defendants filed the Declaration of Michael Melnick. October 24, 2007 was 34 days before the hearing date, and one day after the deadline of filing dispositive motions.

On October 25, 2007, Mr. Laurence Pulgram, defense counsel, emailed Dr. Yue, alleging that Dr. Yue's Motion to Intervene was untimely and asked him to stipulate to a withdrawal or delay of the motion for injunctive relief. In response, Dr. Yue contended that Defendants' motion for summary judgment was clearly untimely and asked Defendants to withdraw their motion.

On October 26, 2007, Defendants filed the Motion for Consideration, alleging that the untimely filing of Melnick Declaration was due to their inability to locate Mr. Melnick in the

-2-

afternoon and evening of October 23, 2007.

## ARGUMENT

### 1. Defendants' Motion for Consideration is procedurally improper

Defendants made an untimely filing. The situation Defendants encounters is governed by FRCP 6(b)(2) and the corresponding local rules. The proper remedy for Defendants' untimely filing is a "motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." FRCP 6(b)(2).

Instead, Defendants filed a motion for administrative relief, which covers the following types of matters:

> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, *not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge.*

Civil L.R. 7-11 (emphasis added).

Since the relief Defendants sought was governed by FRCP 6(b)(2) and corresponding local rules, their Motion for Administrative Relief is procedurally improper.

### 2. Defendants cannot demonstrate excusable neglect required by FRCP 6(b)(2)

When a party files an untimely motion, it essentially deprives the Court jurisdiction to hear that motion. Under FRCP 6(b)(2), the only remedy available for a party is to file a motion to enlarge time, with the required showing of "the failure to act was the result of excusable neglect." FRCP 6(b)(2).

The Ninth Circuit had a detailed analysis of what constitutes "excusable neglect" in *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994). In that case, "the district court found that counsel acted in good faith, that he had not demonstrated professional incompetence, and that Campbell Soup would not be prejudiced by allowing the time enlargement." *Id.* The Ninth Circuit reversed. It noted U.S. Supreme Court decision in *Pioneer Inv. Servs. v. Brunswick Assocs.*, 123 L. Ed. 2d

-3-

74, 113 S. Ct. 1489 (1993) and concluded that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 113 S. Ct. at 1496.

In the instant situation, Defendants had known the October 23, 2007 deadline for months, and they had months to have Michael Melnick prepare that two-page declaration with exhibits. Instead, they waited till the last minute and they claim they could not find Michael Melnick in the night of October 23, 2007. By common sense, such neglect is not excusable.

Defendants cited several cases to support their argument that their untimely filing should be considered. However, the cases they cited all dealt with opposition or reply briefs, not an opening motion. As discussed in *Kyle*, the untimely movant must demonstrate "excusable neglect" in order to be granted enlargement of time.

**3. Defendants' motion for summary judgment is invalid on its face**

Declaration of Liwen Mah in support of Defendant's Motion for Consideration states the following:

> On October 23, 2007, Defendants filed a motion for summary judgment/adjudication, supporting declarations of Jedediah Wakefield and Michael Abramovitz, and a proposed order for summary judgment/adjudication. The memorandum of points and authorities in support of the motion refers to a supporting declaration of Michael Melnick ("Melnick Declaration") and exhibits attached thereto. During the afternoon and evening of October 23, 2007, Fenwick & West attorneys found Mr. Melnick to be inaccessible by telephone, e-mail, or through his employer, Sun. Early on October 24, 2007, he reviewed the actual text of the declaration and concurred in its filing.

Declaration of Mah at ¶2, Docket No. 79.

In other words, when Mr. Wakefield filed the motion for summary judgment on October 23, 2007, he did not have a declaration that met the requirements of FRCP 56(e).

Defendants' motion for summary judgment should have truthfully stated the following:

> The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of Motion for

-4-

1  Summary Judgment, the Declaration of Jedediah Wakefield
2  ("Wakefield Decl."), a *Declaration prepared by Fenwick & West,
   LLP and yet to be reviewed and signed by Michael Melnick - who
3  is supposed to be the person with the required personal knowledge,*
   the Declaration of Michael Abramovitz ("Abramovitz Decl."), the
4  papers, records, and pleadings on file herein, and on such argument
   of counsel as the Court may allow.
5
6  Defendants' motion for summary judgment is invalid on its face and must be denied.

## CONCLUSION

For the foregoing reasons, Dr. Yue respectfully requests the Court to deny Defendants' Motion for Administrative Relief for Consideration of Declaration of Michael Melnick in Support of Defendants' Motion for Summary Judgment.

Dated:   October 30, 2007

By: _____
    Dongxiao Yue, Ph.D.

*Pro Se*