Dr. DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:   (510) 396-0012
Facsimile:   (510) 291-2237
E-Mail:      ydx@netbula.com

*Pro Se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC., a Delaware limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, et al.,<br><br>                Defendants. | Case No. C06-07391-MJJ<br><br>**INTERVENOR DONGXIAO YUE'S OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO VACATE HEARING ON NON-PARTY DONGXIAO YUE'S REQUEST FOR INJUNCTIVE RELIEF AND IMPOUNDMENT**<br><br>Dept: Courtroom 11<br>Judge: The Honorable Martin J. Jenkins |

On October 26, 2007, Defendants Storage Technology Corporation ("StorageTek"), Sun Microsystems, Inc. ("SUN"), EMC Corporation ("EMC"), Darden Restaurants, Inc. ("DARDEN") [collectively, "Defendants"] filed a Motion for Administrative Relief to vacate the hearing of a motion for injunctive relief and impoundment filed by Dongxiao Yue ("Dr. Yue", "Intervenor") ["Motion to Vacate Hearing"]. Docket No. 80. Dr. Yue opposes Defendants' Motion to Vacate Hearing for the reasons below and the facts established in his declaration in opposition filed concurrently:

(1) Defendants' Motion to Vacate was improper;

-1-

(2) Defendants' objections to Dr. Yue's Motion for Injunctive Relief are premature;

(3) Dr. Yue's interest is not identical to Netbula, LLC's interest;

(4) The Court should either deny Defendants' Motion to Vacate Hearing or disqualify Fenwick & West, LLP for making direct communications with Dr. Yue.

## ARGUMENT

### 1. Defendants' Motion to Vacate Hearing was improper

Civil Local Rule 7-11 states the following,

> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, *not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge*. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

Civil L.R. 7-11 (emphasis added).

Defendants' Motion to Vacate Hearing contains complex arguments on the merits of Intervenor's motion: timeliness, irreparable harm and mootness issues for injunctive relief, relevance to the first phase of litigation, whether Intervenor has the right to intervene, whether Intervenor is circumventing the rule against *pro se* representation of a corporation, etc. Defendants' Motion to Vacate Hearing, pp.2:27-3:8.

The six points raised by Defendants should be subjects of their opposition to Intervenor's properly scheduled motion. Intervenor moved under Federal Rules of Civil Procedure 24 (a), 65(c) and the Copyright Act. The substantive arguments Defendants raised are governed by the relevant federal statute, federal or local rules or standing order of the presiding judge. It is thus improper for Defendants to disguise their oppositions as a motion for administrative relief, which only affords the opposing party three working days to respond.

### 2. Defendants' objections to Dr. Yue's Motion for Injunctive Relief are premature

Defendants raised various objections to Dr. Yue's Motion for Injunctive Relief. These objections are premature. As Intervenor pointed out in his brief, under Ninth Circuit law, a copyright owner is entitled to a presumption of irreparable harm once he demonstrates a *prima facie* case of infringement. See *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999); *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 77 U.S.P.Q.2d 1560 (9th Cir. 2006). A defendant can then rebut the presumption of irreparable harm by showing unreasonable delay. Only then, the burden shifts to the copyright owner to overcome Defendants' rebuttal.

Intervenor is not required to preemptively strike on potential arguments Defendants have not yet made. Intervenor will file a reply brief to counter Defendants' opposing arguments after they are made. A motion for administrative relief is not designed for resolving such contentions prior to the scheduled time for filing oppositions and replies.

### 3. Dr. Yue's interest is not identical to Netbula's interest

Defendants cited *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) to oppose Dr. Yue's intervention in the instant action. The *High Country* case can be distinguished on the facts and timing. In *High Country,* the sole shareholder of the defendant corporation sought to intervene *after a default judgment was entered against his company[1]*. The Ninth Circuit found that the sole shareholder's interest was "*identical*" to the corporation's interest. *Id.* (emphasis added). Based on those particular set of facts, the Ninth Circuit affirmed the district court's decision.

