ORIGINAL FILED 07 OCT 30 PM 2:29 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Dr. DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone: (510) 396-0012
Facsimile: (510) 291-2237
E-Mail: ydx@netbula.com

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETBULA, LLC., a Delaware limited liability company,

Plaintiff,

v.

STORAGE TECHNOLOGY CORPORATION, et al.,

Defendants.

Case No. C06-07391-MJJ

**DECLARATION OF DONGXIAO YUE IN OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO VACATE HEARING ON NON-PARTY DONGXIAO YUE'S REQUEST FOR INJUNCTIVE RELIEF AND IMPOUNDMENT**

Dept: Courtroom 11
Judge: The Honorable Martin J. Jenkins

I, DONGXIAO YUE, declare:

1. I have personal knowledge of the facts I am about to state and, if called on to do so, I could competently testify to those facts.

2. I submit this declaration in opposition to defendants Storage Technology Corporation ("StorageTek"), Sun Microsystems, Inc. ('SUN"), EMC Corporation ("EMC") and Darden Restaurants, Inc. (DARDEN)'s MOTION FOR ADMINISTRATIVE RELIEF TO VACATE HEARING ON NON-PARTY DONGXIAO YUE'S REQUEST FOR INJUNCTIVE RELIEF AND IMPOUNDMENT.

3. From 1994 to July 1996, as an individual, I had been developing a software technology which I later named and trademarked "PowerRPC". PowerRPC was developed for both UNIX and Microsoft Windows NT and Windows 95 platforms. I also developed software called ONC RPC for Microsoft Windows NT/95, which incorporated most of the program files and modules in PowerRPC.

4. In July 1996, I founded Netbula, LLC, a Delaware Limited Liability Company, to market the aforementioned RPC software that I was developing at the time. Based on the records from the state of Delaware, Netbula, LLC was registered on July 24, 1996. About two months later, Netbula published its RPC products by offering them for licensing.

5. I did not assign or transfer the copyrights in my earlier works created before July 24, 1996 to Netbula, LLC. Thus, I own the copyrights in these pre-Netbula works.

6. On September 26, 2007, Netbula executed a written copyright assignment, transferring all exclusive rights in all Netbula PowerRPC and Netbula ONC RPC created before January 1, 2007 back to Dr. Dongxiao Yue -- me. Among the copyright rights I own is the 2004 version of Netbula RPC, which was allegedly infringed by StorageTek, but it is not part of the instant action. In return, I granted Netbula licenses to certain intellectual property rights that I personally own.

7. On October 25, 2007, I exchanged several email messages with Mr. Laurence Pulgram, defense counsel. Exhibit A is a string of email exchanges between Mr. Pulgram and me, with the most recent email at the top. In one email, Mr. Pulgram asked me to essentially withdraw the motion for injunctive relief scheduled for November 27, 2007. I declined to do so. I asked Mr. Pulgram to withdraw Defendants' motion for summary judgment for being untimely. Mr. Pulgram and I subsequently exchanged several emails, without reaching any agreement.

8. In an email attached as Exhibit B, I also asked Mr. Wakefield to inform the Court about StorageTek's admissions and prior inconsistent statements regarding the pre-paid license and

license usage count.

9. On October 26, 2007, I informed Mr. Pulgram that I am planning to file a new action against StorageTek and wanted to know if Defendants could stipulate to my substitution in the instant action. Mr. Pulgram informed me that he would confer with his clients and respond to me the next week. Exhibit C is a true copy of that email exchange.

I declare under penalty of perjury of the laws of the State of California and the federal laws that forgoing declaration is true and correct to the best of my knowledge. This declaration was executed in San Leandro, California, on October 30, 2007.

DONGXIAO YUE

# EXHIBIT A

   

**RE: Re: RE: PDF files for Dongxiao Yue's motion for injunctive relief**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <ydx@netbula.com>
**Copy to:** <brilletlaw@yahoo.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <davideiseman@quinnemanuel.com>
**Time:** Thu, 25 Oct 2007 17:04:14 -0700

Dear Mr. Yue:

Your claim that a single declaration, filed a few hours after midnight, precludes consideration of the summary judgment motion that was timely filed, and that you had been aware was coming for eight months, is untenable. The "25 pages" of materials in the declaration consisted of two pages of text, the two underlying contracts already of record in this action, two emails produced to Netbula long ago, and blank page separators. I cannot imagine that you would claim prejudice, but if you do, I would be happy to afford you nine additional hours to submit a declaration. Sun will not withdraw its motion.

