VONNAH M. BRILLET (SBN 226545)
**LAW OFFICES OF VONNAH M. BRILLET**
2777 ALVARADO ST., SUITE E
SAN LEANDRO, CA 94577
Telephone:     (510) 351-5345
Facsimile:     (510) 351-5348
E-Mail:        BrilletLaw@yahoo.com

Attorneys for Plaintiff
NETBULA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Case No. C06-07391-MJJ<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SUBSTITUTE PARTY AS TO THE COPYRIGHT CLAIM**<br><br>Date: November 20, 2007<br>Time: 9:30 a.m.<br>Dept.: Courtroom 11<br>Judge: Honorable Martin J. Jenkins |

Plaintiff Netbula, LLC hereby submits this reply brief in support of its motion to substitute Dongxiao Yue as the plaintiff for the copyright claim. Plaintiff's brief is based on the records on file and the Declaration of Dongxiao Yue ("Yue Decl."), filed concurrently.

## INTRODUCTION

Netbula, LLC made a simple transfer of its copyright interests back to Dr. Dongxiao Yue ("Dr. Yue")-- the individual who wrote the software, and sought to substitute Dr. Yue as the party for the copyright claim only under Federal Rule of Civil Procedure 25(c). Netbula, LLC continues to be represented by counsel on the contract and fraud claims. Despite Dr. Yue's explanations based on considerations of judicial economy and cost reduction, Defendants raised vehement objections. As Plaintiff will show, Dr. Yue's substitution would help facilitate the conduct of the litigation. Denying Dr. Yue's substitution would create substantial issues, explained below, as the case progresses.

## FACTS

From 1994 to July 1996, as an individual, Dr. Yue had been developing a software technology which he later named and trademarked "PowerRPC". PowerRPC was developed for UNIX, Microsoft Windows NT, and Windows 95 platforms. Dr. Yue also developed software called ONC RPC for Microsoft Windows NT/95, which incorporated most of the program files and modules in PowerRPC. Yue Decl., at ¶3.

In July 1996, Dr. Yue founded Netbula, LLC, a Delaware Limited Liability Company, to market the aforementioned RPC software that he was developing at the time. In September 1996, Netbula offered the RPC products for licensing. Yue Decl., at ¶4.

Dr. Yue did not assign or transfer the copyrights in his earlier works created before July 1996 to Netbula, LLC. As a result, he is still the owner of the copyrights in those earlier works, which were incorporated into the software received by the defendants. Yue Decl., ¶5.

In December 2006, Netbula filed the instant action against Storage Technology Corporation ("StorageTek"), et al. The copyright alleged in the complaint was the 1996 copyright. That copyright only covered the code created before September 1996. The software StorageTek used was created in 2000 and 2004.

On September 26, 2007, Netbula executed a written copyright assignment, transferring all exclusive rights in all Netbula PowerRPC and Netbula ONC RPC created before January 1, 2007 back to Dr. Yue, along with all related claims. Afterwards, Netbula filed the motion to substitute Dr. Yue as the copyright plaintiff. See Docket No. 58, Declaration of Vonnah M. Brillet in Support of Motion to Substitute Party.

On and after October 25, 2007, Mr. Laurence Pulgram and Dr. Yue exchanged numerous emails on the issues of substitution, intervention, prepayment license, etc. Dr. Yue explained to Mr. Pulgram that because of the additional copyrights and newly discovered facts, he would have to assert additional claims. One way was to substitute himself as the copyright plaintiff and amend the complaint in the instant action; the alternative would be filing a new action and then seeking consolidation of the cases. Dr. Yue sought a stipulation with defendants on the substitution. Defendants eventually declined to enter a stipulation, and insisted that Dr. Yue is the principal of Netbula and is a represented party. Yue Decl., ¶¶9-18, and exhibits attached.

On October 29, 2007, Mr. Pulgram sent Dr. Yue an email which read in part:

> We therefore suggest that you consider the consequences very seriously before filing such inappropriate pleadings--and obtain the advice of qualified counsel before you do so. Magistrate Judge Chen's ruling should have demonstrated that filing unwarranted motions is a serious matter and has very real consequences.
>
> I realize, of course, that I cannot keep you from filing with the Court whatever it is that you choose to file. It only costs a few hundred dollars to commence a lawsuit that could cost thousands to defend, and which Sun would seek to recover from you personally thereafter.

