| | |
|---|---|
| 1 | LAURENCE F. PULGRAM (CSB NO. 115163) |
|   | *lpulgram@fenwick.com* |
| 2 | JEDEDIAH WAKEFIELD (CSB NO. 178058) |
|   | *jwakefield@fenwick.com* |
| 3 | ALBERT L. SIEBER (CSB NO. 233482) |
|   | *asieber@fenwick.com* |
| 4 | LIWEN A. MAH (CSB NO. 239033) |
|   | *lmah@fenwick.com* |
| 5 | FENWICK & WEST LLP |
|   | 555 California Street, 12th Floor |
| 6 | San Francisco, CA  94104 |
|   | Telephone:    (415) 875-2300 |
| 7 | Facsimile:    (415) 281-1350 |
| 8 | Attorneys for Defendants |
|   | STORAGE TECHNOLOGY CORPORATION, SUN |
| 9 | MICROSYSTEMS, INC., EMC CORPORATION, |
|   | VERITAS SOFTWARE CORPORATION, and |
| 10 | DARDEN RESTAURANTS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 15 | NETBULA, LLC, a Delaware limited liability company, | Case No. C-06-07391-MJJ |
| 16 | | **DECLARATION OF MICHAEL ABRAMOVITZ IN SUPPORT OF REPLY REGARDING MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION AS TO LICENSE ISSUES** |
| 17 | Plaintiff, | |
| 18 | v. | |
| 19 | STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive, | |
| 20 | | Date:    December 13, 2007 |
| 21 | | Time:    3:00 P.M. |
|    | | Dept:    Courtroom 11 |
| 22 | | Judge:   The Honorable Martin J. Jenkins |
| 25 | Defendants. | |

27  / / /

28  / / /

ABRAMAWITZ DECL. RE MOTION FOR SUMMARY
JUDGMENT OR SUMMARY ADJUDICATION                                        CASE NO. C-06-07391-MJJ

I, Michael Abramovitz, declare as follows:

1. I submit this declaration to reply to several assertions made in Netbula's Opposition to Defendants' Motion for Summary Judgment.

2. I am a Software Engineer for Sun Microsystems, Inc. ("Sun"). Before working for Sun, I was employed by Storage Technology Corporation ("StorageTek") also as a software engineer. I make the following statements based upon my personal knowledge and, if called upon to testify, could and would testify competently to the matters stated herein.

3. Netbula's Opposition argues that Scott Painter was "working on PowerRPC portmapper," that I testified that Mr. Painter was not in the REELs or LibAttach development group at the time, and therefore that Mr. Painter must have been working on some other project using the Netbula SDK of which I was not aware. See Opposition Brief at 26. This argument is factually inacccurate. There were no projects that used Netbula's SDK other than REELS and LibAttach. The argument misperceives what Mr. Painter did and misreads what his e-mail said.

4. When asked at my deposition if Mr. Painter was an engineer, I affirmed that he was. However, Mr. Painter was working on integration of all StorageTek software and hardware, not particularly REELs or LibAttach. In doing his job, he had no use for a software development kit, he was just loading up the software and letting it run, to make sure it operated properly, like an end user would. Further, the email that Mr. Painter sent to Netbula on May 1, 2000 with a copy to me (Yue Decl. Exh. 11), did not address any technical implementation of portmapper; it merely addressed whether or not Netbula would allow us to list the portmapper using the StorageTek name, rather than Netbula's. Mr. Painter told me at the time that his objective was to assist customers; if the portmapper piece of the software was renamed, it line up in sequence with other StorageTek software in the windows service control panel so that users could find all StorageTek offerings easily. Thus, Mr. Painter's email only asked Netbula: "Is it possible to customize the NT service name. For example, our StorageTek products install some other NT services and we would like them to all show up together, e.g., 'StorageTek Portmapper', etc." (Yue Decl. Exh. 11). I was copied on that email because I would be the developer working on that change if it were approved (which it was not).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5. I am informed that Netbula has submitted to the Court two e-mails in which I discussed the number of licenses that Sun had purchased or ordered or deployed, one e-mail dated June 16, 2005, and the other dated July 28, 2005. In each of those e-mails, I was responding to inquiries relating to a license usage report requested by Netbula. My reference to the number of licenses simply referred to the number of copies that had been paid for. At the time I wrote those email, I had never seen any license agreements executed between StorageTek and Netbula, and I had not analyzed their requirements. These statements were not made in connection with any discussion of what would happen if we did not comply with our payment obligations, or what if any remedies Netbula might have if we did not comply with the any particular terms of our agreements. I never stated that shipping LibAttach for particular versions of Windows, or without paying in advance, would be copyright infringement, nor do I believe that I am qualified to make that legal judgment, since I have never read the agreement and am not an attorney.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed at Louisville, Colorado on November 20, 2007.

/S/ MICHAEL ABRAMOVITZ
Michael Abramovitz

ABRAMOVITZ REPLY DECL. RE MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION   -2-   CASE NO. C-06-07391-MJJ

## **ATTORNEY ATTESTATION**

Pursuant to General Order 45, I hereby attest that that concurrence in the filing of this document has been obtained from the signatory indicated by a 'conformed' signature (/S/) within this efiled document.

                                                                /S/ LAURENCE F. PULGRAM
                                                                Laurence F. Pulgram