LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION, SUN MICROSYSTEMS, INC., EMC CORPORATION, VERITAS SOFTWARE CORPORATION, and DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-06-07391-MJJ<br><br>**DECLARATION OF JULIE DECECCO IN SUPPORT OF  REPLY REGARDING MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION AS TO LICENSE ISSUES**<br><br>Date:    December 13, 2007<br>Time:    3:00 P.M.<br>Dept:    Courtroom 11<br>Judge:  The Honorable Martin J. Jenkins |

DECECCO DECL. ISO REPLY RE MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

CASE NO. C-06-07391-MJJ

I, Julie DeCecco, declare as follows:

1. I am an attorney at law, admitted to practice in the Courts of the State of Colorado and the United States District Court, District of Colorado. I am also Assistant General Counsel of Defendant Sun Microsystems, Inc. I make the following statements based upon my personal knowledge and, if called upon to testify, could and would testify competently to the matters stated herein.

2. Attached hereto as <u>Exhibit A</u> is a true and correct copy of an e-mail dated October 10, 2005 and received by my then-colleague in Sun's legal department, Maria Woods, in which Plaintiff Netbula, LLC ("Netbula"), through its principal, Don Yue, writes that "[w]e look forward to a continuing relationship with "Sun/StorageTek and hope that we can resolve the differences shortly." Confidential portions of the e-mail have been redacted.

3. Attached hereto as <u>Exhibit B</u> is a true and correct copy of a Nondisclosure Agreement entered into between Storage Technology Corporation, Netbula, LLC and Wolinsky Becker & Hurewitz, LLP, effective as of October 17, 2005.

4. Attached hereto as <u>Exhibit C</u> is a true and correct copy of an e-mail dated October 26, 2005 and received by my then-colleague in Sun's legal department, Carmel Gill, in which Netbula, again through Dr. Yue, agrees that "any information shared by the parties in the course of these discussions is in an attempt to settle a dispute and is not admissible in any litigation." Confidential portions of the e-mail have been redacted.

5. Attached hereto as <u>Exhibit D</u> is a true and correct copy of a document titled "Notice of Termination of Netbula – StorageTek License Agreements," dated November 27, 2006, and addressed to me (as well as Sun Microsystems, Inc., "Sun StorageTek," and Storage Technology Corporation, Inc.). It was received by my office shortly after the November 27, 2006 date indicated on the letter.

6. Attached hereto as <u>Exhibit E</u> is a true and correct copy of a certified copy of the Certificate of Ownership and Merger Merging Storage Technology Corporation Into Sun Microsystems, Inc. dated December 26, 2006. Pursuant to this document, StorageTek merged into Sun effective January 1, 2007, at which point StorageTek ceased to exist as a separate

1  corporation.

2      I declare under penalty of perjury under the laws of the United States of America that the

3  foregoing is true and correct.

4      Executed on November 20, 2007.

                                                /S/ JULIE DECECCO
                                                 Julie DeCecco

## **ATTORNEY ATTESTATION**

    Pursuant to General Order 45, I hereby attest that that concurrence in the filing of this document has been obtained from the signatory indicated by a 'conformed' signature (/S/) within this efiled document.

                                                /S/ ALBERT L. SIEBER
                                                 Albert L. Sieber

25689/00400/LIT/1276636.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT A

## Woods, Maria V

**From:** ydx@netbula.com
**Sent:** Monday, October 10, 2005 10:58 AM
**To:** Woods, Maria V
**Cc:** matth@auditroyalties.com
**Subject:** 1191NLC and 1191NLI related order info

Maria,

As we talked last Friday, it would be very helpful if you can provide more information so we can feel more comfortable about the report. We made a lot of progress last Friday despite remaining differences. We do want to make this process as less burdensome as possible for both of us.

For the next conference call, can you kindly provide the following information?

1) All line item information for model 1191NLC and 1191NLI for all feature codes. Right now, we have only data for feature code L110,L120,L130 and L140. What we would like to see a list of orders for models 1191NLC and 1191NLI without applying any filters. This should be an easy task by querying your sales database.

