

LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    (415) 875-2300
Facsimile:    (415) 281-1350

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION, SUN
MICROSYSTEMS, INC., EMC CORPORATION,
VERITAS SOFTWARE CORPORATION, and
DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NETBULA, LLC, a Delaware limited liability company,

                    Plaintiff,

          v.

STORAGE TECHNOLOGY
CORPORATION, a Delaware corporation;
SUN MICROSYSTEMS, INC., a Delaware
corporation; INTERNATIONAL
BUSINESS MACHINES CORPORATION,
a New York corporation; EMC
CORPORATION, a Massachusetts
corporation; VERITAS SOFTWARE
CORPORATION, a Delaware corporation;
DARDEN RESTAURANTS, INC., a
Florida corporation; and DOES 1-100,
inclusive,

                    Defendants.

Case No. C-06-07391-MJJ

**DECLARATION OF LISA RADY IN
SUPPORT OF  REPLY REGARDING
MOTION FOR SUMMARY JUDGMENT
OR SUMMARY ADJUDICATION AS TO
LICENSE ISSUES**

Date:        December 13, 2007
Time:        3:00 P.M.
Dept:        Courtroom 11
Judge:      The Honorable Martin J. Jenkins

/ / /

/ / /

RADY DECL. RE MOTION FOR SUMMARY
JUDGMENT OR SUMMARY ADJUDICATION

CASE NO. C-06-07391-MJJ

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    I, LISA RADY, declare as follows:

2

3    1.    I am a storage program manager for Sun Microsystems, Inc. ("Sun").  Before

4    working for Sun, I was employed by Storage Technology Corporation ("StorageTek"), as a

5    software and systems engineer until 2002 and then a program manager thereafter.  I make the

6    following statements based upon my personal knowledge and, if called upon to testify, could and

7    would testify competently to the matters stated herein.

8    2.    This declaration is to reply to statements made in Plaintiff's Opposition to

9    Defendants' Motion for Summary Judgment or Summary Adjudication of as to License Issues

10    ("Opposition"). I have been advised that the Opposition refers to me as "the program manager in

11    charge of LibAttach development at StorageTek." Actually, I had no involvement with

12    developing Library Attach software until 2004 when I assisted with the development of version

13    1.3. I did not participate in the selection of Netbula's RPC software for LibAttach, since

14    LibAttach already was using Netbula's software when I became the program manager for

15    LibAttach. I have never seen or reviewed any license agreements between Netbula and

16    StorageTek. I was not involved with and had no awareness of StorageTek's licensing negotiations

17    with Netbula in 2000. My only knowledge of Netbula's 2000 and 2004 written license

18    agreements with StorageTek is from what others have told me.

19    3.    I further understand that the Opposition describes March 2004 e-mails to or from

20    me as evidence of how license agreements between StorageTek and Netbula should be

21    interpreted. For instance, in two March 2, 2004 e-mails described in Exhibits 18 and 19 of

22    Dongxiao Yue's Declaration in support of the Opposition ("Yue Decl."), I referred to 1,000, the

23    number of copies of Plaintiff's runtime files that I understood StorageTek had paid for up to that

24    time and to our need to be compliant with our contract with Netbula. I understood that

25    StorageTek would need to send another payment to Netbula as compensation for copies we

26    distributed beyond 1,000.  I did not make these comments with any knowledge about whether

27    StorageTek was legally obligated to pay Netbula before or after distributing additional copies

28    beyond 1,000, or to keep track of the quantities distributed in any particular way. I did not and do

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   not know what remedies Netbula might have if we distributed copies before paying for them or

2   without tracking them in a manner Netbula wanted. I never stated that shipping additional

3   LibAttach without first paying Netbula would be copyright infringement, nor do I believe that I

4   am qualified to make that determination, since I have never read the license agreements and am

5   not a lawyer.

6        4.      I also understand that the Opposition refers to March 2, 2004 e-mails in which I

7   stated, "Engineering will need to provide what specific platform they require," and "Can you

8   respond to Mike Melnick regarding what platform you need for Netbula? . . . The CD you gave

9   me was for Windows NT/95/98." *See* Yue Decl. Exhs. 14, 19. As I was addressing the needs of

10  the development team, these e-mails referred to the platform on which the engineers would be

11  using Netbula's SDK. I was not referring to the platform on which customers might use

12  LibAttach, and I was not implying that Netbula's license restricts StorageTek's customers from

13  using LibAttach on certain platforms. I do not believe that I am qualified to make that legal

14  determination, since I have never read the license agreements and am not a lawyer. As stated in

15  my e-mail, my information about platform limits for use of the SDK was just based on a label on

16  the CD, not any license agreement.

17       5.      I further understand that the Opposition refers to a March 12, 2004 document

18  stating that LibAttach did not have a license key and that the "software has been copied,

19  uncontrolled, for several years." *See* Yue Decl. Exh. 21. This sentence simply means that

20  LibAttach was distributed without a security key or technical copy controls, like many other

21  software products (including, of course, Netbula's RPC software).  A customer is physically able

22  to make an additional copy that software, whether or not they have licensed additional copies.

23  This sort of honor system with customers is no different from any other software that is

24  distributed without copy controls.

25  //

26  //

27  //

28  //

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    Executed on November 19, 2007.

4

5                                                    /S/  LISA RADY

6                                                    Lisa Rady

7

8

9

10

11

12                              **ATTORNEY ATTESTATION**

13    Pursuant to General Order 45, I hereby attest that that concurrence in the filing of this

14    document has been obtained from the signatory indicated by a 'conformed' signature (/S/) within

15    this efiled document.

16

17                                                    /S/ LIWEN MAH

                                                     Liwen Mah

18

19    25689/00400/LIT/1276421.2

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO