LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION,
SUN MICROSYSTEMS, INC., EMC
CORPORATION, and DARDEN
RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. C-06-07391-MJJ<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO SUMMARY JUDGMENT MOTION**<br><br>Date:    December 13, 2007<br>Time:   3:00 P.M.<br>Dept.:  Courtroom 11<br>Judge: The Honorable Martin J. Jenkins |
| AND RELATED COUNTERCLAIMS | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Defendants Storage Technology Corporation ("StorageTek"), EMC Corporation

2    ("EMC"), and Darden Restaurants, Inc. ("Darden") and Defendant and Counterclaimant Sun

3    Microsystems, Inc. ("Sun") (collectively, "Defendants") respectfully submit the following

4    objections to evidence submitted by Plaintiff Netbula, LLC ("Netbula") in opposition to

5    Defendants' Motion for Summary Judgment or Summary Adjudication as to License Issues.

6    Defendants request that the Court disregard the following materials for the reasons set forth

7    herein.

8    **I.    INTRODUCTION AND SUMMARY**

9    As discussed in Defendants' reply papers filed and served herewith, even if all of

10   Plaintiff's so-called "evidence" were considered, Defendants would be entitled to summary

11   judgment because Plaintiff is unable to establish a genuine issue of material fact with respect to

12   any of its claims. In fact, however, much of the material submitted by Plaintiff is inadmissible.

13   Plaintiff's Opposition primarily relies on extrinsic evidence of the contracts' meaning, but

14   as discussed in Defendants' opening brief and reply, such extrinsic evidence is inadmissible to

15   interpret the complete and integrated License Agreements. Plaintiff cites noncontemporaneous

16   statements by StorageTek employees—nearly all lacking any personal knowledge of the actual

17   written license terms—statements that are inadmissible to show that StorageTek's license has the

18   conditions that Plaintiff alleges. Furthermore, in clear violation of Plaintiff's agreement with

19   StorageTek during prelitigation settlement discussions, Plaintiff even submits as evidence

20   statements and information that the parties exchanged with the commitment that such statements

21   and information were not to be allowed in any subsequent litigation.

22   Plaintiff submits a single declaration, by its principal, Dongxiao "Don" Yue.  This

23   declaration and its exhibits contain hearsay unaccompanied by any attempt to present a basis for

24   an exception; rank conjecture, opinion, and legal conclusions; and purported "evidence" with no

25   conceivable relevance.  In particular, Dr. Yue appears to disregard that this phase of this litigation

26   and Defendants' present motion for summary judgment are limited to license issues as they relate

27   to Defendants' defense against Plaintiff's claims of copyright infringement. Many facts submitted

28   by Dr. Yue are simply irrelevant to this phase.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Additionally, Plaintiff now seeks to rely on a new "evidence" of fraudulent inducement,

2  that is entirely irrelevant given an on-the-record stipulation during Plaintiff's 30(b)(6) deposition

3  that Plaintiff was not challenging Defendants' license defense by claiming the licenses were

4  fraudulently induced.

5  In motions under Rule 56, these deficiencies are not trivial technicalities—they go to the

6  heart of what a plaintiff must do to defeat summary judgment. Plaintiff remarkably suggests that

7  a party opposing summary judgment may do so with inadmissible evidence. *See* Opp. at 14:3-10.

8  Nevertheless, it is fundamental that Plaintiff must submit *admissible* evidence to establish the

9  existence of a material disputed fact. *See Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002)

10  (affirming summary judgment for defendant where plaintiff's evidence presented in opposition

11  was inadmissible); *see also* Fed. R. Civ. P. 56(e).[1] Hearsay, unauthenticated documents, out-of-

12  context excerpts, and evidence with no foundation do not suffice, and are not to be considered by

13  courts in ruling on motions for summary judgment or summary adjudication. *See Block v. City of

14  Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) (deciding that consideration of a declaration's

15  facts not based on personal knowledge was an abuse of discretion because such facts were

16  inadmissible). Plaintiff here has consistently failed to submit evidence meeting the threshold

17  requirements of admissibility.

18  The Court therefore should exclude the following objectionable materials:

19  1.  **EXTRINSIC EVIDENCE BEYOND THE FOUR CORNERS OF

20  STORAGETEK'S WRITTEN LICENSE AGREEMENTS WITH PLAINTIFF**: When

21  determining the scope of the licenses, "[t]he language of a contract is to govern its interpretation,

22  if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638.

23  Words of a contract "are generally to be understood in their ordinary and popular sense." *Beck v.

24  _____

25  [1] The point made in *Fraser* and the other cases cited by Plaintiff is simply an
acknowledgment that Rule 56 permits parties to introduce evidence in a *form* that would not be

26  permitted at trial. *See Fraser*, 342 F.3d at 1036-37. For example, Rule 56(c) permits parties to
submit affidavits in lieu of deposition testimony or live testimony, which would not be permitted

27  at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper
summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in

28  Rule 56(c).").

*American Health Group Int'l, Inc.*, 211 Cal. App. 3d 1555, 1562 (Cal. Ct. App. 1989). For a written contract, "the intention of the parties is to be ascertained from the writing alone." Cal. Civ. Code § 1639. When the parties to a written instrument have agreed that it is the exclusive and final embodiment of their contract, the written contract is integrated and parol evidence is inadmissible to alter or enlarge its terms. *Brawthen v. H & R Block, Inc.*, 28 Cal. App. 3d 131, 135 (Cal. Ct. App. 1972); *see also* Cal. Code Civ. Proc. § 1856(d); *Larsen v. Johannes*, 7 Cal. App. 3d 491, 500 (1970) (noting that whether an instrument is integrated is a question for the court). If on its face a writing purports to be a complete and final expression of the agreement, parol evidence is excluded. *Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). The rationale for such exclusion is that "[t]estimony of intention which is contrary to a contract's express terms . . . does not give meaning to the contract: rather it seeks to substitute a different meaning." *Bionghi v. Metropolitan Water Dist.*, 70 Cal. App. 4th 1358, 1369 (Cal. Ct. App. 1999).

2.    **HEARSAY:**  Hearsay evidence cannot be used to oppose summary judgment. *See Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 n.4 (9th Cir. 1995) (inadmissible hearsay cannot be used to defeat summary judgment); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997); *In re Cypress Semiconductor, Inc. Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) (hearsay evidence cannot be considered in summary judgment proceedings), *aff'd*, 113 F.3d 1240 (9th Cir. 1997).

3.    **IRRELEVANT EVIDENCE:**  Irrelevant evidence cannot be considered in summary judgment proceedings. *See* Fed. R. Evid. 402; *see also*, *e.g.*, *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1994) (affirming trial court's refusal to consider irrelevant evidence on summary judgment); *QR Spex, Inc. v. Motorola, Inc.*, No. 03-6284, 2004 U.S. Dist. LEXIS 27378, at *25-26, 31-32 (C.D. Cal. Oct. 28, 2004) (testimony of summary judgment opponent's expert was properly excluded because not relevant to issues raised in summary judgment proceedings; granting summary judgment).

This Court has limited this initial phase of the litigation to **license/contract issues** ("Initial Phase") as they relate to Defendants' license defense against claims of copyright infringement.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Docket No. 51. Thus, evidence about software authorship, copyright registration, or Plaintiff's

2  corporate history, for example, is not relevant to Defendants' present motion for summary

3  judgment.

4       In addition, as new claims not alleged in the pleading are not to be considered as part of an

5  opposition to summary judgment, evidence offered in support of those new claims are irrelevant

6  to the allegations made in the operative pleadings. *See 389 Orange St. Partners v. Arnold*, 179

7  F.3d 656, 665 (9th Cir. 1999); *see also Hughes Aircraft*, 22 F.3d at 1439. In particular, evidence

8  in support of new allegations or theories of fraud should not be considered when first raised in

9  opposition to summary judgment. *See, e.g.*, *Samuels v. Wilder*, 871 F.2d 1346, 1349-50 (7th Cir.

10  1989) (district court properly disregarded facts Plaintiff introduced in opposition to summary

11  judgment to expand fraud claims and considered only averments of fraud pleaded with

12  particularity in complaint); *In re Broadcom Corp. Sec. Litig*., No. SA CV 01-275, 2004 U.S. Dist.

13  LEXIS 28088, at *7 n.3 (C.D. Cal. Nov. 23, 2004) (refusing to consider additional fraudulent

14  omissions in opposition to summary judgment not alleged in second amended complaint); *In re*

15  *Andrx Corp*., 296 F. Supp. 2d 1356, 1366-67 (S.D. Fla. 2003) (refusing to consider Plaintiff's

16  attempt to recast securities fraud claim in summary judgment opposition based on new theory of

17  how defendants misled the market); *see generally In re Bristol-Myers Squibb Sec. Litig.*, 228

18  F.R.D. 221, 229-30, 2005 U.S. Dist. LEXIS 15628 (D.N.J., Apr. 27, 2005).

19       Furthermore, the parties here have stipulated that fraudulent inducement is not at issue

20  during the Initial Phase. *See* Declaration of Jedediah Wakefield in Support of  Reply Regarding

21  Motion for Summary Judgment or Summary Adjudication as to License Issues ("Wakefield

22  Decl.") ¶ 3, Exh. B. During Sun's deposition of Netbula's Rule 30(b)(6) Witness, Dongxiao Yue,

23  taken on September 12, 2007, Defendants' counsel sought Netbula's testimony regarding the

24  alleged misrepresentations that form the basis of its fraud claim.  Netbula's counsel of record

25  objected. Defendants' counsel asked whether it was Netbula's position "the fraud claim doesn't

26  go to whether the agreement actually exists," and sought clarification that Netbula would not

27  claim, in opposing summary judgment, that Defendants "don't get the benefit of that contract

28  because there was a fraud."  *See id*. [170:19-171:23]. Netbula's counsel responded, "The fraud

claims has nothing to do with whether there was a contract." *Id.* [172:9-12]. After conferring with her client, Netbula's counsel reiterated Netbula's position that its copyright claims were not based on alleged fraudulent inducement of the 2004 Agreement: "Plaintiff has not asserted that there – that there is a copyright claim because of the fraud and inducement of the 2004 agreement. That has not been Plaintiff's contention." *Id.* [176:12-177:21]. On the basis of this representation, Defendants refrained from further questioning Netbula on the basis of its fraud claim. *Id.* [178:2-3].

