

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
5  FENWICK & WEST LLP
   555 California Street, Suite 1200
6  San Francisco, CA  94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  Attorneys for
   STORAGE TECHNOLOGY CORPORATION,
9  SUN MICROSYSTEMS, INC., EMC CORPORATION
   and DARDEN RESTAURANTS, INC.

10
                    UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14

15 NETBULA, LLC, a Delaware limited        Case No. C-06-07391-MJJ
   liability company,
                                           **ADMINISTRATIVE MOTION TO
16        Plaintiff,                        CONSIDER WHETHER CASES SHOULD
                                            BE RELATED**
17        v.

18 STORAGE TECHNOLOGY                       Judge:    The Honorable Martin J. Jenkins
   CORPORATION, a Delaware corporation;
19 SUN MICROSYSTEMS, INC., a Delaware
   corporation; INTERNATIONAL
20 BUSINESS MACHINES
   CORPORATION, a New York
21 corporation; EMC CORPORATION, a
   Massachusetts corporation; VERITAS
22 SOFTWARE CORPORATION, a
   Delaware corporation; DARDEN
23 RESTAURANTS, INC., a Florida
   corporation; and DOES 1-100, inclusive,
24
           Defendants.
25

26 AND RELATED COUNTERCLAIMS

27

28

   ADMINISTRATIVE MOTION TO CONSIDER
   WHETHER CASES SHOULD BE RELATED                    CASE NO. C-06-07391-MJJ

Sidebar: FENWICK & WEST LLP  ATTORNEYS AT LAW  SAN FRANCISCO

1      Defendant Sun Microsystems, Inc. ("Sun"), the successor corporation to Storage

2  Technology Corporation ("StorageTek"), EMC Corporation, and Darden Restaurants

3  (collectively, "Defendants")  hereby submit this administrative Motion to Consider Whether Cases

4  Should Be Related, pursuant to Civil Local Rule 3-12.  Defendants understand that on or about

5  November 19, 2007, the following related action was initiated by Dongxiao Yue: *Dongxiao Yue v.*

6  *Storage Technology Corporation, Sun Microsystems, Inc., et al.,* Case Number C07-05850 SI (the

7  "Yue Action").

8      After the hearing held November 20, 2007 on Netbula's Motion to Substitute Dr. Yue as

9  Plaintiff in the *Netbula* action, Dr. Yue advised Defendants' counsel that he had filed the Yue

10  Action the day before.  Neither Dr. Yue nor counsel for Netbula advised Defendants or the Court

11  of this act prior to the November 20, 2007 hearing.  When advised of this new action, counsel for

12  Defendants (Laurence Pulgram) asked Dr. Yue if he had filed a notice of related case.  Dr. Yue

13  stated that he had not, but that he knew that he was required to do so.  After several requests to

14  counsel for Netbula, Vonnah Brillet, Ms. Brillet advised Defendants' counsel that Netbula was not

15  authorized to file a related case notice or to stipulate that the cases are related.  Sun therefore is

16  required to file this miscellaneous administrative request.

17      The *Netbula v. Storage Technology* case and the Yue Action concern the same parties,

18  property, transaction and events.  Both involve claims of alleged copyright infringement relating

19  to StorageTek and Sun's use of Netbula "RPC" software licensed by Netbula, LLC ("Netbula") to

20  StorageTek in Agreements in March 2000 and March 2004.  The Yue Action is currently pending

21  in the Northern District of California, and has been randomly assigned to the Honorable Judge

22  Susan Illston.

23      The Yue Action overlaps factually with the present action in almost all respects.  It

24  involves the same allegedly copyrighted software, governed by the same license agreements,

25  licensed to the same entity, and allegedly infringed through the same conduct.  The software

26  allegedly copied without permission in the Yue Action—Netbula's "PowerRPC" software—is

27  same software allegedly copied in the *Netbula v. Storage Technology* case.  The copyright

28  registrations identified in the Yue Action identify Netbula LLC (Plaintiff in this case) as the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  author and copyright claimant, as is the case with the copyright registration in the *Netbula v.*

2  *Storage Technology* case.  The products accused of infringement in the Yue Action—

3  StorageTek's REELs and LibAttach products—are the same products accused of infringement in

4  this action.  While the Yue Action is nominally brought by Dongxiao Yue ("Yue") in his

5  individual capacity, Netbula has admitted that Yue is Netbula's owner and only employee, and has

6  stated in Court that Yue "essentially, is Netbula."  He claims to have the right to bring the Yue

7  Action by virtue of a purported "assignment" transferring ownership of Netbula's alleged

8  copyrights to himself in September 2007.

