LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant and Counter-Claimant
SUN MICROSYSTEMS, INC. and Defendants
EMC CORPORATION, and DARDEN
RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C-06-07391-MJJ<br><br>**DECLARATION OF JEDEDIAH WAKEFIELD IN SUPPORT OF STATEMENT REGARDING USE OF PLAINTIFF'S DISCOVERY RESPONSES, DOCUMENTS AND TESTIMONY FROM RELATED CASE**<br><br>Date: December 14, 2007<br>Time: 2:00 p.m.<br>Dept: Courtroom 11<br>Judge: The Honorable Martin J. Jenkins |
| AND RELATED COUNTERCLAIMS. | |

///

///

WAKEFIELD DECLARATION ISO DEFENDANTS' STATEMENT RE USE OF DISCOVERY      -1-      CASE NO. C-06-07391-MJJ

I, Jedediah Wakefield, declare as follows:

1. I am an attorney admitted to practice before this Court. I am a partner at the law firm of Fenwick & West LLP, counsel of record for Defendant and Counterclaimant Sun Microsystems, Inc. ("Sun") and Defendants EMC Corporation and Darden Restaurants, Inc. in this action. I have personal knowledge of the matters set forth herein and, if called upon, could and would testify competently thereto.

2. Pursuant to the Court's Order issued December 3, 2007 in the case of *Netbula LLC v. BindView Development Corporation*, et al., C-06-0711-MJJ-WDB (the "*BindView* case"), I attempted to meet and confer with counsel for Netbula regarding the use in this action of Netbula materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in the *BindView* case.

3. On December 3, 2007, I sent a letter to Netbula's counsel outlining my clients' positions concerning confidentiality and relevance, a true and correct copy of which is attached hereto as **Exhibit 1**.

4. On December 5, 2007, I telephoned Netbula's counsel to discuss the protective order issues. Netbula's counsel, Vonnah M. Brillet, advised that she would consult her client and suggested I call the next day. On December 5, 2007, she advised that Netbula's principal, Dr. Dongxiao Yue, had advised her that she was not authorized to file any joint statement on Netbula's behalf, pending the outcome of his Petition for Writ of Mandamus and Emergency Motion, pending before the Ninth Circuit Court of Appeals.

5. On December 6, 2007, I had a further telephone conversation with Ms. Brillet. Dr. Yue also participated in the call. Dr. Yue stated that he would not authorize the filing of a joint statement prior to a ruling from the Ninth Circuit.

///
///
///
///
///

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3    Executed this 10th day of December, 2007, at San Francisco, California.

                   /s/ JEDEDIAH WAKEFIELD
                   Jedediah Wakefield

25689/00400/SF/5217654.1

WAKEFIELD DECLARATION ISO DEFENDANTS'
STATEMENT RE DISCOVERY           CASE NO. C-06-07391-MJJ

# EXHIBIT 1

## FENWICK & WEST LLP

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

December 3, 2007

JEDEDIAH WAKEFIELD

EMAIL JWAKEFIELD@FENWICK.COM
DIRECT DIAL (415) 875-2331

**VIA E-MAIL (BRILLETLAW@YAHOO.COM)**
**CONFIRMATION VIA U.S. MAIL**

Vonnah M. Brillet
Law Offices of Vonnah M. Brillet
2777 Alvarado Street, Ste. E
San Leandro, CA 94577

Re:   Yue v. Sun Microsystems, *et al.*

Dear Vonnah:

At the hearing on Defendants Motion to Intervene and Modify Protective Order, the Court ruled that discovery materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY in *Netbula v. BindView Development Corporation, Symantec Corp., et al.*, C-06-0711-MJJ-WDB, may be used in the present action. The Court directed the parties to address any heightened confidentiality concerns Netbula may have, in view of Netbula's assertion that Netbula and Sun are direct competitors. The Court further directed the parties to address relevance. Sun's positions are as follows.

   A.   **Confidentiality Designations**

We propose that all materials, testimony and discovery responses designated by Netbula as "CONFIDENTIAL" in the BindView case be afforded the protections of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," with the exception of (1) communications with StorageTek or Sun, and (2) communications with the Hurewitz firm or the Shepherd Mullin firm relating to StorageTek or Sun.

   B.   **Relevance**

Given the significant factual and legal overlap between the BindView action and this case, we believe that the documents and discovery responses provided by Netbula in the *BindView* case are relevant and discoverable in this action. As a general matter, the discovery in the *BindView* case concerned:

Vonnah M. Brillet
December 3, 2007
Page 2

- Netbula's software itself (e.g., the source and binary code itself, identification of portions authored by Netbula vs. portions authored by Sun or others);

- the development history of the software;

- Netbula's sales and licensing, pricing, and revenue;

- Netbula's copyright registrations and efforts to obtain them; and

- Netbula's efforts to enforce its claimed intellectual property rights.

If any portion of Netbula's copyright claim survives summary judgment, all of this discovery will be well within the scope of permissible discovery in the present case. The same software products accused of being unlawfully copied in the BindView case are at issue here, and the same development history is at issue, since it pertains to, *inter alia*, originality and authorship. Netbula's licensing, pricing and revenue are highly relevant to damages, and to Netbula's fraud claim (in which Netbula asserts that it did not charge a supposed "standard" price in 2004 of $18,000 for 1000 copies of Supporting Programs). Netbula's copyright registrations and efforts to obtain them are relevant to the validity of Netbula's asserted copyrights, particularly in view of Don Yue's new claim that he, and not Netbula, authored the original software in question. Finally, Netbula's efforts to enforce its claimed intellectual property are relevant to the scope of rights claimed here, damages, and Dr. Yue's credibility.

We are unpersuaded by Netbula's arguments that Defendants should not be permitted to use Netbula discovery responses that Netbula now asserts were incomplete or inaccurate. There may indeed be misstatements in Netbula's discovery responses, and there may be testimony and discovery responses that Netbula now wishes to change, but these prior inconsistent statements by Netbula are highly relevant, for, among other things, impeachment.

Moreover, this is not a case where Netbula is threatened with the burden of having to review and produce documents it contends are irrelevant. All of the materials in question have already been produced. The parties' interests and the interests of judicial economy will not be served by requiring the parties to re-reviewing Netbula documents produced in the *BindView* case to identify materials that Netbula claims are not relevant here. Such a process would be time consuming and burdensome, and would lead to a repeat of the extensive discovery motions that occupied the Court in the BindView case. Of course, as with any evidence produced in discovery, if a particular document is irrelevant, it will be inadmissible.

To date, Netbula has not identified any particular documents it produced in the *BindView* case and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

Vonnah M. Brillet
December 3, 2007
Page 3

ONLY" that it contends are irrelevant in this case. If Netbula contends that such documents exist, please identify them. Additionally, you have not responded to my last email concerning the proposed protective order in this case.

We are generally available to discuss these issues at your convenience.

Sincerely,

Jedediah Wakefield

cc: David Eiseman, Esq. (via email)

25689/00400/LIT/1277074.2