1 LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
2 JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
3 ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
4 LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
5 FENWICK & WEST LLP
555 California Street, Suite 1200
6 San Francisco, CA  94104
Telephone: (415) 875-2300
7 Facsimile:  (415) 281-1350

8 Attorneys for Defendant and Counter-Claimant
SUN MICROSYSTEMS, INC. and Defendants
9 EMC CORPORATION, and DARDEN
RESTAURANTS, INC.

**[ADDITIONAL COUNSEL APPEAR ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.  C-06-07391-MJJ<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT (CONFERENCE SCHEDULED FOR FEBRUARY 12, 2008)**<br><br>Date:   February 12, 2008<br>Time:   2:00 P.M.<br>Dept:   Courtroom 11<br>Judge:  The Honorable Martin J. Jenkins |
| AND RELATED COUNTERCLAIMS | |

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

CASE NO. C-06-07391-MJJ

Pursuant to the Court's Order issued on January 18, 2008 continuing the case management conference in this action, Plaintiff and Counter-Defendant Netbula, LLC ("Netbula"); Counter-Defendant Dongxiao Yue ("Yue") (collectively "Plaintiffs") and Defendants Sun Microsystems, Inc. ("Sun"), EMC Corporation ("EMC"), Darden Restaurants, Inc. ("Darden") and International Business Machines Corporation ("IBM") (collectively "Defendants") jointly submit the following statement.

## I.  BACKGROUND

The Initial Case Management Conference in this action was held on May 8, 2007, and the Court ordered that the parties initially to focus on Defendants' license defense. *See* Docket Nos. 50-51. The Pretrial Order further established the following dates: (1) non-expert discovery in the first phase of the case was to close on August 31, 2007; (2) the last day to hear dispositive motions was to be November 27, 2007; and (3) a tentative trial date of July 21, 2008. Docket No. 50. Defendants filed their motion for summary judgment on October 23, 2007. *See* Docket No. 63.

On January 18, 2008, the Court granted Defendants' Motion for Summary Judgment on the copyright claims asserted by Netbula. Accordingly, the remaining claims in Plaintiff's complaint are state-law claims for breach of contract, fraud, unfair competition, and related equitable claims for relief against StorageTek and Sun. Sun also has pending trademark infringement claims against Netbula and against Dr. Yue personally.

The Court's December 3, 2007 Order in *Netbula v. BindView Development Corporation, Symantec Corp., et al.*, C-06-0711-MJJ-WDB, provided that Netbula, while represented by prior counsel, and Defendants' counsel shall meet and confer to attempt to identify which information produced in that action shall be designated for use in the Netbula-BindView action, and at what level of confidentiality. The Court ordered the counsel to submit a joint report before the case management conference schedule for December 13, 2007(now scheduled for February 12, 2008).

/ / /

/ / /

/ / /

JOINT CASE MANAGEMENT CONFERENCE STATEMENT   -1-   CASE NO. C-06-07391-MJJ

## II. PLAINTIFF'S POSITION

### A. Further Discovery in this Action/Trial Date

Plaintiffs anticipate the following additional discovery regarding their affirmative claims and counter-suit of Defendants:

- Depositions, interrogatories (thirty) and document requests (thirty) of StorageTek's employees, including but not limited to the person most knowledgeable, and/or officers, contractors and agents and subsidiary employees for information regarding the use or sale of the LibAttach and the PowerRPC product, and/or derivative products related to software use and tracking procedures; marketing and sales;

- Depositions, interrogatories (thirty) and document requests (thirty) of Sun employees, including but not limited to the person most knowledgeable, and/or officers, contractors and agents and subsidiary employees for information concerning the use of the LibAttach, PowerRPC, and derivative products related to software use and tracking procedures; marketing and sales;

- Depositions, interrogatories (forty) and inspection demands (thirty) of Sun employees, including but not limited to the person most knowledgeable, and/or officers and contractors, agents and subsidiary employees concerning the use of the Java trademark, product sales, distribution and other relevant matters related to the sale of Sun products derivative of or inclusive of the subject of intellectual property;

- Depositions of any third-party witnesses;

- An accounting, by a neutral third party to independently ascertain actual sales, shipments, bookings and/or other data indicative of or from which Netbula's damages related to the sale of its product can be determined. It is anticipated that this accounting will include, but is not limited to Defendants Sun and StorageTek;

- Designation of up to three expert witnesses as to industry practices related to

    software tracking methods, publicly-held company auditing and damages or other area of expertise as well as rebuttal experts.

- Netbula requests a trial date in January or early February 2009 in order to review information related to the accountings, relevant discoverable materials that may be derived from the accountings and time to discover relevant information derived directly from said accountings.

### B.  Discovery from Unrelated, Closed Case

On December 3, 2007, this Court ordered that prior counsel for Netbula and BindView meet and confer with respect to the use of discovery from the unrelated and closed case entitled *Netbula v. BindView Development Corporation, Symantec Corp., et al.*, C-06-0711-MJJ-WDB ("BindView"). The December 3, 2007 Order in the Bindview Case was not referenced in the docket for either the *Netbula v. Sun Microsystems, et al.* C-06-07391-MJJ or the *Yue v. Sun Microsystems, et al.* C-07-05850-MJJ matters. Netbula has recently engaged new counsel not privy to the voluminous discovery produced in BindView and counsel has not had the opportunity to review the discovery produced.

On January 18, 2008, the Court issued on Order on Motion for Summary Judgment where it disposed of the copyright claims. Counsel has not had a reasonable opportunity to review the voluminous discovery produced in Bindview from its retention on January 8, 2008, or an opportunity to review BindView discovery after January 18, 2008 after the copyright claims have been summarily disposed of.

Plaintiff's counsel does object to the use of BindView discovery for use in this matter. It is a different action, with different facts, questions of law and circumstances.

### C.  Interest of Judicial Economy as it relates to BindView Discovery

The BindView case involved separate and distinct parties; the questions or answers will not be identical or exact for recycling into the case at hand. While Plaintiff's are willing to consider the matter in accordance with this Court's instructions in its Order of December 3, 2007 in BindView, a thorough analysis of the discovery produced must be conducted before any decisions on its use can be fairly made or applied. Respectfully, without first meeting and

JOINT CASE MANAGEMENT CONFERENCE STATEMENT    -3-    CASE NO. C-06-07391-MJJ

conferring over specific details, or alternatively, briefing the issues if the parties cannot reasonably agree, no decisions concerning BindView discovery should be made at this status conference.

## III. DEFENDANTS' POSITION

### A. Further Discovery in This Action / Trial Date

Sun believes that the number of discovery requests proposed by Plaintiff is unnecessarily burdensome and unreasonable, given the narrowed set of issues remaining in this case. Defendants believe there are no remaining claims against Defendants EMC, Darden, and IBM, as the equitable remedies (for an equitable accounting and imposition of a constructive trust) rise or fall with the copyright claims as to which summary judgment has been granted. Further, Sun believes that no separate discovery as to "StorageTek" can be taken, and that claims against StorageTek must be dismissed, as that entity has been merged into Sun and no longer exists.

Sun anticipates the following additional discovery pertaining to Plaintiff's affirmative claims:

- A deposition of Netbula and/or Dr. Yue regarding his remaining claims, as well as possible third-party depositions regarding Netbula's historical pricing (to refute the basis of Netbula's fraud claim, that it agreed to enter into a second license with StorageTek in 2004, but charged it less than $6,000 rather than a supposed "standard" price of $18,000);
- An additional 20 interrogatories served by each side; and
- An additional 25 document requests served by each side.

Sun also anticipates the following discovery in support of its counterclaim for trademark infringement:

- A deposition of Netbula and Dr. Yue, as well as possible third-party depositions regarding consumer confusion;
- 20 interrogatories served by each side;
- 25 document requests served by each side; and

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                  -4-                    CASE NO. C-06-07391-MJJ

- Designation of two experts, one on the issue of consumer confusion and a second regarding damages.

Sun requests a trial date in November or December 2008, in order to allow it time to complete the additional discovery it requires and to bring a dispositive motion as appropriate on the remaining claims.

### B.     Confidentiality Designations

Netbula has asserted that it seeks higher confidentiality protections for source code and other commercially sensitive materials, based on its allegation that it and Sun Microsystems are direct competitors. To address this concern, Defendants propose that all materials, testimony and discovery responses designated by Netbula as "CONFIDENTIAL" in the BindView case shall be afforded the protections of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material, with the exception of (1) communications with StorageTek or Sun, and (2) communications with third parties, including the Hurewitz firm or the Shepherd Mullin firm, relating to StorageTek or Sun. Such designations shall be subject to procedures for re- or de-designation pursuant to the Protective Order.

Defendants further propose that source code be subject to additional protections to be negotiated by the parties, and agree that source code will not be provided to any of the parties' employees, including in-house counsel.

#### 1.     Netbula's "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials from the BindView Case Are Relevant in This Action

Given the significant factual and legal overlap between the BindView action and this case, Defendants contend that the vast majority of documents and discovery responses provided by Netbula in the *BindView* case are relevant and discoverable in this action.[1] While Plaintiff contends that the BindView case was "unrelated," it previously filed a motion to relate the cases, noting the overlapping factual and legal issues. Moreover, it does not dispute that Discovery in

---

[1] To be sure, Netbula produced many irrelevant documents in the BindView case, such as SEC filings and articles discussing the market for software security products. However, these documents were not designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, and thus are not at issue here.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                -5-                CASE NO. C-06-07391-MJJ

the *BindView* case concerned:

- Netbula's "PowerRPC and ONC RPC" software itself (*e.g.*, the machine readable machine code itself, the source code, and identification of portions authored by Netbula vs. portions authored by Sun or others);
- the development history of the software;
- Netbula's pricing, sales and revenue for Netbula software;
- Netbula's license negotiations, terms and practices;
- Netbula's copyright registrations and efforts to obtain them; and
- Netbula's efforts to enforce its claimed intellectual property rights.

*See, e.g.,* Exhibit C to Declaration of Jedediah Wakefield In Support of Motion to Intervene and Modify Protective Order, C-06-0711-MJJ-WDB Docket No. 304-2 (Netbula's Notes and Index for Plaintiff's Documents Pages 1-3,672, containing document requests and describing categories of documents produced).

Many or most of these materials are relevant even after this Court's order disposing of Netbula's copyright claims. Netbula's licensing history, pricing, sales and revenue are relevant to the fraud claim, in which Netbula asserts that, due to misrepresentations, Netbula agreed to enter into a second license with StorageTek in 2004, but charged less than $6000 rather than a supposed "standard" price in 2004 of $18,000 for 1000 copies. The materials already produced in the *BindView* case refute this claim, showing no such standard price, and should continue to be available in this action. Furthermore, Plaintiff's contract claim will depend in part on the meaning of the contracts, as to which negotiating history and comparison of terms to other contracts may be relevant. However, if the copyright claims are dismissed, then there will not be need for introduction or analysis of the source code for the current litigation. Nonetheless, Defendants believe it is appropriate for Sun's counsel, which is in possession of the source code as a result of the *BindView* litigation, to retain the source code until after entry of judgment on the copyright claims and through any possible appeal.[2]

---

[2] If Plaintiff is prepared to stipulate to a Rule 54(b) certification for entry of judgment as to the copyright claims at this time, the failure to appeal that ruling could, as far as these Defendants are concerned, warrant release of the source code that was previously produced. However, in the absence of such a certification and expiration of the right to appeal, then the copyright claims remain non-final at this time.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                -6-                CASE NO. C-06-07391-MJJ

Netbula has suggested that Defendants should not be permitted to use Netbula discovery responses that Netbula now asserts were incomplete or inaccurate. There may indeed be false statements in Netbula's discovery responses, and there may be testimony and discovery responses that Netbula now wishes to change, but these prior inconsistent statements by Netbula are highly relevant, for, among other things, impeachment.

### 2. The Parties' Interests and Interests of Judicial Economy Will Not Be Served by Requiring Re-litigation of the Relevance of Netbula's Prior Discovery

Netbula's Principal, Dr. Yue, has suggested that the parties should be forced to re-review the materials from Netbula's prior discovery responses and document production, to assess their relevance document by document. Such a process would be time-consuming and burdensome for both sides, and would lead to a repeat of the extensive discovery motions that occupied considerable judicial and party resources in the *Netbula-BindView* case. In contrast, no burden results from allowing Defendants to use the documents their counsel already have. In the typical discovery dispute, a party resisting discovery seeks to avoid the burden and expense of reviewing and producing irrelevant materials. Here, there is no review and production required for the documents presently at issue, which have already been produced.

Further, making documents from the *Bindview* case available for use on an AEO basis in this action does not prejudice Netbula. Where information is relevant, it should be available to be used. To the extent that Defendants' counsel retained access to any irrelevant information, it would be inadmissible if Defendants attempted to use it. With all information already produced, if there are disputes as to relevancy, the sensible time to resolve them is when the information is used, not by entirely rehashing discovery motions on materials already produced. The heightened confidentiality procedures, discussed above, should fully address any valid concerns Netbula has regarding confidentiality.

/ / /
/ / /
/ / /
/ / /

1  / / /

F<small>ENWICK</small> & W<small>EST</small> LLP
A<small>TTORNEYS</small> A<small>T</small> L<small>AW</small>
S<small>AN</small> F<small>RANCISCO</small>

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                -8-                    CASE NO. C-06-07391-MJJ

## IV. ADR

Netbula and Sun believe the case is at an appropriate juncture to explore alternative dispute resolution, and propose that they be referred to non-binding mediation.

Dated: February 5, 2008                FENWICK & WEST LLP

By:    /S/ JEDEDIAH WAKEFIELD
            Jedediah Wakefield

Attorneys for Defendant and Counter-Claimant SUN MICROSYSTEMS, INC. and Defendants EMC CORPORATION AND DARDEN RESTAURANTS, INC.

Dated: February 5, 2008                RIVKIN LEGAL GROUP
Elena Rivkin (CSB NO. 247387)
*elena@rivkinlegalgroup.com*
586 N. First Street, Ste. 116
San Jose, CA  95112
Telephone: (408) 568-6950
Facsimile:  (408) 516-8058


By:    /S/ ELENA RIVKIN
            Elena Rivkin

Attorneys for Plaintiff and Counter-Defendant NETBULA, LLC

Dated: February 5, 2008                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
David Eiseman (CSB NO. 114758)
*davideiseman@quinnemanuel.com*
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-6700


By:    /S/ DAVID EISEMAN
            David Eiseman

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                -9-                CASE NO.  C-06-07391-MJJ

**ATTORNEY ATTESTATION**

Pursuant to General Order 45, I hereby attest that that concurrence in the filing of this document has been obtained from the signatory indicated by a 'conformed' signature (/S/) within this efiled document.

/S/ JEDEDIAH WAKEFIELD
Jedediah Wakefield

25689/00400/LIT/1279823.5