IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC, | No. C06-07391 MJJ |
| Plaintiff, | **ORDER DENYING REQUEST FOR DISQUALIFICATION** |
| v. | |
| STORAGE TECHNOLOGY CORPORATION ET AL, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Dongxiao Yue's ("Yue") Letter to Judge Jenkins on Summary Judgment and Related Matters ("Letter"). (Docket No. 129.) In the Letter, Yue asserts that the Court is biased against him. Insofar as Yue's Letter is a request for the Court to be disqualified for reasons of personal bias and prejudice, the Court **DENIES** Yue's request.

## FACTUAL BACKGROUND

On December 4, 2006 Netbula LLC filed this action (the "2006 case") against Storage Technology Corporation ("StorageTek"), Sun Microsystems ("Sun"), International Business Machines Corporation ("IBM"), EMC Corporation ("EMC") and Darden Restaurants ("Darden"). (*See* No. CV 06-7391MJJ.) In this action, Netbula alleges that Defendants engaged in: (1) copyright infringement, (2) intentional fraud, (3) breach of contract, (4) statutory unfair competition under California Business & Professions Code Section 17200 *et seq.*; and (5) equitable accounting and imposition of a constructive trust. (*See* No. CV 06-7391MJJ, Complaint, Docket No. 15.) While not

1  a party to the 2006 case, Yue is the founder of Netbula and was intimately involved in the
2  prosecution of the 2006 case.

3  The Court set a dispositive motions deadline in the 2006 case of November 27, 2007.
4  Accordingly, in October 2007 Defendants filed a motion for summary judgment to be heard on that
5  day. Around the same time, the parties filed a flurry of documents with the Court. As is relevant
6  here, Plaintiff sought an order substituting Yue for Plaintiff Netbula, Plaintiff's counsel sought to
7  withdraw as counsel of record and Yue filed his own motion and briefing regarding various matters.

8  In an October 31, 2007 telephonic conference in which Plaintiff was represented by counsel,
9  the Court, inter alia, rescheduled the Motion for Summary Judgment hearing to December 13, 2007,
10 vacated the hearing noticed by non-party Yue, left Plaintiff's motion to substitute parties on calendar
11 for November 20, 2007 and continued Plaintiff's counsel's motion to withdraw as counsel until after
12 the Court's resolution of the summary judgment motion. Defendants prepared an order reflecting
13 the Court's rulings and the Court signed the order.

14 On November 20, 2007, the Court held a hearing on Plaintiff's motion to substitute parties.
15 The Court denied the motion on the record and, when Yue attempted to intervene in the proceedings,
16 reminded Yue that he was not yet a party to the action and could not file documents, calendar
17 hearings or speak in court without leave of the Court.

18 Unbeknownst to the Court, one day prior, Yue, proceeding *pro se*, filed a separate action (the
19 "2007 case") against StorageTek and Sun. In the 2007 case Plaintiff alleges ten claims of copyright
20 infringement. (*See* Amended Complaint, Docket No. 9.) The 2007 case was originally assigned to
21 Judge Illston who, on December 3, 2007, issued an Order of Referral for the Court to determine if
22 the 2006 and 2007 cases were related.

23 Defendants' motion for summary judgment in the 2006 case came before the Court on
24 December 14, 2007. After the hearing on Defendants' motion, the Court held a brief status
25 conference in which it related the 2006 and 2007 cases and granted Defendants an extension of time
26 to file a responsive pleading in the 2007 case given the pending motion for summary judgment in the
27 2006 case.

28 Three days later, while the motion for summary judgment was under submission, Yue filed

2

this Letter with the Court. Yue asserts that the Court should be disqualified from this case under the for various reasons. While not styled as an affidavit of recusal, and although Yue is not a party to the action, the Court takes this opportunity to address Yue's contentions on the record.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 144, the judicial disqualification statute:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. "The statute requires the affiant to state the facts and the reasons for the belief that bias or prejudice exists. . . . The failure to follow these elementary procedural requirements defeats a charge of bias." *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). In addition, "the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1338 (7th Cir. 1993). Further, the facts presented must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source-some source other than what the judge has learned through participation in the case." *Id.* (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir.1985))

## ANALYSIS

In his Letter, Yue asserts that the Court should be disqualified for a number of reasons. First, Yue alleges that the Court was offended by Yue's statement on an internet blog and thus entered court orders that were adverse to Yue's interest. Second, Yue claims that the Court "showed a strong animosity" toward him in the November 20th and December 14th hearings. Finally, Yue alleges that the Court is biased because the Court related the 2006 and 2007 cases and granted Defendants an extension of time to file a complaint in the 2007 case, all without allowing Yue to raise objections. The Court,

3


however, finds that none of these allegations are substantiated or meritorious.

**I.      Yue Did Not File a Sufficient Affidavit with the Court.**

Section 144 requires a party to file a timely and sufficient affidavit establishing that the judge has personal bias or prejudice against him. Here, Yue is neither a party to his action, nor has he filed the required affidavit. This failure alone provides sufficient grounds to deny Yue's request. *See Davis*, 650 F.2d at 1163.

**II.     Yue's Bases For Disqualification are also Insufficient.**

Even if Yue's letter sufficed to raise issues of the Court's bias and prejudice, Yue's contentions are not substantiated or meritorious.

Yue alleges that his postings on an internet blog were known by the Court and influenced the Court's ultimate rulings on this matter. Yue's allegations consist solely of conclusions and are not sufficiently definite and particular to convince a reasonable person that bias exists. *See Sykes*, 7 F.3d at 1338. There is also no factual support for this assertion in the record or in the Court's own experience.

Yue also argues that the Court was biased and hostile toward him during the November 20th and December 14th hearings. At these hearings, the Court admonished Yue for his attempted intervention in a case in which he was not authorized by law, nor granted permission, to represent, as a *pro se* litigant, the rights of Netbula, a corporation. However, as the record reflects, the comments made by the Court were within the judicial function and the rulings entered were based on information learned during the course of this case, not personal animus. During the November 20, 2007 hearing, the Court instructed Yue that he could not file motions, notice hearing dates, or speak in court unless he had leave of court or until he was given permission to represent himself. During the December 14, 2007 hearing, the Court again admonished Yue for attempting to speak without leave of Court. Insofar as Yue's rights as a Plaintiff in the 2007 case were concerned, the Court granted Yue leave to participate appropriately. Furthermore, Yue does not allege, nor could a reasonable person find, that the Court admonished Yue because of bias toward him, rather than because of the panoply of legal rules, precedent and relevant case management concerns governing the

myriad issues raised by Yue's conduct.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Yue's request to disqualify the Court for reasons of personal bias or prejudice.

**IT IS SO ORDERED.**

Dated: February 8, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE