1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 875-2300
7  Facsimile:     (415) 281-1350

8  Attorneys for Defendant and Counter-Claimant
   SUN MICROSYSTEMS, INC. and Defendants
9  EMC CORPORATION and DARDEN
   RESTAURANTS, INC.

10

11                     UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                          SAN FRANCISCO DIVISION

14

| 15 | NETBULA, LLC, a Delaware limited liability company, | Case No.  C-06-07391-MJJ |
|---|---|---|
| 16 | Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF NETBULA, LLC'S MOTION TO WITHDRAW AS COUNSEL** |
| 17 | | |
| 18 | v. | |
| 19 | STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive, | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | Defendant. | |
| 26 | | |
| 27 | AND RELATED COUNTERCLAIMS | |

28

OPPOSITION TO MOTION TO WITHDRAW
AS COUNSEL (C-06-07391-MJJ)

# INTRODUCTION

For not the first time in this action, Dongxiao Yue ("Yue")—the owner of Plaintiff and Counterclaim Defendant Netbula, LLC ("Netbula")—seeks to pursue claims brought by his company without a lawyer. Last time, he sought to substitute himself as party-plaintiff as to Netbula's copyright infringement claim on the basis of a purported assignment between himself and his company. This effort was rejected—Netbula remained the one and only plaintiff in this action, and was ordered to maintain a licensed attorney as counsel of record. However, Netbula's new counsel now seeks the Court's permission to withdraw, leaving no counsel to present (and defend against) the claims remaining in this action involving Netbula, *i.e.*, Netbula's state-law claims for breach of contract, fraud, and statutory unfair competition, as well as the trademark counterclaims of Defendant Sun Microsystems, Inc. ("Sun"). The law prohibits this, and accordingly, the motion to withdraw should be granted only upon Netbula's substitution of new counsel. Absent timely substitution, Netbula's complaint should be dismissed.

# FACTUAL BACKGROUND

On February 21, 2008, Elena Rivkin, recently named as counsel for Netbula and Dr. Yue (who is a party in this action only as a Counterclaim Defendant), filed a Motion to Withdraw as Counsel of Record ("Motion to Withdraw"), citing irreconcilable differences between herself and her clients. *See* Docket No. 144. The following day, Netbula filed a Substitution of Counsel and Proposed Order purporting to replace Ms. Rivkin with Dr. Yue. *See* Docket No. 145.[1]

If this sounds familiar, it is. Earlier in this matter, on October 1, 2007, Netbula filed a "Motion to Substitute of Party as to the Copyright Infringement Claim" ("Motion to Substitute") seeking to replace Dr. Yue for Netbula as party-plaintiff as to the copyright claims then pending before this Court on the basis of a purported assignment of the copyright claims to himself from his company. *See* Docket Nos. 56-57. This purported assignment did not cover Netbula's contract and fraud claims, and Netbula and Dr. Yue specifically disclaimed any argument that he might proceed as an individual on those claims. Motion to Substitute at 2:25-3:2 ("Netbula

---

[1] This purported Substitution of Counsel is ambiguously worded, making it unclear whether Dr. Yue intends to replace Ms. Rivkin as counsel for Netbula, or only to appear *pro se*.

RESPONSE TO MOTION TO WITHDRAW
AS COUNSEL (C-06-07391-MJJ)     2

1  requests that the Court directs that Dongxiao Yue is replaced as plaintiff for the copyright
2  infringement claims, in place of Netbula. Netbula remains as plaintiff as to other claims asserted
3  by Netbula."). Ten days later, Netbula's previous counsel, Vonnah M. Brillet, filed a Motion to
4  Withdraw as Counsel. Docket No. 60.

5      Defendants opposed both of these motions on the ground that, *inter alia*, the substitution
6  motion was an improper attempt to circumvent the rule requiring legal entities to appear in federal
7  court only through licensed counsel. *See* Docket Nos. 82-83. Even before Netbula's Motion to
8  Substitute was heard, Dr. Yue had already begun attempting to press Netbula's claims *pro se*,
9  filing a "Motion to Intervene and Join as Plaintiff, for Injunctive Relief, and for Copyright
10 Impoundment." Docket No. 68. This procedurally improper motion was subsequently ordered
11 off-calendar by the Court. Docket No. 94. The motion to substitute Dr. Yue for Netbula was
12 ultimately denied on November 20, 2007. Docket No. 111 [Minute Entry]; *see also* Docket No.
13 139 [Transcript of Proceedings Held November 20, 2007 ("November 20 Transcript")]. The
14 Court also ordered Ms. Brillet to remain as counsel until after the Court ruled on Defendants'
15 summary judgment motion and required that Netbula, as part of the next case management
16 conference statement, "if not identify counsel of record going forward for Netbula, indicate what
17 efforts have been made to obtain [substitute] counsel," including names and dates of contact.
18 November 20 Transcript at 64:9-24. Netbula filed a Substitution of Attorney naming Ms. Rivkin
19 as Netbula's new counsel on January 8, 2008. Docket No. 132.

20     In its January 18, 2008 Order, the court determined that Defendants' use of Netbula's
21 software did not constitute copyright infringement. *See* Docket No. 138. Accordingly, Netbula's
22 only remaining claims are for breach of contract, fraud and unfair competition. *See* Docket No.
23 15 [First Amended Complaint].[2]

24     **ARGUMENT**

25     "The decision to grant or deny counsel's motion to withdraw is committed to the
26 discretion of the trial court." *Irwin v. Mascott*, Case No. C-97-4737-JL, 2004 U.S. Dist. LEXIS

27
28 [2] Netbula and Dr. Yue are also counterclaim defendants as to Sun's claim of trademark infringement.

RESPONSE TO MOTION TO WITHDRAW
AS COUNSEL (C-06-07391-MJJ)        3

28264, at *3 (N.D. Cal. Dec. 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)), *aff'd*, 2006 U.S. App. LEXIS 18984 (9th Cir. July 27, 2006)).  The factors guiding a court's discretion include "the disruptive impact that counsel's withdrawal would have on the prosecution of the case," as well as "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* at *4

Here, the motion to withdraw should be granted only under very specific conditions. Withdrawal of counsel would leave Netbula unrepresented by counsel, in violation of the well-established rule requiring business entities to appear only through counsel.  The rule is simple and it has already been addressed at length in various motions in this case and in the several other related cases pending before the Court:  Dr. Yue is not entitled to represent Netbula or pursue its claims *pro se* in this or any other action.  *See D-Beam, Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney."); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd Cir. 2007) (rejecting attempt of sole member of LLC to appear on behalf of LLC); *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (rationale for the rule requiring corporations to "appear in the federal courts only through licensed counsel . . . applies equally to all artificial entities"); Civ. L.R. 3.9(b) ("A corporation, unincorporated association, partnership, or other such entity may only appear through a member of the bar of this Court."); *see generally* Docket No. 82-83 [Opposition to Motion to Substitute].  Netbula must be represented by counsel on its affirmative state-law claims and the trademark counterclaims

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

RESPONSE TO MOTION TO WITHDRAW
AS COUNSEL (C-06-07391-MJJ)                 4

pending against it.[3]

Accordingly, Defendants respectfully request an order requiring the following:

*First*, that Ms. Rivkin remain as Netbula's counsel of record an additional 30 days after the hearing on Netbula's Motion to Withdraw (until April 3, 2008), or until such earlier point, if any, as Netbula designates a licensed attorney as substitute counsel. *See, e.g.*, *Britesmile, Inc. v. Discus Dental, Inc.*, Case No. 02-03220-JSW, 2005 U.S. Dist. LEXIS 30871 (N.D. Cal. Nov. 15, 2005) (delaying withdrawal of counsel for several weeks "or until substitute counsel makes an appearance").

*Second*, that if Netbula fails to designate substitute counsel on or before April 3, 2008, the Court require dismissal of Netbula's affirmative claims, and entry of default judgment against it as to Sun's counterclaims. *See, e.g.*, *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming entry of default judgment against corporation that failed to retain counsel as ordered by district court); *Employee Painters' Trust v. Ethan Enters.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment against company that failed to name substitute counsel after original counsel withdrew); *Britesmile*, 2005 U.S. Dist. LEXIS 30871, at *2 (admonishing LLC that failure to retain substitute counsel may result in entry of judgment against it and dismissal of counterclaims).

*Third*, if there is any period in which Netbula is not represented by counsel, Dr. Yue should not be permitted to submit any documents in this matter on Netbula's behalf or otherwise appear on behalf of Netbula. *Schueneman v. 1st Credit of Am.*, *LLC*, Case No. 05-04505-MHP,

---

[3] Earlier, Dr. Yue had sought to represent himself *pro se* on the basis of a purported assignment of the copyright infringement claim from himself to his company. Such assignments are routinely disregarded by the courts and do not permit an individual to bring those claims formerly belonging to a company on a *pro se* basis. *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22-23 (2d Cir. 1983) (affirming conditional dismissal of complaint brought by non-attorney individual on basis of purported assignment made by company of which he was sole stockholder; action could be brought only by counsel on behalf of corporation); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1382 (11th Cir. 1985) (affirming dismissal of claims originally belonging to company but assigned to company's president and major stockholder; "[w]e see no reason to permit any evasion of the general rule by the simple expedient of the assignment of corporate claims to the *pro se* plaintiff"); *Pridgett v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[I]t is well established that a layperson . . . may not assert pro se a claim that has been assigned to the litigant by a corporation."). And of course, for the remaining state-law claims, there is not an even a purported assignment on which Dr. Yue can rely.

RESPONSE TO MOTION TO WITHDRAW
AS COUNSEL (C-06-07391-MJJ)                  5

2007 U.S. Dist. LEXIS 48981, at *24 (N.D. Cal. July 6, 2007) (granting motion for withdrawal of counsel while admonishing LLC left unrepresented by its order that it can only appear through counsel).

## CONCLUSION

For the reasons stated, above, Defendants respectfully request that Netbula's Motion for Withdrawal of Counsel be granted only upon the conditions (1) that the withdrawal will not be effective until April 3, 2008, or until substitute counsel makes an appearance, whichever is sooner; (2) that if by that date substitute counsel has not made an appearance, the Court shall dismiss all of Netbula's remaining claims and will enter default judgment against Netbula as to the counterclaim of Defendant Sun Microsystems, Inc.; and (3) that Dr. Yue is ordered not to submit any documents in this matter on Netbula's behalf or otherwise attempt to appear on behalf of Netbula.

Dated: February 29, 2008              FENWICK & WEST LLP


                                      By:           /S/
                                            Jedediah Wakefield

                                      Attorneys for Defendant and Counter-Claimant
                                      SUN MICROSYSTEMS, INC. and Defendants
                                      EMC CORPORATION and DARDEN
                                      RESTAURANTS, INC.

25689/00400/LIT/1281025.6

RESPONSE TO MOTION TO WITHDRAW
AS COUNSEL (C-06-07391-MJJ)                    6

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
5  FENWICK & WEST LLP
   555 California Street, Suite 1200
6  San Francisco, CA  94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  Attorneys for
   STORAGE TECHNOLOGY CORPORATION,
9  SUN MICROSYSTEMS, INC., EMC CORPORATION
   and DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  C-06-07391-MJJ<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF NETBULA LLC'S MOTIONS TO SUBSTITUTE PARTIES AND FOR WITHDRAWAL OF COUNSEL**<br><br>Date:　November 20, 2007<br>Time:　9:30 a.m.<br>Dept:　Courtroom 11<br>Judge:　The Honorable Martin J. Jenkins |

1   On _____, at _____, the Court heard Plaintiff Netbula, LLC's
2   Motion to Withdraw as Counsel. All parties appeared by and through their respective counsel.
3   The matter having been submitted and after considering the Motion, papers filed in
4   support and in opposition thereof, arguments of counsel, and all other matters on file in this action
5   and presented to the Court, IT IS HEREBY ORDERED THAT:
6   Plaintiff's Motion to Withdraw as Counsel is GRANTED UPON THE CONDITION
7   THAT the withdrawal will not be effective until April 3, 2008, or until substitute counsel makes
8   an appearance, whichever is sooner. If by that date substitute counsel has not made an
9   appearance, the Court shall dismiss all of Netbula's claims and will enter default judgment
10  against Netbula as to the counterclaims of Defendant Sun Microsystems, Inc. Dongxiao Yue is
11  ordered that he is not to appear or submit pleadings or argument in this action on Netbula's behalf
12  or otherwise attempt to appear on behalf of Netbula.

**IT IS SO ORDERED**.

Dated: _____         _____
                                        The Honorable Martin J. Jenkins
                                        United States District Court Judge

[PROPOSED] ORDER RE NETBULA'S
MOTION TO WITHDRAW                      -2-                         CASE NO. C-06-07391-MJJ