**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

March 3, 2008

JEDEDIAH WAKEFIELD

EMAIL JWAKEFIELD@FENWICK.COM
DIRECT DIAL (415) 875-2331

**VIA EFILING**

The Honorable Martin J. Jenkins
  Judge of the United States District Court
Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA

Re:   Netbula, LLC v. Sun Microsystems
      Case No. C-06-07391

Dear Judge Jenkins:

We represent Defendant and Counter-Claimant Sun Microsystems, Inc. and Defendants EMC Corporation and Darden Restaurants, Inc. in the above-captioned matter. We write to the Court to address two issues: (1) the selection of a mediator, and (2) the use of Netbula material designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Material") in the related *BindView* matter.

1.   Selection of a Mediator.

In the Court's February 12, 2008 Minute Order, the Court ordered Plaintiff to tender three names of Mediators to Defendants by February 22, 2008. The parties were then to provide the Court with a name of a selected Mediator by February 29, 2008. Plaintiff failed to tender any names of Mediators by the February 22 deadline, counsel stating that she was having trouble communicating with Dr. Yue who was out of town. Plaintiff did not identify any names until the afternoon of February 29, 2008, providing Defendants counsel insufficient to review the proposed mediators' qualifications, check for potential conflicts, and consult with their clients. As a result, Defendants are not able to provide a name to the Court by February 29. Defendants hope to have agreed on a Mediator by the March 4 hearing and status conference.

2.   Use of Netbula Material from the BindView Litigation.

Netbula has also failed to meet and confer with Defendants' counsel concerning the use of Netbula Protected Material from the *BindView* matter. As the Court will recall, on December 3, 2007, the Court ordered that Netbula meet and confer to attempt to identify which information produced in the *BindView* matter shall be designated for use in this action, and at what level of confidentiality. The Court ordered counsel to submit a joint report before the Case Management

The Honorable Martin J. Jenkins
 Judge of the United States District Court
March 3, 2008
Page 2

Conference scheduled for December 13, 2007. While Defendants have outlined their position on the issue repeatedly—most recently in the Case Management Conference Statement submitted on February 5, 2008 (Docket 141), Netbula's counsel has failed to meet and confer or otherwise communicate Netbula's position on these issues.

Defendants respectfully request that the Court issue an order permitting the use of the Netbula Protected Material produced in the *BindView* matter on the terms previously outlined by Defendants in the Case Management Conference Statement submitted on February 5, 2008. Specifically, to address Netbula's allegedly heightened confidentiality concerns, Defendants propose that all materials, testimony and discovery responses designated by Netbula as "CONFIDENTIAL" in the BindView case shall be afforded the protections of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material, with the exception of (1) communications with StorageTek or Sun, and (2) communications with third parties, including the Hurewitz firm or the Shepherd Mullin firm, relating to StorageTek or Sun. Such designations shall be subject to procedures for re- or de-designation pursuant to the Protective Order.

In view of the Court's Order granting summary judgment on Netbula's copyright claim, Defendants do not anticipate introducing source code for the current litigation. Nonetheless, Defendants believe it is appropriate for Sun's counsel, which is in possession of the source code as a result of the *BindView* litigation, to retain the source code until after entry of judgment on the copyright claims and through any possible appeal.[1]

We appreciate the Court's attention to this matter.

Respectfully,

FENWICK & WEST LLP

/s/

Jedediah Wakefield
Attorneys for Defendant and Counter-Claimant Sun Microsystems, Inc. and Defendants EMC Corporation and Darden Restaurants

---

[1] If Plaintiff is prepared to stipulate to a Rule 54(b) certification for entry of judgment as to the copyright claims at this time, the failure to appeal that ruling could, as far as these Defendants are concerned, warrant release of the source code that was previously produced. However, in the absence of such a certification and expiration of the right to appeal, then the copyright claims remain non-final at this time.