LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant and Counter-Claimant
SUN MICROSYSTEMS, INC. and Defendants
EMC CORPORATION, and DARDEN
RESTAURANTS, INC.

**[ADDITIONAL COUNSEL APPEAR ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; EMC CORPORATION, a Massachusetts corporation; VERITAS SOFTWARE CORPORATION, a Delaware corporation; DARDEN RESTAURANTS, INC., a Florida corporation; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-06-07391-JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT (CONFERENCE SCHEDULED FOR FEBRUARY 12, 2008)**<br><br>Date: May 5, 2008<br>Time: 10:00 A.M.<br>Dept: Courtroom 8<br>Judge: The Honorable James Ware |

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

CASE NO. C-06-07391-MJJ

Pursuant to the Court's Order issued on April 16, 2008 setting case management conference in this action for May 5, 2008 at 10:00 am, Plaintiff and Counter-Defendant Netbula, LLC ("Netbula"); Counter-Defendant Dongxiao Yue ("Yue") (collectively "Plaintiffs") and Defendants Sun Microsystems, Inc. ("Sun"), EMC Corporation ("EMC"), Darden Restaurants, Inc. ("Darden") and International Business Machines Corporation ("IBM") (collectively "Defendants") jointly submit the following statement.

**1. Facts.**

Netbula and Storage Technology Corporation (StorageTek) executed two license agreements allowing StorageTek to use Netbula's Remote Protocol Control (RPC) products. Sun acquired StorageTek. Netbula alleges that StorageTek and Sun violated those license agreements and fraudulently induced Netbula to offer its RPC on liberal terms under the second license. Sun and StorageTek dispute those claims.

In addition to these claims, Plaintiff's complaint originally contained a cause of action for copyright infringement against Defendants StorageTek and Sun, and also naming StorageTek customers IBM, EMC, and Darden. Now that summary judgment has been entered on Plaintiff's copyright claim, there are no causes of action against IBM, EMC or Darden.

Sun contends that Netbula and its principal, Dongxiao Yue, infringed Sun's Java trademark and breached an agreement to cease all infringing use of that mark. Sun further claims that it is entitled to indemnification under the 2000 and 2004 Agreements for the costs and fees incurred in the defense of the related *Yue v. StorageTek* lawsuit.

**2. Legal Issues.**

    a.    The interpretation of the indemnification provisions in the 2000 and 2004 agreements

    b.    The interpretation of the limitation of liability provisions in the 2000 and 2004 agreements.

    c.    The general interpretation of the rights and duties of the parties to the license

agreements, including, but probably not limited to: whether StorageTek was required to pay prior to use; and the nature and extent of StorageTek's duty to keep track of its distribution of Netbula's RPC products.

### 3. Amendments of Pleadings.

Sun has proposed amending its Complaint to add causes of action for breach of contract (for Netbula and Yue's alleged breach of the agreement to discontinue infringing use of the Java mark), for indemnification under the 2000 and 2004 license agreements, and for alter ego liability. Sun indicated that it sought to amend its complaint at the last Case Management Conference, and has sought a stipulation for leave to file an amended complaint. On April 25, 2008, Netbula proposed that both parties be allowed to amend their pleadings no later than May 15, 2008 because Netbula may wish to amend its Complaint to add causes of action based on the facts already pled and matters it contends are already discovered, such as breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. The parties will meet and confer further regarding these proposed amendments .

### 4. Disclosures.

All parties have made initial disclosure. The parties agree to complete supplemental disclosures no later than June 30, 2008.

### 5. Discovery.

Plaintiffs have noticed and taken the 30(b)(6) deposition of Sun and StorageTek, and have served document requests and interrogatories on those parties. Plaintiffs plan to continue the 30(b)(6) deposition of Sun and StorageTek on the issue of damages, to take depositions of other parties and third parties to determine the extent of their use of Plaintiff's RPC products obtained from Sun and StorageTek, to serve additional written discovery on the extent of damages issues,

1  to further investigate their fraud claim, and to discover the factual basis for Sun's counterclaims.

2  Defendants have requested documents from Plaintiffs and have taken the deposition of

3  Dongxiao Yue. Plaintiff and Sun have also served and responded to interrogatories.

4      1. The Parties anticipate taking no more than five (5) depositions each. The

Parties anticipate taking written discovery, including Interrogatories, Requests for Documents,

and Requests for Admission. The Parties agree to the following Discovery Plan:

    a. Supplemental Disclosures to be completed by July 15, 2008;

    b. Close of Fact Discovery: September 15, 2008;

    c. Disclosure of Expert Testimony to be completed by September 30, 2008;

    d. Depositions of Expert Witnesses may be taken between October 14, 2008 and October 24, 2008;

    e. Pretrial Disclosures shall be made on November 15, 2008.

<u>Use of Netbula's "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials from the Related *BindView* Case</u>: On December 3, 2007, the Court granted Defendants' Motion to Intervene and Modify Protective Order in the related case *Netbula v. BindView Development Corporation, Symantec Corp., et al.*, C-06-0711-MJJ-WDB ("BindView"). The Court ordered that prior counsel for Netbula and BindView meet and confer with respect to additional confidentiality and relevance concerns that Netbula had raised. The parties have met and conferred, and agree as follows:

Documents, discovery responses and testimony that Netbula had designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may be used pursuant to the terms of the Protective Order in this case (which the parties expect to file shortly), which will prohibit any in-house counsel of any party from receiving such materials. In addition, documents, discovery

responses and testimony that Netbula designated as CONFIDENTIAL in the BindView case, and that (1) relate to the design, development, and revision history for Netbula's RPC products or (2) identify Netbula's customers for its RPC products, shall be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this case, and shall not be made available to in-house counsel of any party.

Netbula further requests that the Court enter an order addressing the preservation of evidence.

**6. Settlement and ADR.**

The parties believe the case is appropriate for alternative dispute resolution, and have agreed to mediation. The parties have agreed on a mediator selected by Plaintiff, and Sun believes the case should be referred to mediation now, as there has been sufficient discovery (including depositions and the production of extensive documentation) to enable the parties to assess the value of the case. Plaintiff wishes to complete further discovery before going to mediation because it believes it has not been able to obtain discovery needed to determine the extent of its damages, and cannot reasonably negotiate settlement without knowing the value of its case.

**7. Scheduling and Trial:**

Sun proposes that the Court adopt the following schedule:

    a.   Supplemental Disclosures to take place on July 15, 2008

    b.   Close of Fact Discovery: September 15, 2008

    c.   Expert Disclosures: September 30, 2008.

    d.   Rebuttal Expert Disclosures: October 21, 2008.

    e.   Expert Discovery Cutoff: November 24, 2008.

f.  Any dispositive motions shall be set for hearing no later than December 29, 2008.

g.  Pretrial Conference January 12, 2009 at _____.

h.  Trial January 26, 2009 (the parties anticipate that trial will last approximately seven days.  All parties request a Jury Trial.

Plaintiff would like to move these dates up so that the case could be tried in November, 2008, but Defendants believe the above schedule allows appropriate time resolve disputes concerning amending the pleadings, to address Dr. Yue's motions in the related cases, and to complete fact and expert discovery.

Dated: April 25, 2008               FENWICK & WEST LLP

                                    By:      /S/ JEDEDIAH WAKEFIELD
                                              Jedediah Wakefield

                                    Attorneys for Defendant and Counter-Claimant
                                    SUN MICROSYSTEMS, INC. and Defendants
                                    EMC CORPORATION AND DARDEN
                                    RESTAURANTS, INC.

Dated: April 25, 2008               Antonio L. Cortés (CA Bar No. 142356)
                                    Attorney at Law
                                    528 Wisteria Way
                                    San Rafael, California 94903

                                    By:      /S/ ANTONIO L. CORTES
                                              Antonio L. Cortés

                                    Attorneys for Plaintiff and Counter-Defendants

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                -5-                         CASE NO. C-06-07391-MJJ

| | | |
|---|---|---|
| 1 | Dated: April 25, 2008 | QUINN EMANUEL URQUHART |
| 2 | | OLIVER & HEDGES, LLP |
| | | David Eiseman (CSB NO. 114758) |
| 3 | | *davideiseman@quinnemanuel.com* |
| | | 50 California Street, 22nd Floor |
| 4 | | San Francisco, CA  94111 |
| | | Telephone: (415) 875-6600 |
| 5 | | Facsimile:  (415) 875-6700 |

By: :          /S/  DAVID EISEMAN
                    David Eiseman

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

**ATTORNEY ATTESTATION**

Pursuant to General Order 45, I hereby attest that that concurrence in the filing of this document has been obtained from the signatory indicated by a 'conformed' signature (/S/) within this efiled document.

/S/ JEDEDIAH WAKEFIELD
Jedediah Wakefield

25689/00400/LIT/1284448.2