As indicated in Dr. Yue's Motion to Intervene and for Injunctive Relief, his claims are based on **different copyrights** and a **set of facts different** from what Netbula, LLC alleged in its

---

[1] The Northern District of California has a flexible rule of allowing a corporation to appear *pro se*. For instance, in *Crossbow Technology, Inc. v. YH Technology* et al. (C-03-04360-SI, N.D. Cal.), the Court permitted YH Technology to represented by its owner. See Docket 42 of that case.

-3-

December 2006 application for Temporary Restraining Order ("TRO"), including newly discovered evidence in May 2007. Netbula does not own the copyrights Dr. Yue owns, but a ruling in the instant action would affect his **personal intellectual property rights** allegedly infringed by Defendants. As shown in Dr. Yue's accompanying declaration, Dr. Yue owns the copyrights in those earlier works authored before Netbula was formed, which were never assigned to Netbula. As a result of the copyright assignment executed on September 26, 2007, Dr. Yue now owns the copyrights which are allegedly infringed by Defendants but **not** included in Netbula's complaint – Netbula only alleged the infringement of the 1996 copyright. Yue Decl., at ¶¶2-6.

Dr. Yue informed Mr. Pulgram, defense counsel, that he is ready to file a separate action against StorageTek and SUN with additional claims. For judicial economy, he asked Mr. Pulgram for a stipulation to allow Dr. Yue substitute Netbula *as to the copyright claim* and amend the complaint in the instant action. The alternative would be having Dr. Yue filing a new action, and then a motion to relate cases. Mr. Pulgram responded that he would confer with his clients and get back to Dr. Yue in the week of October 29, 2007. Yue Decl., at ¶¶ 7-9. Instead of making the effort to reach a reasonable stipulation, Mr. Pulgram filed this Motion to Vacate Hearing, forcing Dr. Yue to file a separate action against SUN and StorageTek.

### 4. Defense counsel's direct communications with Dr. Yue

On October 25, 2007, Dr. Yue emailed the PDF files for his Motion for Injunctive Relief to defense counsel, Mr. Pulgram, Mr. Jedediah Wakefield and other lawyers and requested for a confirmation upon receiving the files. Immediately afterwards, Dr. Yue received an automated message from Mr. Wakefield, indicating that the files were delivered. Dr. Yue then emailed defense counsel stating: "I received an auto-response from Mr. Wakefield, indicating the email is working. No further confirmation is necessary."

Mr. Pulgram responded to Dr. Yue's email with a lengthy legal argument and asked Dr.

Yue for certain stipulation based on such legal argument. The two exchanged numerous emails on substantive issues. Such communications led Dr. Yue to believe that defense counsel was engaging him directly and there was no need for an attorney – and he can defend his intellectual property rights all by himself. Yue Decl., at ¶¶ 7-9.

If the Court finds that Dr. Yue's interest in the copyright dispute is identical to Netbula's, then Dr. Yue is a fully represented party and Mr. Pulgram should not contact Dr. Yue directly. In cases where an attorney communicated with a represented party without authorization, severe sanctions may result. See *United States v. Lopez*, 4 F.3d 1455 (9th Cir. 1993) (dismissing indictment); *Terrebonne, Ltd. v. Murray*, 1 F. Supp. 2d 1050 (E.D.Cal. 1998) (disqualifying attorneys and law firm).

If the Court agrees with Defendants and determines that Dr. Yue cannot intervene in the instant action, then he requests the Court to disqualify defense counsel for making unauthorized communications with a represented party.

## CONCLUSION

For the foregoing reasons, Dr. Yue respectfully requests the Court to deny Defendants' Motion to Vacate Hearing. In the alternative, Dr. Yue respectfully requests the Court to disqualify Fenwick & West LLP for making unauthorized communications to a represented party and permit additional time for Dr. Yue to seek counsel.

Dated:  October 30, 2007

By: /s/ Dongxiao Yue, Ph. D.

*Pro Se*

Case No. C06-07391-MJJ    -5-    OPPOSITION TO SUN'S MOTION TO VACATE INJUNCTION HEARING