Laurence Pulgram

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Thursday, October 25, 2007 2:48 PM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Re: Re: RE: PDF files for Dongxiao Yue's motion for injunctive relief

Dear Mr. Pulgram,

I found it hard to believe that you were asking me to withdraw or delay a motion for injunctive relief which has already been scheduled by the court staff. That is simply not something I can do.

However, I do suggest SUN withdraw its untimely motion for summary judgment. I really don't see how defendants can argue around that untimeliness -- Mr. Melnick's declaration was quite material to SUN's motion , it is 25 pages. SUN filed it after a deadline SUN had known for many months.

Please let me know if SUN stipulate to withdraw its untimely motion for summary judgment motion. SUN's refusal to withdraw that motion may be my basis for a motion for sanctions.

Kind regards,

Don Yue

------------------------
"Laurence Pulgram" <LPulgram@Fenwick.com>:
Mr. Yue,

So you are refusing the proposed stipulation?

Laurence Pulgram

Sent from my GoodLink synchronized handheld (www.good.com)

-----Original Message-----
From: **ydx@netbula.com** [mailto:ydx@netbula.com]
Sent: Thursday, October 25, 2007 02:13 PM Pacific Standard Time
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com; brilletlaw@yahoo.com; **yuedongxiao@gmail.com**
Subject: Re: RE: PDF files for Dongxiao Yue's motion for injunctive relief

Dear Mr. Pulgram,

Whether my motion to intervene and for injunctive relief was proper is to be determined by the court. I certainly anticipated your oppositions.

As for the timeliness of my motion, I believe we should check against the local rules -- my motion was filed on Oct 22, 2007, 36 days before the hearing. Timeliness is not an issue here. Your objection seems to be one on the manner of service. You can certainly raise that in your opposition, if any.

I noticed that Mr. Melnick's declaration in support of SUN's summary judgment motion was filed on October 24, 2007. This makes SUN's motion plainly untimely, and should be subject to Civil Local Rule 1-4. Judge Jenkins denied Netbula's motion for summary judgment motion for being untimely in the Netbula v. BindView case. I doubt the Judge will apply the rule differently to SUN.

There may be difference of opinion on various issues, I believe it would not be productive for us to argue such matters out of court.

Kind regards,

Don Yue

------------------------
"Laurence Pulgram" :
Mr. Yue,

Your e-mail below was received.

We continue to believe that your entire filing of the Motion to Intervene and for Preliminary Injunction was untimely. When you do not efile (which results in immediate electronic service), you must serve in accordance with the rules, which requires additional days be added for any filing other than by hand delivery. You did not comply. We received your entire filing only two days after the due date for hand service.

In any event, we believe that because you are not a party to the Netbula v. Storage Tek matter, because Netbula has not moved for a preliminary injunction, and because your motion is almost a year after the unsuccessful request for a TRO, it is not appropriate to require Defendants to respond to such a major request for substantive relief--for a preliminary injunction--until after the propriety of your participation in this action is first determined. I would also note that, apart from your reliance on an asserted presumption of irreparable harm (which is not applicable here), you have provided no explanation of any injury that you would face from delaying the hearing on the PI

motion until after your participation in this case has been determined. Accordingly, we request that you stipulate with Defendants that your motion to intervene be heard on November 27 (notwithstanding improper service), but that the motion for preliminary injunction be scheduled to be briefed and heard only if you are then permitted to intervene or substitute. Please advise by close of business today if you are agreeable to this procedure.

I would also note that, as you no doubt anticipated, we oppose your request to intervene and your request to substitute in as a party. We also oppose Ms. Brillet's request to withdraw as counsel prior to determination of the long-scheduled summary judgment motion that is to be heard on November 27 pursuant to the Court's scheduling order. We do not believe that it is appropriate for Netbula's rights to be pursued other than through counsel of record (as required by law), and we do not believe that a purported assignment of rights to you personally, a year into the litigation, changes those result. Ms. Brillet remains counsel of record, and her opposition to the summary judgment motion on behalf of Netbula is due in the ordinary course.

The foregoing is without waiver of any rights, including our rights to assert that the motion for a preliminary injunction is sanctionable.

Please advise whether or not you are agreeable to the stipulation proposed above for the orderly consideration of the issue of intervention first, and preliminary injunction only if you thereafter become a party.

Sincerely,

Laurence Pulgram
Fenwick & West LLP
555 California Street, 12th Fl.
San Francisco, CA 94104
Phone 415-875-2390
Fax 415-281-1350
**lpulgram@fenwick.com**

-----Original Message-----
From: **ydx@netbula.com** [mailto:ydx@netbula.com]
Sent: Thursday, October 25, 2007 11:46 AM
To: **ydx@netbula.com**
Cc: Laurence Pulgram; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; brilletlaw@yahoo.com; **yuedongxiao@gmail.com**
Subject: Re: PDF files for Dongxiao Yue's motion for injunctive relief

Dear Counsel,

I received an auto-response from Mr. Wakefield, indicating the email is working. No further confirmation is necessary.

Kind regards,

Don Yue

------------------------
ydx@netbula.com:

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I just received a forwarded message from Ms. Brillet a few minutes ago in which Mr. Pulgram allege that I did not serve you the papers I filed with the court on October 22, 2007.

As shown in the attached certificate of service, I mailed you the copies of the documents on October 22, 2007 (via priority mail). Also on

October 22, 2007, I emailed **MJJPDf@cand.uscourts.gov** the PDF files for the documents I filed on that day and I received acknowledgment of the receipt from the court stating the PDFs were "forwarded to the appropriate chambers for processing." Since the case is a e-filing case, service should be done via the ECF system. Additionally, October 22, 2007 was 36 days before the hearing date, I gave defendants more time than the required 35-day lead time.

I also noticed that defendants filed their summary judgment motion at mid-night of October 23, 2007. One of the documents was filed on October 24, 2007, which was 34 days before the hearing date and was untimely. I reserve the right to strike that document as untimely and strike all documents reference that untimely document.

Mr. Pulgram alleged that I did not serve him the documents on October 23, 2007 at the end of Michael Abramovitz deposition. First, I have no obligation to serve defendants multiple times (I don't have extra hard copies anyway). Second, I came to the deposition when it was already finished -- quite unexpectedly, and the defendants were asking me to stipulate to the use of certain documents marked as CONFIDENTIAL in my deposition -- with the court reporter being held up and the time was about 30 minutes past lunch time. Defendants provided no prior notice for their planned use of the documents -- which was questionable by itself. I was totally unprepared for what defendants were trying to do, my attention was primarily on defendants' last minute request to use of those documents for their summary judgment motions to be filed that night.

After the stipulation on the documents was made and the parties concluded the deposition, I immediately went back to check what those exhibits really were and to check Netbula's TRO papers, which Mr. Pulgram claimed to have included the 2004 agreement. When I came back out, Mr. Pulgram already left.

I emailed all of you the papers for my motion to enforce protective order in the BindView matter on October 16, 2007, but I received no response from any of you, making me wonder whether the email communication channel was working. In any case, my contact information is available on the court docket, you could have simply emailed me or called me.

As a courtesy, I am attaching the PDF documents with this email.

Please respond to confirm yourself receipt of this message. If I do not receive a confirmation by 1:00 pm, I will telephone Mr. Wakefield just to verify if you received this email.

Kind regards,

Don Yue
Intervenor in the Netbula v. StorageTek case

-------------------

Attachment: c06-07391-mjj-yue-motion-for-injunction-cert-of-svc.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-mjj-yue-motion-for-injunction-cert-of-svc.pdf"

Attachment: c06-07391-MJJ-Yue-motion-for-preliminary-injunction.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction.pdf"

Attachment: c06-07391-mjj-Yue-motion-for-preliminary-injunction-decl.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-mjj-Yue-motion-for-preliminary-injunction-decl.pdf"

Attachment:
c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-A-J.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-A-J.pdf"

Attachment:
c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-K-S.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-K-S.pdf"

Attachment: c06-07391-MJJ-Yue-motion-for-preliminary-injunction-PO.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction-PO.pdf"

-------------------

-------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

-------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

-------------------

-------------------

# EXHIBIT B



Dongxiao Yue <yuedongxiao@gmail.com>

# Re: SUN's motion for summary judgment

1 message

**ydx@netbula.com <ydx@netbula.com>** **Fri, Oct 26, 2007 at 10:46 AM**
To: Laurence Pulgram <LPulgram@fenwick.com>
Cc: ydx@netbula.com, brilletlaw@yahoo.com, Jedediah Wakefield <JWakefield@fenwick.com>, Albert Sieber <ASieber@fenwick.com>, Liwen Mah <LMah@fenwick.com>, yuedongxiao@gmail.com, davideiseman@quinnemanuel.com

Dear Mr. Wakefield, Mr. Pulgram, Mr. Mah and Mr. Sieber,

I did a brief review of your motion for summary judgment in the SUN case, not withstanding the fact that your motion is procedurally untimely, your motion CONCEALED key facts and admissible evidence pertinent to the infringement claim.

Regarding whether the 2000 Netbula-StorageTek agreement (2000 Agreement) and the 2004 Netbula-StorageTek agreement are for pre-paid licenses, you failed to inform the court about the admissions or prior inconsistent statements by StorageTek.

In the December 16, 2005 letter to Netbula, a StorageTek lawyer named Carmel C. Gill, wrote:

"As you may be aware, both engineering and marketing responsibilities for the LibAttach software and its predecessor products have changed hands within StorageTek multiple times over the course of the past five years, which explains the misunderstandings and miscommunications regarding the Netbula license restrictions. Also, as Mike Melnick informed Netbula back in 2000, StorageTek systems are set up to track royalties on a going-forward basis, not on a pre-paid basis. Mike Melnick suggested that the parties enter into a straight royalty-type agreement, but Netbula declined to do so, which, in part, accounts for the situation today."

Lisa Rady, the Program Manager for LibAttach wrote in March 2004:

"As you can see, we have exceeded the 1,000 distributions that we had right to with Netbula.... I think it is obvious that engineering has not and did not monitor the distributions on this product."

In response, Mike Melnick wrote:

"The agreement is specific to platform (Win NT and 95/98 platforms) types of Netbula software (PowerRPC SDK). This concerns me greatly as we have already told them we are no longer shipping it with our product."

In June 2005, Holly Wagner wrote:

"The SAP query I ran this morning shows 2,386 models shipped. This number is low due to the fact that the query does not have the capability of pulling the client feature quantities that were released in November of last year."

In response, Mike Melnick wrote:

"The number that Holly has provided and thought it may be low causes quite a problem for you. We have only made 2 purchases for the rights to distribute a total of 2000 licenses."

The above is just a few examples of admissions by StorageTek.

As you know, StorageTek (Mike Melnick) drafted some key parts of the 2000 Agreement (the payment terms).

The interpretation of the agreement will be construed against the drafter. It is thus important for you, as officers of the Court, to fully inform the court about such admissions and prior inconsistent statements so the Court can properly rely on your representations to make a ruling, that will become the law of the United States. You, as officers of the Court, are duty-bound to tell the whole truth to the Court.

As I indicated in my previous emails, I will move to strike Mike Melnick's declaration which was filed on October 24, 2007 (34 days before hearing date) as untimely, and move to strike any document filed by defendants referencing that declaration.

I suggest you write a letter to Judge Jenkins to inform the Court about your omission of key facts. Your refusal to do so may be served as evidence that you intentionally concealed the above and other facts from the Court.

Kind regards,

Don Yue

---

# EXHIBIT C

**RE: Netbula's motion for substitution of party as to the copyright claim**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <ydx@netbula.com>
**Copy to:** <brilletlaw@yahoo.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <davideiseman@quinnemanuel.com>
**Time:** Fri, 26 Oct 2007 13:00:47 -0700

Mr. Yue,

I will confer with my client and respond to you next week.

Laurence Pulgram

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 11:56 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Netbula's motion for substitution of party as to the copyright claim

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of party as to the copyright claim filed in the Nebula v. StorageTek case. As the copyright owner of the relevant software and related claims, I am about to assert additional claims against StorageTek. This can be done via an amended complaint in the C06-07391-MJJ case, or I can file a new separate infringement action and move to relate/consolidate the new action to the current action.

For judicial economy, I think it's far efficient for you to stipulate to the substitution of party by replacing Dongxiao Yue as the copyright plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new action next week.

Kind regards,

Don Yue

-------------------
-------------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is

RE: Netbula's motion for substitution of party as to the copyright claim charset=us-ascii Page 2 of 2

not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

---