On October 31, 2007, Mr. Pulgram offered additional advice to Dr. Yue, he wrote,

> If you wish to serve a new summons and complaint on Sun (an action that I have recommended against and reiterate can cause you personal liability), you will need to follow the appropriate procedures for accomplishing service of process.

Yue Decl., ¶18.

On October 31, 2007, Dr. Yue received another email message from Mr. Pulgram which contained a warning against his use of Sun StorageTek Legal Department's letter to show the license terms were based on prepayment. Yue Decl., ¶13, Ex. C.

On November 3, 2007, after reviewing Defendants' opposition to Netbula's motion for substitution of party, Dr. Yue noticed that defense counsel alleged that he labeled a judge in the Northern District as a "kowtowing dude". Dr. Yue then sent an email to the attorneys in the instant action, stating that Defendants' allegation was "entirely false." Yue Decl., ¶¶14-25, Exhibit D.

## LEGAL STANDARD

**1. Transfer of copyrights**

Copyright is a personal property right created by statute. The Copyright Act, in its relevant part, states the following,

> (d) Transfer of Ownership. —
>
> (1) The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate succession.
>
> (2) Any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, may be transferred as provided by clause (1) and owned separately. The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title.

17 U.S.C. § 201(d).

**2. Copyright ownership and standing in infringement claims**

In an *en banc* decision, the Ninth Circuit held that only an owner of the exclusive copyrights can bring an infringement action. *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir. 2005).

**3. Transfer of copyright interest and assignment of claims**

Copyright and copyright claims can be freely sold or transferred like any contingent asset. See *Abkco Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971 (2nd Cir. 1991). That long-running copyright lawsuit started in 1971 with Bright Tunes Music as the plaintiff. *Id*. at 974. In April 1978, ABKCO purchased all of Bright Tunes' interest in the song in dispute and substituted itself as the plaintiff. *Id*. at 975.

**4. Substitution of party after transfer of interest**

Federal Rule of Civil Procedure 25(c) provides in pertinent part[1],

> Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

**ARGUMENT**

**1. Having Dr. Yue substituted or joined as copyright plaintiff will facilitate the conduct of the litigation**

*First*, because of his ownership of the pre-Netbula works (code written by Dr. Yue before July 1996), Dr. Yue should have been a party-plaintiff in the first place. In fact, defense counsel recently pointed out that a lot of the code in the allegedly infringed software had been written by

---

[1] The proposed 2007 amendment which is intended for easier understanding, read as follows:
> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in action or joined with the original party.

Dr. Yue before Netbula was formed. Yue Decl., ¶6.

*Second*, with Netbula's transfer of the copyrights back to Dr. Yue, the situation is greatly simplified. As the instant case proceeds, Dr. Yue's substitution as copyright plaintiff would greatly reduce the complexity in many aspects of the case, especially in terms of copyright ownership. Instead of having potentially two copyright owners alleging infringement on different portions of the software, there will be one copyright plaintiff – Dr. Yue, owning all the code in dispute. There will be no more need to determine who wrote particular parts of the code and when each part was written– it's all written by Dr. Yue.

*Third*, discovery can be simplified also. In the BindView case, defendants deposed Dr. Yue both as an individual and a 30(b)(6) witness simultaneously, without making a clear distinction between the two throughout a two-and-one-half day deposition. With Dr. Yue as the copyright plaintiff, there will be no such confusion -- he would be an individual witness as to the copyright claim.

*Fourth*, with the transfer of the copyright ownership and the accrued claims, there will be a question on Netbula's standing as the copyright plaintiff. Even if Netbula can continue the complaint as originally filed, it lost the right to amend the complaint to assert additional claims, which may be necessary as discovery progresses.

**2. Dr. Yue is already a party in the instant action**

Dr. Yue is already a party in the instant action as the counterclaim defendant for Sun Microsystems, Inc.'s ("SUN") trademark infringement claim. SUN had no problem suing Dr. Yue in his individual capacity for the alleged trademark infringement.

**3. Dr. Yue's interest is not identical to Netbula's interest**

Defendants' argument against the substitution was largely based on their unfounded allegation that the substitution was for the sole purpose of litigating the case *pro se*.

If Dr. Yue chooses to be *pro se*, he has a right to do so. As a third-party individual counterclaim defendant, Dr. Yue can be *pro se*. As the owner of the pre-Netbula code (which was never transferred to Netbula), Dr. Yue can join as plaintiff and then be *pro se*.

Defendants cited *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244 (9th Cir. 1993), claiming Dr. Yue's substitution or intervention "was nothing more than an end run around section 1654." *High Country* can be readily distinguished from the instant case on three aspects: (1) In *High Country,* the motion to intervene was filed after default judgment was entered; here, the motion was filed at an early stage of the case; (2) In *High Country,* the Ninth Circuit found that the owner of the corporation "sought to accomplish the *exact same* objectives" as the corporation would and he had "interests *identical* to the corporation's". *Id*. at 1245. Here, Dr. Yue's interest is clearly not identical to Netbula's – he has been an individual counterclaim defendant, he owned and continues to own the pre-Netbula works; (3) As the copyright owner, Dr. Yue only seeks to be the copyright plaintiff as to the copyright claim; even if he decides to appear *pro se,* he had no right or intention to represent Netbula, LLC – which will continue to be represented by counsel on its contract and fraud claims.

**4. Defendants' allegation that Dr. Yue labeled a judge in a certain way is unfounded**

Defendants alleged that "Dr. Yue published the following blog, labeling Judge [name] a 'kowtowing dude'." Defendants' Opposition, p.11:24-26. However, despite defense counsel's repeated accusations, there is no proof that such "labeling" occurred. In his deposition, Dr. Yue maintained that it was improper to answer what he believed to be improper questions:

> Mr. Wakefield: Who is the "kowtowing dude"?
> Ms. Brillet: Object.
> Q: Is it Judge [last name]?
> …
> Q: … Were you just talking about anyone or were you talking about

-7-
Case No. C06-07391-MJJ                                        REPLY IN SUPPORT OF MOTION TO SUBSTITUTE PARTY

>        Magistrate Judge [last name]?
>
>        …
>
>        Q: And then I asked is Magistrate – that you – you didn't mean Magistrate Judge [name] and you didn't answer me. So are you saying you were not including that – Magistrate Judge [name]?
>
>        …

Yue Depo., June 28, 2007, pp.297-301.

On November 3, 2007, after noticing defendants' allegations in their Opposition, Dr. Yue emailed the attorneys in the instant action regarding the so called "labeling". He wrote:

> Your allegation is entirely false. There was nothing in any of my blog labeling any judge as a "kowtowing dude."
>
> Kowtow is an act performed by an inferior before a local district magistrate. It is a … lawyer that would kowtow to a magistrate. No way a Magistrate Judge would kowtow to a … lawyer.

Yue Decl., ¶¶15-16, Ex. D, and the dictionary definition Dr. Yue cited therein.

### 5. Dr. Yue should be permitted to substitute or join as copyright plaintiff

The language of the FRCP 25(c) seems to suggest that the transferee of interest should either substitute as a party or be joined as a party, unless there is a strong reason for denying both substitution and joinder. As presented above, there is no reason to prevent Dr. Yue to participate as a party plaintiff for the copyright claim. He is the real author of the copyrighted works, and he has both pre-existing and transferred copyright interests in those works. He has been an individual party in the instant action since the beginning (as a counterclaim defendant). His substitution can reduce the complexity of the case.

### CONCLUSION

For the reasons presented above, Plaintiff respectfully requests the Court to grant Plaintiff's motion to substitute or join Dr. Yue as the party as to the copyright claim.

-8-

Case No. C06-07391-MJJ                    REPLY IN SUPPORT OF MOTION TO SUBSTITUTE PARTY

1  Dated:  November 5, 2007          LAW OFFICES OF VONNAH M. BRILLET

                                    _____/S/_____
                              By:    VONNAH M. BRILLET
                                     Attorneys for Plaintiff NETBULA, LLC