2) Please make sure that report for the above include all data from all geographic regions, including overseas sales.

3) Standard license agreement for product 1191NLC and 1191NLI before and after Nov 18, 2004.

4) Copies of installable LibAttach software for L110, L120, L130 and L140. We need this just for verification purpose and will subject to NDA or other conditions you may have for us for the access to these software.

If you don't want 3) and 4) in our hands, you may send them to Matt Hurewitz.

We look forward to a continuing relationship with Sun/StorageTek and hope we can resolve the differences shortly. Please have the above information ready before our conference call this week.

Best Regards,

Don

REDACTED

**CONFIDENTIAL d**                                                                    STK00000922

**REDACTED**

---
Email sent using AnyEmail (http://netbula.com/anyemail/)

--------------- Email sent using AnyEmail (http://netbula.com/anyemail/)

10/10/2005

**CONFIDENTIAL d**

STK00000923

# EXHIBIT B

Case 5:06-cv-07391-JW   Document 118   Filed 11/20/2007   Page 7 of 20

# STORAGETEK

NDA Log No: 13750

Nondisclosure Agreement

1. **Effective Date** (month/day/year): October 17, 2005.

2. In order to protect certain confidential information ("Information") which may be disclosed between them, Storage Technology Corporation ("StorageTek") and Netbula L.L.C. and Wolinsky, Becker & Hurewitz, LLP (collectively the "Participant") agree that:

3. The "**Discloser(s)**" of Information is StorageTek.

4. The "**Recipient(s)**" of Information is Participant.

5. The Information comprises sales, revenue, financial product, model and other information relating to StorageTek's REEL and Libattach products and may include related specifications, design plans, product strategies, product architectures, drawings, software, data, prototypes, business strategies, equipment, maskworks, or any other business and/or technical information. In order to be considered as Confidential Information pursuant to this Agreement, all Information disclosed in oral or intangible form must be summarized in writing to Recipient within 30 days of the date of the oral or intangible disclosure. The written summary shall be marked as Confidential Information of Discloser.

6. The Recipient of Information under this Agreement shall use the Information only for the following purpose (check one):

☐ Product Evaluation

☐ Developing a proposal for Disclosure.

☐ Modification of Recipient's product to enhance compatibility with
   Discloser's product.

☐ Evaluating potential business relationship.

☒ Other: For purposes of determining payments to Netbula L.L.C. under the Netbula Software Agreement between StorageTek and Netbula L.L.C.

7. Disclosure Time Window: This Agreement controls only Information which is disclosed between the parties for the purpose stated above until the termination of the Netbula Software Agreement.

8. Expiration Date: A Recipient's duty to protect the Information disclosed under this Agreement expires 3 years from the date of disclosure of the Information.

9. The Recipient shall protect the Information by using the same degree of care to prevent unauthorized use, dissemination or publication of the Information as Recipient uses to protect its own confidential information of a like nature, provided that in no case shall a Recipient use less than a reasonable degree of care. The Recipient of Information may disclose such Information only to those of Recipient's employees who have a definable need to know such Information, provided that such employees are under obligation(s) of confidentiality to Recipient as a function of employment or otherwise.

10. This Agreement imposes no obligation upon Recipient where such Information (a) was known to Recipient prior to receipt from the Discloser, as shown by documentary evidence; (b) is or becomes a matter of public knowledge through no fault of Recipient; (c) is rightfully received by a Recipient from a third party without a duty of confidentiality; (d) is disclosed by Discloser to a third party without a duty of confidentiality on the third party; (e) is independently developed by the Recipient without use of the Information; (f) is disclosed under operation of law; or (g) is disclosed by the Recipient with Discloser's prior written approval.

11. The Discloser warrants that it has the right to make disclosures of Information under this Agreement; however, none of the Information disclosed by the Discloser to the Recipient shall be construed as a representation, warranty, assurance, guarantee or inducement of any kind with respect to the Information disclosed.

12. No transfer of any right or license under any trademark, patent, copyright, maskwork or other intellectual property right is either granted or implied by the disclosing of Information.

13. Except for the obligations of use and confidentiality, no obligation of any kind is assumed or implied against either party by this Agreement. Neither party has an obligation under this Agreement to purchase any service or item from the other party. Neither party has an obligation under this Agreement to offer for sale products using or incorporating the Information.

14. A Recipient shall adhere to U.S. Export Administration Laws and Regulations and shall not export or re-export any Information, any technical data or products arising from the Information received from the Discloser, or the direct product of such technical data or products arising from the Information; to any country or person unless properly authorized by the U.S. Government.

15. The parties do not intend that any agency, joint venture or partnership relationship be created between them by this Agreement.

16. In the event of violation of this Agreement, the aggrieved party shall have the right to seek appropriate relief (including injunctive relief) from a court of competent jurisdiction to restrain further disclosure of Information.

17. All additions or modifications to this Agreement must be made in writing, and must be signed by both parties.

18. This Agreement is made under and shall be construed according to the laws of the State of Colorado, U.S.A., without regard to its conflict of laws provisions.

**Storage Technology Corporation**

**One StorageTek Drive**

**Louisville, CO 80028-4309**

Signature of Representative: _Micki Sugai_

Printed or typed name: _Micki Sugai_

Printed or typed title: _Sr. Paralegal_

Date: _10-17-05_

Participant (company name): NETBULA, LLC

Mailing Address: 2777 ALVARADO STREET, SUITE C

City/State/Zip: SAN LEANDRO, CA 94587

Signature of Representative: _[signature]_

Printed or typed name: DON YUE

Printed or typed title: VP SALES & MARKETING

Date: _Oct 12, 2005_

Participant (company name): _See Page 3_

Mailing Address: _____

City/State/Zip: _____

Signature of Representative: _____

Printed or typed name: _____

Printed or typed title: _____

Date: _____

be made in writing, and must be signed by both parties.

18. This Agreement is made under and shall be construed according to the laws of the State of Colorado, U.S.A., without regard to its conflict of laws provisions.

| | |
|---|---|
| **Storage Technology Corporation** | Participant (company name): _See Page 2_ |
| **One StorageTek Drive** | Mailing Address: _____ |
| **Louisville, CO 80028-4309** | City/State/Zip: _____ |
| Signature of Representative: _Micki Sugar_ | Signature of Representative: _____ |
| Printed or typed name: _Micki Sugar_ | Printed or typed name: _____ |
| Printed or typed title: _Sr. Paralegal_ | Printed or typed title: _____ |
| Date: _10-17-05_ | Date: _____ |

Participant (company name): _Wolinsky Becker & Hurewitz_

Mailing Address: _15250 Ventura Blvd, #1102_

City/State/Zip: _Sherman Oaks, CA 91403_

Signature of Representative: _Matthew Hurewitz_

Printed or typed name: _MATTHEW HUREWITZ_

Printed or typed title: _PARTNER_

Date: _10/12/05_

# EXHIBIT C

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Wednesday, October 26, 2005 8:46 AM |
| **To:** | Gill, Carmel C <carmel.gill@sun.com> |
| **Cc:** | ydx@netbula.com; Urynowicz, Jean M <jean.urynowicz@sun.com>; Dawson, Kathleen A <kathleen.dawson@sun.com>; Wagner, Holly M <holly.wagner@sun.com>; matth@auditroyalties.com; Melnick, Michael R <michael.melnick@sun.com> |
| **Subject:** | Re: RE: RE: Netbula Conference Call |

Carmel,

I agree to your condition. It is also our intention to resolve this dispute without litigation as long as StorageTek acts in good faith and respects our IP rights fully. In case of a breakdown of the talk, the information you will supply will be subjected to the NDA we signed. Information you will provide will be held confidential unless we had it previously, obtain/will obtain ourselves, or it's public or under other conditions where the NDA has made clear.

Regards,

Don

------------------------
"Gill, Carmel C" :

Don,

I would like to send you some information before our
call today. Before doing so, I'd like to make sure that we have in place
an agreement that any information shared by the parties in the course of these
discussions is in an attempt to settle a dispute and not admissible in any
litigation. Of course, we are hoping that we will be successful in
resolving this matter and that there will be no litigation.

Could you please confirm this
agreement?

Also, please note that I inadvertently added mrahle@s-elaw.com to an earlier
email. She has nothing to do with this matter, and should not be
copied.

Thank you.

Carmel

From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Tuesday, October 25, 2005 5:15 PMTo: Gill, Carmel
CCc: ydx@netbula.com; mrahrle@s-elaw.com; Urynow! icz, Jean M; Dawson,
Kathleen A; Wagner, Holly M; matth@auditroyalties.com; Melnick, Michael
RSubject: Re: RE: Netbula Conference Call

Carmel,This is a reminder of the call on Wednsday and we have not
received the additional information. We need at least a few hours to digest any
additional data before the call.Also, it would be very hepful if there is a
product manager familiar with the LibAttach product line participating the
call.
Regards,
Don-----------------------"Gill, Carmel C"

**REDACTED**

**CONFIDENTIAL**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**STK00000228**

REDACTED

REDACTED

CONFIDENTIAL
STK00000229

REDACTED

REDACTED

CONFIDENTIAL

STK00000230

# EXHIBIT D

**NETBULA, LLC**
*RPC and Web Technologies*

To: Sun Microsystems, Inc ("Sun"), Sun StorageTek, Storage Technology Corporation("StorageTek"), Julie DeCecco(Assistant General Counsel, SUN)

2777 Alvarado Street, Suite C
San Leandro, CA 94577
Tel: 1-800-975-8796
Fax: 1-510-291-2237

# NOTICE OF TERMINATION OF

# NETBULA – STORAGETEK LICENSE AGREEMENTS

In March 2000, Netbula and StorageTek signed a license agreement ("the 2000 agreement") that granted StorageTek a limited license for StorageTek to use Netbula PowerRPC under Windows NT, Windows 98 or Windows 95. Under "the 2000 agreement", StoragTek purchased one (1) 1000 copy license to distribute the Netbula PowerRPC runtime to up to 1000 computers running Windows NT (or lower).

In March 2004, Netbula and StorageTek signed a second license agreement ("the 2004 agreement") that granted StorageTek a limited license for StorageTek to use Netbula PowerRPC under Windows 2003, Windows XP, Windows 2000, Windows NT, Windows 98, or Windows 95. Under "the 2004 agreement", StoragTek purchased one (1) 1000 copy license to distribute the Netbula PowerRPC runtime to up to 1000 machines running Windows 2003 (or lower).

In both "the 2000 agreement" and "the 2004 agreement", StorageTek agreed to respect Netbula's copyrights in PowerRPC, which are protected by U.S. federal copyright laws and international copyright laws and treaties.

Except the 1000 copies licensed by StorageTek in year 2000 for Windows NT(or lower) and the 1000 copies licensed by StorageTek in 2004 for Windows 2003 (or lower), all other copies of PowerRPC runtime made by or through StorageTek and SUN are illegal pirated copies. Netbula concludes that StorageTek and SUN's infringed and continues to infringe Netbula's copyrights. "The 2000 agreement" and "the 2004 agreement" are therefore **TERMINATED, effective immediately.** SUN and StorageTek are further **NOTIFIED** that any **PAST, PRESENT AND FUTURE** use, copying, distribution and adaptation of Netbula PowerRPC (including any of its components and generated source code) exceeding the scope and limit of the license grant constitute infringement of Netbula's copyrights and violation of copyright laws.

DON YUE
Netbula, LLC
DATE: November 27, 2006

www.netbula.com

**CONFIDENTIAL d**    STK00000924

# EXHIBIT E

# Delaware

## The First State

PAGE 1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF OWNERSHIP, WHICH MERGES:

"STORAGE TECHNOLOGY CORPORATION", A DELAWARE CORPORATION,

WITH AND INTO "SUN MICROSYSTEMS, INC." UNDER THE NAME OF "SUN MICROSYSTEMS, INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-SECOND DAY OF DECEMBER, A.D. 2006, AT 1:50 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF OWNERSHIP IS THE FIRST DAY OF JANUARY, A.D. 2007, AT 12 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2101822    8100M

061180994

AUTHENTICATION: 5308375

DATE: 12-26-06

CERTIFICATE OF OWNERSHIP AND MERGER
MERGING
STORAGE TECHNOLOGY CORPORATION
INTO
SUN MICROSYSTEMS, INC.
(Pursuant to Section 253 of the Delaware General Corporation Law ("DGCL"))

Sun Microsystems, Inc. (the "Company"), a corporation organized and existing under the laws of the State of Delaware, does hereby certify that:

1. Storage Technology Corporation, a Delaware corporation (the "Subsidiary"), was incorporated on August 11, 1969, pursuant to the DGCL and is existing thereunder.

2. The Company was incorporated on September 17, 1986, pursuant to the DGCL and is existing thereunder.

3. The Company owns of record 100% of the outstanding shares of common stock of the Subsidiary (the "Shares"), the Shares being the only stock of the Subsidiary outstanding.

4. The board of directors of the Company adopted the resolutions attached as Exhibit A hereto, at a Board meeting held on September 21, 2006, providing for the merger (the "Merger") of the Subsidiary with and into the Company, which resolutions have not been amended or rescinded and are in full force and effect.

5. The Company shall be the surviving corporation in the Merger and from and after the time of the Merger.

6. After the time of the Merger the Subsidiary shall no longer be a separate corporation.

IN WITNESS WHEREOF, the undersigned has caused this Certificate of Ownership and Merger to be duly executed in its corporate name by its duly authorized officer.

Dated: December 22, 2006

SUN MICROSYSTEMS, INC.

By: /S/ CRAIG NORRIS
Name: Craig Norris
Title: Assistant Secretary

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:58 PM 12/22/2006*
*FILED 01:50 PM 12/22/2006*
*SRV 061180994 - 2101822 FILE*

Exhibit A

**MERGER OF STORAGE TECHNOLOGY CORPORATION**

WHEREAS, on June 1, 2005, the Board approved the acquisition of Storage Technology Corporation, a Delaware corporation ("StorageTek") by the Company (the "StorageTek Acquisition");

WHEREAS, pursuant to the StorageTek Acquisition on August 31, 2005, the Company acquired all of the issued and outstanding shares of StorageTek and StorageTek became a wholly-owned subsidiary of the Company; and

WHEREAS, since the consummation of the StorageTek Acquisition, the Company has undertaken actions to integrate the business operations of StorageTek into the Company's operations and the Company will have fully integrated such business operations with those of the Company by January 1, 2007, it is deemed to be in the Company's best business interests to merge StorageTek with and into the Company on such date.

IT IS THEREFORE RESOLVED, that StorageTek be merged with and into the Company, and that the Company assume all of StorageTek's liabilities and obligations (the "Merger");

RESOLVED FURTHER, that the officers of the Company, individually or collectively, are hereby authorized and empowered to take any and all actions which they, in their sole discretion, may deem necessary or advisable to effect the merger of StorageTek with and into the Company, including, but not limited to, the filing of a certificate of ownership and merger and such other documents with the Secretary of State of the State of Delaware as may be required by law;

RESOLVED FURTHER, that the Merger will be effective as of 12 a.m. on January 1, 2007;

RESOLVED FURTHER, that the officers of the Company, individually or collectively, are hereby authorized and empowered to take any and all such actions and do all such things, and to file any such documents or certificates whatsoever as are necessary or proper to provide evidence of and to effect the Merger in the various states wherein either StorageTek or the Company are qualified to do business; and

RESOLVED FURTHER, that the officers of the Company be, and each hereby individually is, authorized and empowered to execute all documents and take whatever action is deemed necessary or advisable to carry out and perform the obligations of the Company as set forth in the resolutions above, and all actions taken by such officer or officers prior hereto with such purpose are hereby ratified.