4.      **LACK OF PERSONAL KNOWLEDGE/FOUNDATION**: A fact witness may not testify to a matter unless the witness has personal knowledge of the matter. Fed. R. Evid. 602. Fed. R. Civ. Pro. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge."); *Orr*, 285 F.3d at 774 n.9; *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965 (C.D. Cal. 2006) ("Declarations submitted in conjunction with summary judgment proceedings must… be based on personal knowledge."). Further, "[a] declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient." *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990). A declarant must show personal knowledge and competency "affirmatively," under Rule 56(e), for example, by "the nature of the declarant's position and nature of participation in matter." *Id.*; *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1023 (N.D. Cal. 2006).

5.      **LAY OPINION/LEGAL CONCLUSIONS AS TO CONTRACTS' MEANING:** The mere assertion of the legal conclusions about the meaning of an agreement is not admissible evidence to withstand summary judgment *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006) (noting that witness testimony including reading part of a contract is permissible "because it does not interpret the contract"); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) (barring witness' "legal opinions as to the meaning of the contract terms at issue" because the "special legal knowledge of the judge makes the witness' testimony superfluous"); *Snap-On, Inc. v. Ortiz*, 1999 U.S. Dist. LEXIS 12104, at *49 (N.D. Ill. 1999) (barring testimony about legal significance of contract because "[i]n matters of contractual interpretation, legal questions are for the court").

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.  **CONTRADICTION OF STIPULATION:** A party is bound by its stipulations. *Holland Livestock Ranch v. United States*, 714 F.2d 90, 93 (9th Cir. 1983) (rejecting party's attempt to contradict a stipulation relating to summary judgment proceedings). Such stipulations include those stated by counsel on the record during a deposition. *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 475-76 (5th Cir. 2001). To avoid discovery on the topic of whether the 2004 SDK License and Distribution License were fraudulently induced, Plaintiff's counsel stipulated on the record in deposition that during the Initial Phase of this litigation, Plaintiff would not argue that they were fraudulently induced.

7.  **SETTLEMENT COMMUNICATIONS:** In addition, Plaintiff and Sun/StorageTek agreed in October 2005 that information and communications exchanged during subsequent settlement negotiations or efforts to compromise would be inadmissible in this litigation. Declaration of Julie DeCecco in Support of Reply Regarding Motion for Summary Judgment or Summary Adjudication as to License Issues ("DeCecco Decl."), ¶¶ 3-4, Exhs. B & C.

## II.  OBJECTIONS TO YUE DECLARATION.

Defendants' make the following objections:

| Plaintiff's Inadmissible Evidence | Bases for Objection |
| --- | --- |
| **1. Yue Declaration ¶ 7,** <br><br> Like many people in America, such as those individuals who started from the garages of their homes and created global enterprises, I had hoped to establish a technology business with my PowerRPC software as the starting point. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Dr. Yue's personal aspirations and his purpose for creating Netbula are irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. |
| **2. Yue Declaration ¶ 9,** <br> Like most software companies, the existence of my software business depended on receiving a license fee for each copy of its software made or distributed by its customers. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Plaintiff's business model is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. <br><br> Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue establishes no personal knowledge with respect to the business models or licensing practices of "most software companies." He establishes no |

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | personal knowledge about how Plaintiff compares to "most software companies." |
| | Objection – Hearsay. *See* Fed. R. Evid. 801(c); 802. Dr. Yue is testifying apparently as to the unattested content of license agreements of other software companies. |
| **3. Yue Declaration ¶ 10,**<br><br>In retrospect, judging from the information I acquired from the recent lawsuits against BindView and StorageTek, my PowerRPC software had been widely distributed, but Netbula did not receive the license fees for the copies distributed. | Objection – Irrelevant. Fed. R. Evid. 401, 402. Whether BindView or any other company distributed Plaintiff's software or paid license fees to Plaintiff is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff.<br><br>Objection – Hearsay/Foundation. *See* Fed. R. Evid. 801(c); 802. Unidentified information in a prior lawsuit is both hearsay and without personal knowledge.<br><br>Objection – Legal Conclusion. Dr. Yue's statement is a legal conclusion that Plaintiff "did not receive the license fees for the copies distributed," to the extent that Dr. Yue is opining about what Plaintiff is due. |
| **4. Yue Declaration ¶ 11,**<br><br>Over the years, several people worked for Netbula on various projects for extended period of time, such as testing the Netbula RPC products, writing code and documentation for other software, doing marketing and sales work. However, because Netbula did not receive sufficient license revenue, I was unable hire these people as full-time employees. Netbula paid them as consultants. I was the only person who wrote the code for the Netbula RPC software. | Objection – Irrelevant. Fed. R. Evid. 401, 402. In light of the undisputed fact that Dr. Yue was Plaintiff's only employee who negotiated the license agreements between Plaintiff and StorageTek, it is irrelevant what consultants Plaintiff had or what roles they had. *See* Yue Decl. ¶ 17. At best, only Dr. Yue's employment and role is relevant to the terms of Plaintiff's licenses with StorageTek |
| **5. Yue Declaration ¶ 12,**<br><br>I did not assign or transfer the copyrights in my earlier works created before July 24, 1996 to Netbula, LLC. The Netbula RPC software products were derivative works of these earlier unpublished works that I authored. | Objection – Irrelevant. Fed. R. Evid. 401, 402. Whether Dr. Yue has copyrights other than the copyrights in suit, whether he assigned them, and whether Plaintiff had the right to license its RPC software to StorageTek is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Moreover, the relationship of the copyrights in suit to other works is irrelevant to the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff.<br><br>Objection – Legal Conclusion. To the extent that |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | Dr. Yue is opining about what constitutes an assignment, transfer, or derivative work, Dr. Yue's statement includes legal conclusions and also constitutes an improper lay opinion. |
| **6. Yue Declaration ¶ 14,**<br><br>Netbula registered the copyrights for various versions of its RPC software, which incorporated my pre-Netbula works and were derivative works of my pre-Netbula works. Netbula became the owner of the copyrights of these derivative works under the work-for-hire doctrine. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Whether Dr. Yue has registered copyrights, the manner in which Plaintiff owned them, and whether Plaintiff had the right to license its RPC software to StorageTek is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis a vis the scope of its licenses with Plaintiff.  Moreover, the relationship of the copyrights in suit to other works is irrelevant to the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff.<br><br>Objection – Legal Conclusion.  To the extent that Dr. Yue is opining about what constitutes a copyright registration, what that registration incorporates, what constitutes a derivative work or a work for hire, or how one may become an owner of a copyright, Dr. Yue's statement includes legal conclusions and also constitutes an improper lay opinion. |
| **7. Yue Declaration ¶ 16,**<br>On September 26, 2007, Netbula executed a written copyright assignment, transferring all exclusive rights in all Netbula PowerRPC and Netbula ONC RPC created before January 1, 2007 back to Dr. Dongxiao Yue -- me. Attached **Exhibit 2** is a true copy of the copyright assignment. The copyright assignment further assigned all related claims to me. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Whether Dr. Yue assigned copyrights and whether Plaintiff had the right to license its RPC software to StorageTek is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. |
| **8. Yue Declaration ¶ 18,**<br>On January 18, 2000, a StorageTek manager named Don B. Carroll emailed Netbula to inquire about getting a full version of Netbula ONC RPC. Mr. Carroll wrote: Is there anyway we can get the full version of ONC RPC for testing and evaluation? We have an existing product that we are tying to replace MKS NutCracker RPC with your product. Our product has far more than 6 RPC functions. We are unable to properly | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 3**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| evaluate your product with these limitations. The product we are working on is for re-sale and not internal use. We are a large company and it would not be wise for us to distribute this software unlicensed. We are willing to sign agreements to this affect.<br><br>Attached **Exhibit 3** is a true copy of this email. | |
| **9. Yue Declaration ¶ 19,**<br>On February 7, 2000, Michael Melnick of StorageTek emailed Netbula, inquiring about "the purchase of 8 developer licenses" and "a limited application distribution agreement."<br><br>Attached **Exhibit 4** is a true copy of this email. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including **Exhibit 4**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **10. Yue Declaration ¶ 20,**<br><br>In 2000, Netbula's only way of marketing its RPC software was on its website, which provided price and license information for its products. Netbula's sales records show that from January 2000 to December 2006, Netbula sold RPC distribution licenses in "paks" of different sizes, each pak granted a customer the right to make or distribute certain number of copies of the Netbula runtime software. | Objection – Irrelevant. Fed. R. Evid. 401, 402. Information purportedly on Plaintiff's website seven years ago and never seen by Defendants or information in its sales records is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Dr. Yue's declaration does not establish that information on the website was incorporated into the licenses at issue. Information about Plaintiff's "paks" or pricing for other customers is irrelevant to what Plaintiff licensed to StorageTek.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. To the extent that Plaintiff seeks to use the website as evidence of pricing or licensing terms appearing therein, such evidence is inadmissible because Dr. Yue's declaration does not attach the original or accurate copy of the website.<br><br>Objection – Legal Conclusion. To the extent that Dr. Yue is opining about what rights were included in RPC distribution licenses, Dr. Yue's statement includes legal conclusions and also constitutes an improper lay opinion.<br><br>Objection – Hearsay. The contents of Netbula's website and sales records are out-of-court |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | statements, not under oath. To the extent they are offered to prove the truth of the matters asserted therein, they are hearsay. |
| **11. Yue Declaration ¶ 21,** <br><br> In February 2000, the 20-pak, which granted a customer the right to make 20 copies of the runtime software, was priced at $1000. Attached **Exhibit 5** contains true copies of business records (with confidential information such as credit card numbers redacted) evidencing the $1000 price for the 20-pak. One such record was a purchase order submitted by a customer on February 28, 2000, which showed that a customer made an order for "Netbula ONCRPC for WIN32 Runtime license (for 20 machines runtime) – Platforms: Windows NT workstation V 4.0)", the price was "US $1,000.00". | Objection – Irrelevant.  Fed. R. Evid. 401, 402.  This information in Plaintiff's sales records for other customers is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Information about Plaintiff's "paks" or pricing for other customers is irrelevant to what Plaintiff licensed to StorageTek. Plaintiff has not alleged that StorageTek licensed a 20-pak. <br><br> Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 5**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). <br><br> Objection – Legal Conclusion.  To the extent that Dr. Yue is opining about what rights were included in RPC distribution licenses, Dr. Yue's statement includes legal conclusions and also constitutes an improper lay opinion. |
| **12. Yue Declaration ¶ 22,** <br> Netbula's sales records also show that in February 2000, the "limited application distribution license", which granted the right to make 1000 copies of the runtime software, was priced at $5995. Attached **Exhibit 6** (NBS2624-2626, CONFIDENTIAL) is a true copy of a purchase order sent by a customer on February 10, 2000 via fax. This fax was a print out of Netbula's web form at the time, which had the following description of the licensing terms (bold face and italics original): <br> **One development license is for one developer to use Netbula RPC (PowerRPC or ONC RPC) to develop client/server applications on one machine running one operating system (each UNIX flavor is a different OS). A Netbula ONC RPC limited application distribution license is for** <br> • installing applications developed using Netbula RPC tools | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Information purportedly on Plaintiff's website or in Plaintiff's sales records for other customers is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Information about Plaintiff's "paks" or pricing for other customers is irrelevant to what Plaintiff licensed to StorageTek. Dr. Yue's declaration does not establish that information on the website was viewed by Defendants or incorporated into the licenses at issue. <br><br> Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 6**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). <br><br> Objection – Legal Conclusion.  To the extent that Dr. Yue is opining about what rights were included in RPC distribution licenses, Dr. Yue's statement includes legal conclusions and also constitutes an improper lay opinion. <br><br> Objection—Hearsay.  To the extent the unidentified "sales records" and **Exhibit 6** are offered to prove the truth of the matters asserted therein, they are hearsay. |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| andsupporting infrastructure (DLLs, portmapper, etc)<br>• for one operating system<br>• on up to 1,000 (one thousand) machines for any number of users.<br><br>***Netbula may request you to conduct an audit to account the number of runtimes installed.*** | |
| **13. Yue Declaration ¶ 23,**<br><br>In February 2000, Netbula responded to Michael Melnick's inquiries; the two sides exchanged several email messages. Netbula gave the following price quote for licenses: (1) "ONC RPC Win32 developer license: $895 per developer per machine", (2) "PowerRPC limited distribution license: $6995 per platform", (3) "ONC RPC Win32 limited distribution license: $5995", and (4) "The limited distribution license is for distributing the DLLs and support programs to 1,000 machines." Attached **Exhibit 7** is a true copy of the string of emails between Netbula and StorageTek which contained the above license information and communications. Although the email did not specify per platform restriction for the ONC RPC Win32 limited distribution license, it was an accidental omission. The platform restrictions were on both PowerRPC and ONC RPC limited distribution licenses, as shown from the web page faxed back by a customer on February 10, 2000 (Exhibit 6). | Objection – Irrelevant. Fed. R. Evid. 401, 402. Information purportedly on Plaintiff's website or in Plaintiff's sales records for other customers is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Information about Plaintiff's license terms for other customers is irrelevant to what Plaintiff licensed to StorageTek. Dr. Yue's declaration does not state that information on the website or in other customers' agreements was incorporated into the licenses at issue here. Further, the contention that omission of platform restrictions was "accidental" is irrelevant, since even if parol evidence were considered, its only relevance would be as to the parties' objective manifestations of the contracts' meaning, not as to the parties' unstated beliefs.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 7**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection—Hearsay.  To the extent **Exhibit 7** (and Dr. Yue's description of it here) is offered to prove the truth of the matters asserted therein, it is hearsay. |
| **14. Yue Declaration ¶ 24,**<br><br>Per Mr. Melnick's request, Netbula also provided a license agreement template to StorageTek in the email communications referenced above. The license agreement reflected Netbula's license purchase terms described above. Mr. Melnick then made changes to the agreement and sent the modified version back to me on February 23, 2000. Attached **Exhibit 8** (Melnick, | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 8**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| Ex.8) is a true copy of the redlined version of the license agreement Mr. Melnick drafted. The texts with solid underline were added by Mr. Melnick. The texts in the boxes on the right side of the page were those deleted by Mr. Melnick. Mr. Melnick was the only StorageTek employee who drafted the changes. | |
| **15. Yue Declaration ¶ 27,**<br><br>The 2000 Agreement was an agreement to offer licenses for StorageTek to purchase. If StorageTek does not make a purchase, no license is granted. | Objection – Lay Opinion/Legal Conclusion Dr. Yue's belief or contentions as to what the agreement means or requires is his opinion on an issue to be decided by the court. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006) (noting that witness testimony including reading part of a contract is permissible "because it does not interpret the contract"); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) (barring witness' "legal opinions as to the meaning of the contract terms at issue" because the "special legal knowledge of the judge makes the witness' testimony superfluous"); *Snap-On, Inc. v. Ortiz*, 1999 U.S. Dist. LEXIS 12104, at \*49 (N.D. Ill. 1999) (barring testimony about legal significance of contract because "[i]n matters of contractual interpretation, legal questions are for the court").<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. Dr. Yue's statements are no more than his interpretation of the actual licenses, and he does not establish that the license agreements at issue incorporated anything from these statements. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **16. Yue Declaration ¶ 28,**<br><br>The Netbula software licenses were quantified by the number of copies. Each SDK license permitted use by one user on one computer. If one user used the SDK on two computers, two licenses must be purchased. If two users used the SDK on the same computer, two licenses must also be purchased. Such licensing condition was standard practice in the software industry. | Objection – Lay Opinion/Legal Conclusion Dr. Yue's belief or contentions as to what the agreements mean or require is his opinion on an issue to be decided by the court.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. Dr. Yue's statements are no more than his interpretation of the actual licenses (and it is not clear whether he is speaking about Plaintiff's licenses generally or StorageTek's licenses at issue here), and he does not establish that the license agreements at issue incorporated anything from these statements. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Legal Conclusion.  To the extent that Dr. Yue is opining about what the 2000 and 2004 |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | Agreements permitted, Dr. Yue's statements include legal conclusions and also constitute an improper lay opinion. |
| | Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue establishes no personal knowledge with respect to what was standard practice in the software industry. Determination of what was standard may require expertise, and Dr. Yue has not established expertise on that topic. |
| **17. Yue Declaration ¶ 29,** <br><br> A limited distribution license was for distributing 1000 copies -- 1000 individual runtime licenses purchased in bulk. | Objection – Lay Opinion/Legal Conclusion Dr. Yue's belief or contentions as to what the agreements mean or require is his opinion on an issue to be decided by the court. <br><br> Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. Dr. Yue's statement is no more than his interpretation of the actual licenses (and it is not clear whether he is speaking about Plaintiff's licenses generally or StorageTek's licenses at issue here), and he does not establish that the license agreements at issue incorporated anything from these statements. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **18. Yue Declaration ¶ 30,** <br><br> Each SDK and runtime license purchased under the 2000 Agreement were restricted to Windows NT and 98/95 platforms. The Netbula SDK software was used by StorageTek to develop software products (Software development includes writing code and testing). The Netbula SDK license granted StorageTek right to develop products under Windows NT and 98/95 only. | Objection – Lay Opinion/Legal Conclusion Dr. Yue's belief or contentions as to what the agreements mean or require is his opinion on an issue to be decided by the court. <br><br> Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. Dr. Yue's statement is no more than his interpretation of the actual licenses, and he does not establish that the license agreements at issue incorporated anything from these statements. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). <br><br> Objection – Lack of Personal Knowledge and Foundation. Rule 56(e) requires affidavits be made on personal knowledge. Fed. R. Civ. P. 56(e); *see also* Fed. R. Evid. 602. Dr. Yue does not establish that he has personal knowledge about what StorageTek did with Plaintiff's SDK software. |
| **19. Yue Declaration ¶ 31,** <br><br> Since 1998 or earlier, when Netbula delivered the RPC software to a customer, it always embedded the customer name and license information into the program itself, making the copy of software a customer received unique to that | Objection – Irrelevant. Fed. R. Evid. 401, 402. Information about what Plaintiff embeds into software software code is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Furthermore, Plaintiff's perceived distinctions between identically named files is irrelevant where |

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| customer. | the express language of the licenses lacks any mention of such distinctions. |
| **20. Yue Declaration ¶ 32,**<br>Over the years, Netbula embedded more and more detailed license information into the software itself, and this process was done by me personally. According to the records I examined, since May 1999, I always embedded the following information into the software itself: (1) customer name, (2) license type, (3) license quantity and (4) customer purchase invoice number.<br>When the SDK or runtime software ran, it would print a message with the above information on the computer screen. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Information about what Plaintiff embeds into software software code is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Dr. Yue's declaration does not state that embedded information or information on the screen was incorporated as terms into the licenses at issue here. |
| **21. Yue Declaration ¶ 33,**<br>If a customer requested the software to be delivered on a CD, I would record the customized software on the CD-RW media and create a CD label specific to the customer. The CD label was made from a template which always required the following information: (1) product name, (2) customer name, (3) license type, (4) license quantity and (5) invoice number. I would then affix the CD label on the CD-RW media and ship the CD to the customer. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Information about Dr. Yue's manufacture of CDs for delivery and his labeling of CDs is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Dr. Yue's declaration does not state that information on the CD or the CD label was incorporated as terms into the licenses at issue here.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. Dr. Yue does not establish that the license agreements at issue incorporated anything from these statements. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **22. Yue Declaration ¶ 34,**<br>If a customer made additional license purchases, it would receive new copies of the software with new invoice numbers embedded in them. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Information about how other customers made license purchases is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Dr. Yue's declaration describes what "would" happen to others, not what did happen with Defendants here.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. Dr. Yue's statement is no more than his interpretation of what Plaintiff licensed (and it is not clear whether he is speaking |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | about Plaintiff's licenses generally or StorageTek's licenses at issue here), and he does not establish that the license agreements at issue incorporated invoice numbers or embedded information in the software. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **23. Yue Declaration ¶ 35,** Pursuant to the 2000 Agreement, StorageTek issued a purchase order to Netbula for the purchase of eight (8) developer licenses and 1000 runtime licenses. Attached **Exhibit 10** (Melnick, Ex. 10) is a true copy of this purchase order dated March 3, 2000 (the "2000 Purchase Order"). I recorded the requested Netbula RPC software onto a CD-RW media. After the software was recorded, I affixed a label on the CD-RW media with the following information: name of the software, name of licensee ("StorageTek"), invoice number ("1605"), license type and license quantity ("8 Developers 1000 runtime"). The CD was described in an email written by a StorageTek manager named Lisa Rady (See Exhibit 14, A0056): I have a CD in my hand called "Netbula ONC RPC for Win32 Development Toolkit", licensed to StorageTek (1605) 8 Developers 1000 runtime. Inside the CD was the Receipt that included the PO number CCOL122576... Netbula mailed StorageTek the CD and invoiced StorageTek pursuant to the purchase order. The invoice number was 1605. StorageTek later paid invoice 1605 in full. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 10**, is inadmissible to construe it. Furthermore, Dr. Yue's excerpt of the Rady e-mail and Exhibits 10 and 14 are distinct from the licenses at issue here, and he does not establish that the license agreements at issue incorporated anything from these exhibits. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue states what Lisa Rady "described in an email" but establishes no personal knowledge with respect to what Lisa Rady was describing in the excerpted e-mail. |
| **24. Yue Declaration ¶ 36,** The 2000 Agreement was a "prepayment" agreement, which simply meant that StorageTek must first purchase the licenses to be redistributed in advance. Under the 2000 Agreement, StorageTek purchased 1000 runtime licenses, and it only had the right to distribute 1000 copies. | Objection – Lay Opinion/Legal Conclusion Dr. Yue's belief or contentions as to what the agreement means or requires is his opinion on an issue to be decided by the court. Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. Dr. Yue's statement is no more than his interpretation of what Plaintiff licensed, and he does not establish that the license agreements at issue incorporated anything from this |

Fenwick & West LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | statement. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **25. Yue Declaration ¶ 38,**<br><br>Attached **Exhibit 12** (Melnick, Ex. 21) is a true copy of an email message dated June 11, 2001 from a StorageTek developer named Anton Vatcky, whose telephone number indicated that he was in Australia. Mr. Vatcky wrote:<br><br>We at StorageTek currently use the NT version of PowerRPC in our product called REELs. We have a license agreement with Netbula for this specific version. Would it be possible to obtain a copy of the Win2K version of PowerRPC, to determine if our software will port OK to Win2K. … A separate licensing agreement would follow up if StorageTek determines that we will be able to sell our REEL software product for Win2K platforms. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 12**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Authentication. *See* Fed. R. Evid. 801(c); 802. Dr. Yue is testifying as to the unattested content of StorageTek documents to prove that content.<br><br>Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish Mr. Vatcky's knowledge of or participation in any negotiations of the 2000 and 2004 license agreements at issue. In fact, Mr. Vatcky never saw the contracts at issue and was incompetent to opine as to their meaning. Vatcky Decl. ¶ 2.<br><br>Objection – Hearsay. Mr. Vatcky's out of court statemenets are being offered for their truth, without proof of his qualification to bind StorageTek. |
| **26. Yue Declaration ¶ 39,**<br><br>On June 13, 2001, Netbula emailed Mr. Vatcky a copy of the evaluation version of Netbula PowerRPC for Win2K (Microsoft Windows 2000) (Netbula has a copy of this email sent to Mr. Vatcky and produced it in discovery.) But, StorageTek did not respond to Netbula to sign any agreement for Windows 2000. | Objection – Irrelevant. Fed. R. Evid. 401, 402. Information about evaluation versions of software products StorageTek did not license is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **27. Yue Declaration ¶ 40,**<br><br>Attached **Exhibit 13** (Melnick, Ex. 18) is a release notes document for StorageTek's Library Attach 1.1 software, the document is dated June 2000. Page 2 (A0050) of the document states "LibAttach 1.1 introduces support for Windows 2000 systems." Page 4 (A0052) of this document indicates that the "pwrrpc32.dll" module of Netbula RPC is included in LibAttach 1.1. The release notes for LibAttach 1.2 and 1.3 (not attached here) also show that they contain Netbula RPC software and were developed for Windows 2000. | Objection – Improper Authentication. Dr. Yue does not establish he is competent to authenticate **Exhibit 13** or "relase notes for LibAttach 1.2 and 1.3." Fed. R. Evid. 901; *Orr*, 285 F.3d at 773. The declarant must be a person through whom the exhibits could be admitted into evidence. *Blain's Helicopters*, 831 F.2d at 925.<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration impermissibly offers his interpretation of the "release notes for LibAttach 1.2 and 1.3" without providing the original or copy of those documents. |
| **28. Yue Declaration ¶ 41,** | Objection – Violates the "Best Evidence" Rule. Fed. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| When Mr. Melnick sent emails or faxes to sales@netbula.com, he sometimes greeted "Sales@Netbula" as "Jon" or "Yang". To the best of my knowledge, Netbula never used these names in its business. | R. Evid. 1002.  Dr. Yue refers to emails from Mr. Melnick but does not attach them. |
| **29. Yue Declaration ¶ 43,** On June 21, 2001, Tracy Gagnon, whose signature identifies her as "Program Manager, Backup & Recovery Software", sent an email to Mr. Melnick with the subject title "Netbula License Report for Audit 06/21 – REELNT Product": Enclosed are the Netbula licenses for the REELNT product I am showing to date. I arrived at these numbers by going through the history report from SCH. I am not sure if I have caught all the data points… Attached **Exhibit 14** (Melnick, Ex. 25) contains a true copy of this email message. A0057. | Objection – Improper Authentication.  Dr. Yue does not establish he is competent to authenticate **Exhibit 14** or communications from Ms. Gagnon to Mr. Melnick. Fed. R. Evid. 901; *Orr*, 285 F.3d at 773.  The declarant must be a person through whom the exhibits could be admitted into evidence.  *Blain's Helicopters*, 831 F.2d at 925. |
| **30. Yue Declaration ¶ 44,** On June 22, 2001, Michael Melnick responded to Netbula's audit request via email, stating, The license agreements requires [*sic*] us to provide the number of licenses distributed… The license count you request is 107, this leaves us the rights to distribute 893… Attached **Exhibit 15** is a true copy of this email message. | Objection – Irrelevant; Contradiction of stipulation.  To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibit 15** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |
| **31. Yue Declaration ¶ 45,** Attached **Exhibit 16** (Melnick, Ex. 26) is a true copy of an email message Michael Melnick sent Netubla on September 9, 2002, stating that StorageTek ceased distributing Netbula RPC. Mr. Melnick wrote: Jon, We no longer distribute the runtimes with our products. Our count remains the same as provided to you in June of 01. | Objection – Irrelevant; Contradiction of stipulation.  To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibit 16** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |
| **32. Yue Declaration ¶ 46,** Since Netbula's pricing for its RPC | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Information about Plaintiff's or its competitors' |

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| products was substantially lower than the price of a similar product of a competitor if purchased in large paks, it gradually increased its prices since 2000. | pricing is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff.<br><br>Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish his knowledge of what competitors' pricing or "similar product" was.<br><br>Objection – Irrelevant; Contradiction of stipulation. To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibits 15** and **16** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |
| **33. Yue Declaration ¶ 47,**<br>Attached **Exhibit 17** is a true copy of an agreement signed between Netbula and a customer in October 2003. This agreement had the following pricing terms (A0070):<br>[Customer] has paid NETBULA a one-time fee of $895.00 per developer license for all rights granted under this Agreement with respect to the NETBULA ONC RPC SDK Product and a one-time fee of $7995.00 for the right to distribute up to 1000 units of ONC RPC client runtime license. Client runtime License pricing has been defined as $680 for 20 licenses or $17,850 for 1000 license. Server runtime license pricing has been defined as $800 per unit…<br>The Customer in the above agreement purchased 1000 Netbula ONC RPC runtime licenses in May 2002 for $7,995.00. In 2003, the prices for Netbula's RPC products had risen (but were still below prices of similar products offered by a competitor). The Customer and Netbula renegotiated the above license agreement with the new pricing, which was "$680 for 20 licenses or $17,850 for 1000 license." | Objection – Irrelevant. Fed. R. Evid. 401, 402. Information in Plaintiff's sales records for other customers and **Exhibit 17** are irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Information about Plaintiff's pricing or negotiations with other customers is irrelevant to what Plaintiff licensed to StorageTek.<br><br>Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish his knowledge of what competitors' pricing or "similar products" were.<br><br>Objection—Hearsay. **Exhibit 17** reflects a purchase price of $7,995 for 1000 units. To the extent it recites that "pricing has been defined as…$17,850 for 1000 license," it is an out-of-count statement offered for its truth.<br><br>Objection – Irrelevant; Contradiction of stipulation. To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibit 17** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| **34. Yue Declaration ¶ 48,**<br>On March 2, 2004 at 10:06 AM, Lisa Rady, a program manager in charge of LibAttach development at StorageTek, sent an email to Michael Melnick, she wrote:<br>Hi, Mike, …As you can see, we have exceeded the 1000 distributions that we had right to, with Netbula… I think it is obvious that engineering has not and did not monitor the distribution on this product… Could you please contact Netbula and get a current quote for the rights to distribute another 1000 runtimes?<br>Attached **Exhibit 18** (Melnick, Ex. 37) is a true copy of this email message. | Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish Ms. Rady's knowledge of or participation in any negotiations of the 2000 and 2004 license agreements at issue.  In fact, Ms. Rady did not ever read the terms of the License Agreement and is not competent to testify as to their contents.  Rady Decl. ¶ 2. Dr. Yue does not establish a reliable basis for stating that Ms. Rady was or is "a program manager in charge of LibAttach development at StorageTek."<br><br>Objection – Improper Authentication.  Dr. Yue does not establish he is competent to authenticate **Exhibit 18** or communications from Ms. Rady to Mr. Melnick.  Fed. R. Evid. 901; *Orr*, 285 F.3d at 773.  The declarant must be a person through whom the exhibits could be admitted into evidence. *Blain's Helicopters*, 831 F.2d at 925.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 18**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Hearsay.  *See* Fed. R. Evid. 801(c); 802.  Dr. Yue is testifying as to the unattested content of documents to prove the facts stated without demonstrating any basis by which the author was competent to bind StorageTek.<br><br>Objection –  Irrelevant; Contradiction of stipulation. To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibit 18** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |
| **35. Yue Declaration ¶ 49,**<br>On March 2, 2004 at 10:52AM, Lisa Rady emailed Michael Melnick again:<br>I have a CD in my hand called "Netbula ONC RPC for Win32 Development Toolkit", licensed to StorageTek (1605) 8 Developers 1000 runtime. Inside the CD was the Receipt that included the PO number CCOL122576, your name as the buyer, and a date of 3/24/2000… Engineering will need to provide what specific platform they require. A0056. Responding to Ms. Rady's email | Objection – Improper Authentication.  Dr. Yue does not establish he is competent to authenticate **Exhibit 14** or communications from Ms. Rady to Mr. Melnick.  Fed. R. Evid. 901; *Orr*, 285 F.3d at 773.  The declarant must be a person through whom the exhibits could be admitted into evidence. *Blain's Helicopters*, 831 F.2d at 925.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). Dr. Yue does not state that anything from **Exhibit 14** was incorporated into Plaintiff's 2004 License Agreement with StorageTek. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| message, Mr. Michael Melnick wrote at 11:21AM:<br>The agreement is specific to platform (Win NT and 95/98 platforms) types of Netbula software (PowerRPC SDK). This concerns me greatly as we have already told them we are no longer shipping it with our product.<br><br>Exhibit 14 (Melnick Depo., Ex. 25) referenced above is a true copy of the sting of email messages. | Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 14**, and incompletely at that.<br><br>Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish Ms. Rady's knowledge of or participation in any negotiations of the 2000 and 2004 license agreements at issue. In fact, Ms. Rady did not ever read the terms of the License Agreement and is not competent to testify as to their contents.  Rady Decl. ¶ 2.<br><br>Objection – Irrelevant; Contradiction of stipulation. To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibit 14** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |
| **36. Yue Declaration ¶ 50,**<br>In another string of emails attached as **Exhibit 19** (Melnick, Ex. 39), Lisa Rady wrote in an email sent to "Rooney, Janet L", "Murray, Thomas J", "Schmitt, Terry D" and "Abramovitz, Michael P" on March 2, 2004:<br>As you can see we have exceeded our 1000 distributions of NetBula, so that is one issue…<br>We need to work on this, and make sure there is a better process in place for managing the number of distributions and making sure we are compliant with our contract with Netbula…<br>Is there any freeware that is comparable? A0075-76. In the same string of emails, Michael P. Abramovitz responded:<br>Some kind of port mapper must always be present for LibAttach to function. NetBula was chosen because it was one of only a handful of port mappers that ran natively on windows. All other port mappers require a UNIX emulation layer (like NuTCracker or some such)…<br>A0075. Lisa Rady then emailed "Rooney, Janet L" and "Melnick, Michael": | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 19**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Improper Authentication.  Dr. Yue does not establish he is competent to authenticate **Exhibit 19** or communications from Ms. Rady.  Fed. R. Evid. 901; *Orr*, 285 F.3d at 773.  The declarant must be a person through whom the exhibits could be admitted into evidence.  *Blain's Helicopters*, 831 F.2d at 925.<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 19**, and incompletely at that.<br><br>Objection – Hearsay.  *See* Fed. R. Evid. 801(c); 802. Dr. Yue is testifying as to the unattested content of documents to prove that content without proof of Ms. Rady's competence to bind StorageTek.<br><br>Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish Ms. Rady's knowledge of or participation in any negotiations of the 2000 and 2004 license agreements at issue. In fact, Ms. Rady did not ever read the terms of the License Agreement and is not competent to testify as to their contents.  Rady Decl. ¶ 2.<br><br>Objection –  Irrelevant; Contradiction of stipulation. To the extent that Plaintiff seeks to show that |

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| Can you respond to Mike Melnick regarding what platform you need, for Netbula? … The CD you gave me was for Windows NT/95/98. Do we need to request a more current windows version? A0075. | Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibit 19** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |
| **37. Yue Declaration ¶ 51,** After the above internal discussion, Mr. Melnick sent an email to Netbula on March 2, 2004 at 3:29 PM, stating: Could you provide me with the StorageTek sales representative or if possible give me a quote on distributing an additional 1000 units of RPC? The platform used will need to be Windows 2003. Attached **Exhibit 20** (Melnick, Ex.40) is a true copy of this email message. On March 3, 2004, Netbula replied by email, stating: "The original agreement covers Windows NT/98/95 only". (Netbula's response was on page STK00000368, exhibit 12 to Yue deposition on September 12, 2007). | Objection – Lay Opinion/Legal Conclusion Dr. Yue's statement and **Exhibit 20** contain legal conclusions and inadmissible lay opinion. Dr. Yue's belief or contentions as to what the agreement means or requires is his opinion on an issue to be decided by the court. Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 20**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 20**, and incompletely at that. Objection – Lay Opinion and Legal Conclusion. Dr. Yue's belief or contention as to what the Agreements meant is inadmissible legal conclusion and lay opinion. |
| **38. Yue Declaration ¶ 52,** Attached **Exhibit 21** (Melnick, Ex. 46) is a true copy of the string of emails produced by StorageTek. In a document titled "LibAttach 1.2.1" attached to a March 12, 2004 internal StorageTek email, Lisa Rady wrote the following: 3/11/04 …Terry is testing LibAttach with two firewalls, ACSLS and ACSLS GA. Michael Abramovitz is available to help on as needed basis. 3/4/04 It has been determined that we need to purchase a new SDK and 1000 more distributions of Netbula… … 3/4/04 Terry has received one copy of Visual C++. He is still waiting to have another copy installed on the stand alone machine… … There is no license key in the product, and it is apparent that the software has been | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 21**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 21**, incompletely, and mischaracterizes it. Objection – Hearsay. *See* Fed. R. Evid. 801(c); 802. Dr. Yue is testifying as to the unattested content of documents to prove the truth of their content. Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish Ms. Rady's, Mr. Murray's, Mr. Abramovitz's or other StorageTek employees' knowledge of or participation in any negotiations of the 2000 and 2004 license agreements at issue. Dr. Yue does not establish that Lisa Rady or Mr. Murray, have personal knowledge of the facts they purport to describe. In fact, neither Ms. Rady nor Mr. Murray ever read the Agreements at issue, and neither is competent to testify to their terms. Rady Decl. ¶ 2; Murray Decl. ¶¶ 3-4. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| copied, uncontrolled, for several years. A0082-83. This email was sent to Thomas J. Murray (whose email signature identified him as "Manager, RD&E Software Engineering") and others. Mr. Murray then asked about the status of the "Netbula PO". After getting answers on the status, Mr. Murray wrote on March 15, 2004: We either need to increase the Netbula license or put a stop-ship on the LibAttach product, because we have shipped LibAttach copies up to the limit of the current Netbula license (Netbula is embedded in our LibAttach product.) A0081. | |
| **39. Yue Declaration ¶ 53,** In March 2004, Netbula and StorageTek negotiated for a second agreement. Netbula provided the then-current license agreement template with the price of $18,000 for 1000 client runtime licenses, and $800 for one server runtime license. Michael Melnick then modified the template and emailed back the word document with drafted changes. Attached **Exhibit 22** is a true print out of the word document drafted by Mr. Melnick. The underlined texts were added by Mr. Melnick, the texts in the boxes on the right side of the page were the ones deleted by Mr. Melnick. | Objection – Irrelevant.  Fed. R. Evid. 401, 402. Information about Plaintiff's' pricing for other customers is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 22**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). Objection –  Irrelevant; Contradiction of stipulation. To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to a price lower than $18,000, Dr. Yue's statement here and **Exhibit 22** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |
| **40. Yue Declaration ¶ 54,** Because StorageTek previously represented that it only used 107 licenses out of the 1000 licenses purchased (thus with 893 licenses wasted) and ceased distributing the product, and because Mr. Melnick did not inform Netbula that StorageTek had in fact been distributing Netbula RPC from 2000 to 2004 and had in fact exceeded the purchased license count, Netbula gave StorageTek a price much lower than the standard pricing at | Objection – Irrelevant; Contradiction of stipulation. To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to a price lower than $18,000, Dr. Yue's statement here and **Exhibit 22** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| the time. | |
| **41. Yue Declaration ¶ 56,** Attached **Exhibit 23** (Melnick, Ex. 48) is a true copy of a fax from StorageTek which included the executed 2004 Agreement (A0096-103) and a StorageTek purchase order (A104-105)dated March 17, 2004 (the "2004 Purchase Order") pursuant to the 2004 Agreement. In the 2004 Purchase Order, StorageTek ordered one (1) developer license and 1000 runtime licenses. Pursuant to the 2004 Agreement and the 2004 Purchase Order, Netbula delivered the 2004 version of the RPC software on a CD to StorageTek and invoiced StorageTek for the amount on the purchase order. Like the CD delivered in 2000, the CD delivered in 2004 was also labeled with license type and quantity information. StorageTek later paid the invoiced amount in full. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 23**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **42. Yue Declaration ¶ 57,** Netbula could not locate a copy of the 2000 software sent to StorageTek, but has found a backup copy of the RPC software delivered to StorageTek in 2004 . I installed this software and found that the runtime software files were placed in a folder name "runtime.lic\", under that folder, there was a file named readme.txt, which had the following content: `File list:` `pwrpc32.dll` `pmapsvc.exe` `portmap.exe` `These files are used when` `deploying RPC` `applications. Do not use the` `files under the` `oncrpc.sdk/bin/ directory for` `deployment, they` `will expire after a fixed date` `and require human` `intervention to get` | Objection – Lay Opinion/Legal Conclusion Dr. Yue's belief or contentions as to what the agreement means or licensed is his opinion on an issue to be decided by the court. Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). Objection – Improper Authentication. Defendants object to the "backup copy," as Dr. Yue does not authenticate it (or even establish he is competent to authenticate it). Fed. R. Evid. 901; *Orr*, 285 F.3d at 773. The declarant must be a person through whom the exhibits could be admitted into evidence. *Blain's Helicopters*, 831 F.2d at 925. Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue testifies about software files, including readme.txt, but does not attach them. Objection – Hearsay. *See* Fed. R. Evid. 801(c); 802. Dr. Yue is testifying as to the unattested content of readme.txt document to prove the truth of the content. |

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| reactivated.<br>`License is not activated until`<br>`payment for the`<br>`license is received.` | |
| **43. Yue Declaration ¶ 58,**<br>I ran the pmapsvc.exe program under the "runtime.lic" folder, it printed out the following message<br>`PowerRPC Portmapper V1.5`<br>`Copyright(C) Netbula LLC.`<br>`Licensee: StorageTek, 1000`<br>`machine runtime license`<br>`(s10302)`<br>See image below,<br>10302 was the Netbula invoice number for the 2004 StorageTek license purchase. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue testifies about invoices and software files, including readme.txt, but does not attach them. |
| **44. Yue Declaration ¶ 60,**<br>On October 25, 2004, Michael Abramovitz (using email address abrammp@louisville.stortek.com) sent an email to Netbula, stating: "We bundle your PowerRPC into several of our products." On the same day, Netbula emailed Mr. Melnick, requesting a license usage report: "As we understand, several StorageTek applications are using Netbula RPC… Could you please do audit of the RPC license usage and fill in the attached audit form?" StorageTek did not provide any report for this request. | Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from e-mails incompletely and does not attach them.<br><br>Objection – Hearsay. *See* Fed. R. Evid. 801(c); 802. Dr. Yue is testifying as to the unattested content of documents to prove the truth of their content, without proving that the speaker was authorized to bind StorageTek. In fact, Mr. Abramovitz had not read the Agreements at issue and is not competent to testify to their terms. Abramovitz Reply Decl. ¶ 5. |
| **45. Yue Declaration ¶ 62,**<br>Attached **Exhibit 25** (Melnick, Ex. 52) is a string of email messages produced by StorageTek. On June 16, 2005, Mr. Melnick wrote to Thomas Murray:<br>Can you give ne an update of how many Netbula RPC licenses we have distributed? We need to make sure we have not exceeded what we have been licensed for.<br>A0111. On June 16, 2005, Michael P. Abramovitz wrote: "To the best of my memory, we have a license to redistribute 2000 copies." A0110.<br>On June 20, 2005, Holly Wagner, a | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 25**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 25**, and incompletely at that.<br><br>Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish Ms. Rady's, Mr. Murray's, Mr. Abramovitz's, Ms. Wagner's or other StorageTek employees' knowledge of or participation in any negotiations of the 2000 and 2004 license agreements at issue. Dr. Yue establishes no personal knowledge of these StorageTek employees with respect to what they were describing in the excerpted e-mails. In facts, |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| Software Product Planner at StorageTek, emailed Mr. Michael Melnick, Ms. Lisa Rady, Mr. Michael Abramovitz and others, stating:<br>The SAP query I ran this morning shows 2,386 models shipped.<br>This number is low due to the fact that the query does not have the capability of pulling the client feature quantities that were released in November of last year. A0109. Responding to this email, Mr. Melnick wrote on June 28, 2005:<br>The number that Holly has provided and thought it may be low causes quite a problem for you. We have only made 2 purchases for the rights to distribute a total of 2000 licenses. | neither Ms. Rady, nor Mr. Murray, nor Mr. Abramowitz ever read the Agreements at issue and they are not competent to testify about them.  Rady Decl. ¶ 2; Murray Decl. ¶¶ 3-4; Abramowitz Reply Decl. ¶ 5. |
| **46. Yue Declaration ¶ 63,**<br>Michael Melnick then emailed Netbula asking for an unlimited license. He wrote in an email:<br>We would like to get a quote on having an unlimited distribution model. Is this available? Tracking usage is becoming burdensome and we want to ensure we continue to be in compliance.<br>**Exhibit 26**, p.3. A0115. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 26**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). |
| **47. Yue Declaration ¶ 65,**<br>On July 8, 2005, Netbula emailed StorageTek again for an audit of the license usage count. Mike Melnick responded,<br>There is nothing in the agreement that allows any kind of audit, nor was there one in the previous agreement. We would love to pay you on a royalty "as we use basis" but when this was requested we were reminded that this was not your model and we must prepay.<br>A0113. Attached **Exhibit 26** (Melnick, Ex. 54) is a true copy of the email exchange. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 26**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 26**, and incompletely at that. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| **48. Yue Declaration ¶ 66,**<br>After some further communication, StorageTek eventually agreed to provide license usage data. In an email dated July 27, 2005, Netbula requested a detailed report with product names and platform information, and stated the following issues,<br>1) Supported platforms-- the original 2000 agreement does not cover the Windows 2000 platform, however, we believe some of the licenses were used on the Win2K platform. Those were not covered by the license agreement. The 2004 purchases can't be used to cover usages under the 2000 agreement.<br>2) Pricing-- The pricing on the agreement was deeply discounted and based on a pre-paid scheme in blocks of 1000. We can not honor the price when the purchases were made after 2 to 3 years of usage. Our other customers are paying $35 per client runtime without a prepayment agreement.<br>3) 2004 Agreement--Inconsistency in StorageTek's responses-- we felt that we were misled and were being taken advantage of when signing the 2004 agreement. We were told in 2002 the StorageTek product was terminated and fewer than 200 licenses of the 1000 were used(with 800+ wasted), so when we were contacted in 2004 about Netbula RPC for Windows 2003, we were eager to make it up to you by using the original pricing, even though our pricing model had been changed since 2001. The prices were raised and made 2004, our price for Netbula RPC was $3500 if purchased in blocks of 100, or $18000 if purchased in blocks of 1000. Going forward, we would like to redo an agreement based on our current licensing and pricing models.<br><br>A0118. Attached **Exhibit 27** (Melnick | Objection – Lay Opinion/Legal Conclusion Dr. Yue's statement and **Exhibit 27** contain legal conclusions and inadmissible lay opinion. Dr. Yue's belief or contentions as to what the agreement means or licensed is his opinion on an issue to be decided by the court.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 27**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 27**, and incompletely at that.<br><br>Objection – Hearsay. *See* Fed. R. Evid. 801(c); 802. **Exhibit 27** (and Dr. Yue's description of it here) are offered to prove the truth of the matters asserted therein and is hearsay.<br><br>Objection – Contradiction of stipulation. To the extent that Plaintiff seeks to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, Dr. Yue's statement here and **Exhibit 27** are inadmissible because Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation. |

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| Depo., Ex. 55) is a true copy of these email exchanges and subsequent exchanges (NBS-1284-94). | |
| **49. Yue Declaration ¶ 67,**<br>In Michael Melnick's response to the email above (on page NBS-1289) , he wrote,<br>No disagreement with the [sic] that the original agreement was for (Windows NT/98/95 only).<br>A0128. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 27**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Mischaracterizes the Evidence and Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 27**, and incompletely at that. Dr. Yue does not attach a true and accurate copy of the original e-mail. *See* Melnick Decl. ¶ 7. |
| **50. Yue Declaration ¶ 69,**<br>Attached **Exhibit 29** is excerpts from the "Definitive proxy statement relating to merger or acquisition" filed by StorageTek with the SEC on July 27, 2005₃. According to this SEC document:<br>Under the terms of the Agreement and Plan of Merger dated as of June 2, 2005 among Sun Microsystems, Inc. ("Sun"), Stanford Acquisition Corporation, a direct wholly-owned subsidiary of Sun ("Merger Sub"), and Storage Technology Corporation ("StorageTek"), referred to in this proxy statement as the merger agreement, Merger Sub will be merged with and into StorageTek with StorageTek emerging as the surviving corporation and a wholly-owned subsidiary of Sun.<br>A0139. | Objection – Irrelevant. Fed. R. Evid. 401, 402. Information in **Exhibit 29** is irrelevant to the material facts at issue during the Initial Phase: Plaintiff has not asserted in the complaint or discovery responses that the merger with Sun caused infringement or affected the StorageTek license. For example, Defendants' Interrogatory No. 4 makes no allegation that Sun infringed Plaintiff's copyright on the basis that Sun did not have a license for distribution. Wakefield Reply Decl. ¶ 2, Exh. A; *see also* First Amended Complaint ¶¶ 73-77. |
| **51. Yue Declaration ¶ 70,**<br>According to a press release issued by SUN, it completed its acquisition of StorageTek on August 31, 2005. Attached **Exhibit 30** is a true printout of a SUN web page with the press release. The page was last accessed on October 28, 2007. | Objection – Irrelevant. Fed. R. Evid. 401, 402. Information in **Exhibit 30** is irrelevant to the material facts at issue during the Initial Phase: Plaintiff has not asserted in the complaint or discovery responses that the merger with Sun caused infringement or affected the StorageTek license. . For example, Defendants' Interrogatory No. 4 makes no allegation that Sun infringed Plaintiff's copyright on the basis that Sun did not have a license for distribution. Wakefield Reply Decl. ¶ 2, Exh. A; *see also* First Amended Complaint ¶¶ 73-77. |
| **52. Yue Declaration ¶ 71,**<br>After numerous exchanges, StorageTek finally agreed to provide a detailed license report.<br>Attached **Exhibit 31** is a purported | Objection – Lay Opinion/Legal Conclusion Dr. Yue's statement regarding whether StorageTek had a license for Windows 2000 contain legal conclusions and inadmissible lay opinion as to what the license agreements permitted and when. |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| PowerRPC runtime usage report made by StorageTek in August 2005 showing that StorageTek made 7455 copies. This is a printout of a large Excel spreadsheet, only the first five pages and the last page are included. As shown on the printout, the StorageTek products that include Netbula PowerRPC runtime code are LibAttach (model code 1191NLC ) or INTGRTRS LIBATTACH (model code 1191NLI). The report also shows that StorageTek copied and distributed PowerRPC on Windows 2000 before it purchased any license for that operating system. | Dr. Yue's belief or contentions as to what the agreement means or licensed is his opinion on an issue to be decided by the court.<br><br>Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish personal knowledge with respect to what StorageTek products/codes contain Plaintiff's code. Dr. Yue's testimony does not establish personal knowledge about what StorageTek copied and distributed and when. |
| **53. Yue Declaration ¶ 72,**<br><br>Netbula performed an analysis of the license usage and found what it believed to be inconsistencies. StorageTek then had Maria Woods, its Corporate Counsel, take over the dispute between Netbula and StorageTek. Attached **Exhibit 32** is a string of email exchanges between Don Yue and Maria Woods. According to the email signatures, no later than October 3, 2005, Maria Woods became "Corporate Counsel" for "Sun Microsystems, Inc." with the email address maria.woods@sun.com. | Objection – Hearsay.  *See* Fed. R. Evid. 801(c); 802. To the extent Dr. Yue's statements in **Exhibit 32** (and Dr. Yue's description of it here) is offered to prove the truth of the matters asserted therein, for example, inconsistencies, it is hearsay.<br><br>Objection – Inadequate Foundation/Opinion Testimony. Fed. R. Evid. 602. Dr. Yue's testimony does not establish personal knowledge with respect to facts that indicate "inconsistencies." To the extent that analysis of license usage requires expertise, Dr. Yue establishes no basis for his expertise qualifying him to offer an opinion about license usage "inconsistencies." |
| **54. Yue Declaration ¶ 73,**<br>According to a declaration signed by Michael Melnick (Docket No. 12, filed on December 5, 2006), "[o]n or about December 16, 2005, after discussions between Netbula and StorageTek, StorageTek sent Netbula a revised report and a seven-page letter setting forth the bases of this report." The revised report and the letter referenced in Mr. Melnick's declaration were emailed to me by Carmel Gill, whose signature identified her as from "Sun StorageTek Legal Department."<br><br>Attached **Exhibit 33** was an exhibit used to support Mr. Melnick's declaration in opposition to Netbula's Temporary Restraining Order ("TRO") application in December 2006. It was my response to Ms. Gill's email, which showed that Ms. Gill emailed me several electronic documents, including "Letter to Don Yue | Objection – Lay Opinion/Legal Conclusion Dr. Yue's description of his interpretation of the Agreements in **Exhibit 33** are merely inadmissible legal conclusion and lay opinion. Dr. Yue's belief or contentions as to what the agreement means or licensed is his opinion on an issue to be decided by the court.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 33**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Hearsay.  *See* Fed. R. Evid. 801(c); 802. To the extent Dr. Yue's statements in **Exhibit 33** (and Dr. Yue's description of it here) is offered to prove the truth of the matters asserted therein, it is hearsay. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| 12-16-05.doc" and "FinalCount-RoyaltyItemsOnly.xls". | |
| **55. Yue Declaration ¶ 74,**<br><br>The file "FinalCount-RoyaltyItemsOnly.xls" was the report Sun StorageTek emailed me on December 16, 2005, it was a Microsoft Excel spreadsheet. The report showed that StorageTek continued to sell LibAttach software which included Netbula RPC components after it became a subsidiary of Sun Microsystems in August 2005. **Exhibit 34** is the last two pages of the spreadsheet, evidencing the purported license sales after August 31, 2005. | Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 34**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Inadequate Foundation/Opinion Testimony. Fed. R. Evid. 602. Dr. Yue's testimony does not establish that he has personal knowledge of any facts to substantiate "that StorageTek continued to sell LibAttach software which included Netbula RPC components after it became a subsidiary of Sun Microsystems in August 2005" or that the data or **Exhibit 34** reflects such sales, as opposed to sales of LibAttach not including Netbula code.<br><br>Objection – Offer to Compromise; Violation of Nondisclosure Agreement. *See* Fed. R. Evid. 408. In October 2005, Sun and Netbula entered a nondisclosure and confidentiality agreement that expressly precluded use in litigation of settlement communications including "FinalCount-RoyaltyItemsOnly.xls," related communications, and **Exhibit 34**. *See* DeCecco Decl. ¶¶ 3-4, Exhs. B & C. These documents are therefore entirely improper for Plaintiff's submission to this Court. |
| **56. Yue Declaration ¶ 75,**<br>Attached **Exhibit 35** is a true print out of the "Letter to Don Yue 12-16-05.doc" document Sun StorageTek emailed to me. In the letter, Sun StorageTek admitted that it had sold unlimited licenses for LibAttach software containing Netbula code to multiple customers. A0164. Sun StorageTek also stated:<br>As you may be aware, both engineering and marketing responsibilities for the LibAttach software and its predecessor products have changed hands within StorageTek multiple times over the course of the past five years... Also, as Mike Melnick informed Netbula back in 2000, StorageTek systems are set up to track royalties on a going-forward basis, not on a pre-paid basis. Mike Melnick suggested that the parties enter into a straight royalty-type agreement, but Netbula declined to do so…<br>A0163. | Objection – Offer to Compromise; Violation of Nondisclosure Agreement. *See* Fed. R. Evid. 408. In October 2005, Sun and Netbula entered a nondisclosure and confidentiality agreement that expressly precluded use in litigation of settlement communications including "FinalCount-RoyaltyItemsOnly.xls," related communications, and **Exhibit 35**. *See* DeCecco Decl. ¶¶ 3-4, Exhs. B & C. These documents are therefore entirely improper for Plaintiff's submission to this Court.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here and **Exhibit 35**, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Inadequate Foundation/Opinion Testimony. Fed. R. Evid. 602. Dr. Yue's testimony does not establish personal knowledge to substantiate his statement that Sun StorageTek "sold unlimited licenses" and that indicate "that StorageTek continued to sell LibAttach software which included Netbula RPC components after it became a subsidiary of Sun Microsystems in August |

FENWICK & WEST LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | 2005." |
| | Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 35**, and incompletely at that. Furthermore, Dr. Yue impermissibly testifies as to the content in substitution of the actual document. |
| **57. Yue Declaration ¶ 76,**<br><br>During Mr. Melnick's deposition on September 19, 2007, Mr. Laurence Pulgram, defense counsel, claimed that the above letter from Sun StorageTek Legal Department should be confidential and not used as evidence. On about October 30, 2007, Mr. Pulgram warned me again by email that I must not use the letter as evidence to show that Sun StorageTek Legal Department admitted that the Netbula-StorageTek license agreements were for pre-paid licenses. I responded to Mr. Pulgram by email, stating that since SUN used my response to that letter as part of their evidence in opposing Netbula's application for TRO, it should be fair for me to use that letter for the completeness of the record. Sun StorageTek Legal Department's understanding of the prepayment requirement was in agreement with Mr. Melnick's understanding of the licenses evidenced by his email message dated July 8, 2005 ("we must prepay"). *See* Exhibit 26. Mr. Melnick was the person who drafted the changes to both the 2000 Agreement and the 2004 Agreement. | Objection – Improper Argument.  This paragraph is legal argument, not factual testimony.<br><br>Objection – Irrelevant.  Fed. R. Evid. 401, 402. Information about discussions with opposing counsel during this litigation is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff.<br><br>Objection – Parol Evidence. The 2000 and 2004 licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's statement here, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967).<br><br>Objection – Inadequate Foundation/Opinion Testimony. Fed. R. Evid. 602. Dr. Yue's testimony impermissibly professes his opinion about others' understandings and whether they are "in agreement."<br><br>Objection – Compromise; Violation of Nondisclosure Agreement. *See* Fed. R. Evid. 408. To the extent that Dr. Yue discloses information or communications exchanged between the parties after 10/13/05, that disclosure is prohibited by a 10/13/05 agreement between Plaintiff and Sun/StorageTek that information and communications exchanged during settlement negotiations are inadmissible in this litigation.  *See* DeCecco Decl. ¶¶ 3-4, Exhs. B & C.<br><br>Objection – Legal Conclusion.  Dr. Yue's statement contains legal conclusions to the extent that Dr. Yue is opining about Defendants acts being beyond the scope of what the license agreements permitted.<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 26**, and incompletely at that. Furthermore, Dr. Yue impermissibly testifies as to the content in substitution of the actual document. |
| **58. Yue Declaration ¶ 77,**<br><br>Attached **Exhibit 36** is a printout of page 9 of a StorageTek PDF document found on StorageTek's web site. The title of the document is "Florida Contract Price List". | Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish personal knowledge with respect to what **Exhibit 36** actually is and what the contents mean. *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002) (plaintiff's purported |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| It shows that product 1191NLC-SENT is offered for "**UNLIMITED CLIENTS**". The page was accessed by me on November 22, 2006. 1191NLC is the StorageTek product code for LibAttach. Mr. Melnick testified in his deposition that 1191NLC-SENT is for "unlimited clients". See A0406. | authentication of printouts from website was insufficient because declarant "ha[d] no personal knowledge of who maintains the website, who authored the documents, or the accuracy of their contents"). Further, Dr. Yue has no personal knowledge of whether this webpage presently offers anything for sale, nor whether what is offered contains any Netbula code. *See* Wagner Decl. ¶ 3.<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 36**, and incompletely at that. Furthermore, Dr. Yue impermissibly testifies as to the content in substitution of the actual, complete document. |
| **59. Yue Declaration ¶ 78,**<br>Attached **Exhibit 37** is a screen dump of page 11 of a StorageTek PDF document found on StorageTek web site. The title of the document is "StorageTek Price List for New York State Systems and Peripherals Hardware and Software (Storage) Contract". The document indicates that the product 1191NLC-SENT is being offered for "**UNLIMITED CLIENTS**". The screen was printed by me on November 22, 2006. | Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish personal knowledge with respect to what **Exhibit 37** actually is and what the contents mean. *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002) (plaintiff's purported authentication of printouts from website was insufficient because declarant "ha[d] no personal knowledge of who maintains the website, who authored the documents, or the accuracy of their contents"). Further, Dr. Yue has no personal knowledge of whether this webpage presently offers anything for sale, nor whether what is offered contains any Netbula code. *See* Wagner Decl. ¶ 3.<br><br>Objection – Violates the "Best Evidence" Rule. Fed. R. Evid. 1002. Dr. Yue's declaration excerpts from **Exhibit 37**, and incompletely at that. Furthermore, Dr. Yue impermissibly testifies as to the content in substitution of the actual, complete document. |
| **60. Yue Declaration ¶ 80,**<br>Attached **Exhibit 38** includes pages from of an assignment of a contract between StorageTek and Commonwealth of Virginia to Sun Microsystems, Inc found at http://www.vita.virginia.gov/procurement/contracts/docs/abstracts/va-040330-stk.pdf (last accessed October 22, 2007). The document is dated May 17, 2007. The original contract was dated May 17, 2004. The contract listed items with model number 1191NLC-0000, which is the StorageTek LibAttach software. | Objection – Inadequate Foundation. Fed. R. Evid. 602. Dr. Yue's testimony does not establish personal knowledge with respect to what **Exhibit 38** actually is, when it originated, and what the contents mean. *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064 (C.D. Cal. 2002) (plaintiff's purported authentication of printouts from website was insufficient because declarant "ha[d] no personal knowledge of who maintains the website, who authored the documents, or the accuracy of their contents"). Further it does not establish personal knowledge of whether any product referred to includes any Netbula code. *See* Wagner Decl. ¶ 3.<br><br>Objection – Irrelevant. Fed. R. Evid. 401, 402. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| | Information in **Exhibit 38** is irrelevant to the material facts at issue during the Initial Phase: the terms of StorageTek's licenses/contracts and StorageTek's acts vis-à-vis the scope of its licenses with Plaintiff. Information about StorageTek's agreements with third parties is irrelevant to what Plaintiff licensed to StorageTek or how StorageTek/Sun used Plaintiff's software.<br><br>Objection – Hearsay. *See* Fed. R. Evid. 801(c); 802. To the extent **Exhibit 38** (and Dr. Yue's description of it here) is offered to prove the truth of the matters asserted therein, it is hearsay. |
| **61. Yue Declaration ¶ 85,**<br><br>On September 19, 2007, Netbula deposed Michael Melnick, who was designated by SUN as an FRCP 30(b)(6) witness. Attached **Exhibit 43** is a true copy of the non-confidential portion of Mr. Melnick's deposition transcript. | Objection – Unidentified Testimony. The non-confidential portion of this deposition has been submitted in its entirety. Defendants object to all portions of deposition transcripts not cited by either party, on the grounds that the depositions include massive amounts of inadmissible evidence, and without identification by a party, it is impossible to formulate objections to specific, unidentified parts. Defendants reserve all objections apparent on the face of the depositions as well as the right to make additional objections, including but not limited to Rule 32 objections, to any additional portions of deposition transcripts that may be identified as relevant to the Court. |
| **62. Yue Declaration ¶ 86,**<br><br>On October 23, 2007, Netbula deposed Michael P. Abramovitz, who was designated by SUN as an FRCP 30(b)(6) witness. Attached **Exhibit 44** is a true copy of Mr. Abramovitz's deposition transcript. | Objection – Unidentified Testimony. This deposition has been submitted in its entirety. Defendants object to all portions of deposition transcripts not cited by either party, on the grounds that the depositions include massive amounts of inadmissible evidence, and without identification by a party, it is impossible to formulate objections to specific, unidentified parts. Defendants reserve all objections apparent on the face of the depositions as well as the right to make additional objections, including but not limited to Rule 32 objections, to any additional portions of deposition transcripts that may be identified as relevant to the Court. |

### III.     OBJECTIONS TO 30(B)(6) DEPOSITION OF DONGXIAO YUE

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| **1. Yue Deposition, at 57, 62-63.**<br>Q …The terms of those additional purchases were negotiated and are reflected in the year 2000 agreement identified as Exhibit 2, correct? | Objection – Lay Opinion/Legal Conclusion Dr. Yue's belief or contentions as to what the agreement means or licensed is his opinion on an issue to be decided by the court.<br><br>Objection – Parol Evidence. The 2000 and 2004 |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Plaintiff's Inadmissible Evidence | Bases for Objection |
|---|---|
| A This is -- this was offered for StorageTek to purchase additional licenses at discounted prices. It doesn't mean that StorageTek had the license for those additional copies. Yue Decl., Ex. 42, Yue Depo., pp.62:13-63:6. "This was [an] agreement to license. The – whether the license was purchased was a different issue." Yue Depo., p.57:21-23. | licenses at issue here are complete and integrated, so parol evidence, including Dr. Yue's deposition testimony here, is inadmissible. *See Leyse v. Leyse*, 251 Cal. App. 2d 629, 638 (Cal. Ct. App. 1967). <br><br> Objection – Unidentified Testimony. This deposition has been submitted in its entirety. Defendants object to all portions of deposition transcripts not cited by either party, on the grounds that the depositions include massive amounts of inadmissible evidence, and without identification by a party, it is impossible to formulate objections to specific, unidentified parts. Defendants reserve all objections apparent on the face of the depositions as well as the right to make additional objections, including but not limited to Rule 32 objections, to any additional portions of deposition transcripts that may be identified as relevant to the Court. |
| **2. Yue Deposition, at 175-76.** <br> THE WITNESS: I think I have stated we believe that but for the fraud, that the license would not be formed under the terms of the 2004 agreement. Therefore, we should be allowed to rescind from that agreement. That would probably render the agreement void. Yue Decl., Ex. 42, Yue Depo., pp.175:23-176:3. | Objection – Lay Opinion/Legal Conclusion Dr. Yue's statement contains legal conclusions to the extent that Dr. Yue is opining about the legal effect of the 2004 License and whether it is void or rescindable. Dr. Yue's belief or contentions as to what the agreement means is his opinion on an issue to be decided by the court. <br><br> Objection – Irrelevant; Contradiction of stipulation. Plaintiff's attempt to show that Defendants fraudulently induced it to agree to the 2004 License Agreements, is inadmissible. Plaintiff's counsel stipulated on the record in deposition that no argument about fraudulent inducement would be made at this phase of the litigation to rebut the license defense. *See* Wakefield Reply Decl. ¶ 3, Exh. B. <br><br> Objection – Unidentified Testimony. This deposition has been submitted in its entirety. Defendants object to all portions of deposition transcripts not cited by either party, on the grounds that the depositions include massive amounts of inadmissible evidence, and without identification by a party, it is impossible to formulate objections to specific, unidentified parts. Defendants reserve all objections apparent on the face of the depositions as well as the right to make additional objections, including but not limited to Rule 32 objections, to any additional portions of deposition transcripts that may be identified as relevant to the Court. |

IV.    **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court disregard the foregoing inadmissible "evidence" submitted by Plaintiff.

Respectfully submitted,

Dated:    November 20, 2007              FENWICK & WEST LLP

By: _____ /S/ _____
                                    Jedediah Wakefield

Attorneys for Defendants
STORAGE TECHNOLOGY CORPORATION,
SUN MICROSYSTEMS, INC., EMC
CORPORATION, and DARDEN
RESTAURANTS, INC.

C:\Documents and Settings\lmah\My Documents\Sun\MSJ\Defendants'_Objections_to_Evidence.DOC