9        Accordingly, this case and the Yue Action involve identical questions of law and fact.

10  There will be an unduly burdensome duplication of labor and expense, and the possibly of

11  conflicting results if the cases are conducted before different judges.  The instant case has already

12  undergone significant discovery, with the first phases of fact and expert discovery having already

13  closed.  Defendants' summary judgment motion, which asserts a license defense that would serve

14  as a defense in the Yue Action as well, is scheduled for hearing on December 13, 2007.  Judge

15  Jenkins has already dealt with motion practice in this case, as well as a previously related (and

16  now dismissed) case brought by Netbula, *Netbula v. BindView Development Corporation,*

17  *Symantec Corp., et al.*, C-06-0711-MJJ-WDB.[1]  Judge Jenkins therefore has a knowledge base

18  and familiarity with Netbula's claims that will result in significant savings in judicial resources

19  and avoidance of the risk of conflicting results.  Assignment to a single judge will strongly affect

20  economies because it would be an unduly burdensome duplication of labor and expense if the

21  cases were conducted before different judges.

22        For the foregoing reasons, Defendants respectfully submit that the cases are related cases

23  within the meaning of Civ. L. R. 3-12.

24

25

26

27
[1] Netbula itself requested that the *Netbula v. Storage Technology* case be deemed related to the *Netbula v. Bindview* action.  Obviously, the case brought by Dr. Yue as assignee of Netbula against Sun is far more related to Netbula's
28  action against Sun than was Netbula's action against a different corporation.

ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD          -3-          CASE NO.  C-06-07391-MJJ
BE RELATED

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2    Dated: December 4, 2007                    FENWICK & WEST LLP

3
                                               By:            /s/
4                                                    Jedediah Wakefield

5                                               Attorneys for Defendants
                                               STORAGE TECHNOLOGY
6                                               CORPORATION, SUN MICROSYSTEMS,
                                               INC., EMC CORPORATION, and DARDEN
7                                               RESTAURANTS, INC

8    25689/00400/LIT/1277024.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD          -4-              CASE NO.  C-06-07391-MJJ
BE RELATED

1    LAURENCE F. PULGRAM (CSB NO. 115163)
     *lpulgram@fenwick.com*
2    JEDEDIAH WAKEFIELD (CSB NO. 178058)
     *jwakefield@fenwick.com*
3    ALBERT L. SIEBER (CSB NO. 233482)
     *asieber@fenwick.com*
4    LIWEN A. MAH (CSB NO. 239033)
     *lmah@fenwick.com*
5    FENWICK & WEST LLP
     555 California Street, Suite 1200
6    San Francisco, CA  94104
     Telephone: (415) 875-2300
7    Facsimile:  (415) 281-1350

8    Attorneys for
     STORAGE TECHNOLOGY CORPORATION,
9    SUN MICROSYSTEMS, INC., EMC CORPORATION
     and DARDEN RESTAURANTS, INC.

10

11                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

14

     NETBULA, LLC, a Delaware limited          Case No. C-06-07391-MJJ
15   liability company,
                                               **[PROPOSED] ORDER RELATING CASES**
16              Plaintiff,

17         v.                                  Judge:    The Honorable Martin J. Jenkins

18   STORAGE TECHNOLOGY
     CORPORATION, a Delaware corporation;
19   SUN MICROSYSTEMS, INC., a Delaware
     corporation; INTERNATIONAL
20   BUSINESS MACHINES
     CORPORATION, a New York
21   corporation; EMC CORPORATION, a
     Massachusetts corporation; VERITAS
22   SOFTWARE CORPORATION, a
     Delaware corporation; DARDEN
23   RESTAURANTS, INC., a Florida
     corporation; and DOES 1-100, inclusive,
24
                Defendants.
25

26   AND RELATED COUNTERCLAIMS

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Before this Court is an administrative Motion of Defendants Sun Microsystems, Inc.

2  ("Sun"), EMC Corporation, and Darden Restaurants (collectively, "Defendants") to Consider

3  Whether Cases Should Be Related pursuant to Civil Local Rule 3-12.

4    As the judge assigned to the earliest filed case below that bears my initials, I find that the

5  more recently filed case that I have initialed below is related to the case assigned to me, and such

6  case shall be reassigned to me.

7  **C-06-07391-MJJ**      **Netbula, LLC v. Storage Technology Corporation et al.**

8  **C07-05850-SI**      **Dongxiao Yue v. Storage Technology Corporation et al.**

9    **I find that the above case is related to the case assigned to me. _____**

10

11                    **ORDER**

12    Counsel are instructed that all future filings in any reassigned case are to bear the initials

13  of the newly assigned judge immediately after the case number. Any case management conference

14  in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the

15  conference, disclosures and report required by FRCIVP 16 and 26 accordingly. Unless otherwise

16  ordered, any dates for hearing noticed motions in any reassigned case are vacated and must be re-

17  noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local

18  Rules remain in effect; and any deadlines established in a case management order continue to

19  govern, except dates for appearance in court, which will be rescheduled by the newly assigned

20  judge.

21

22   Dated: December __, 2007

23                    By:_____
                          Honorable Martin J. Jenkins

24

25   25689/00400/LIT/1277103.1

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO