ANTONIO L. CORTÉS
Attorney at Law (CA Bar No. 142356)
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff Netbula, LLC
and Counter-Defendant Dongxiao Yue

**[ADDITIONAL COUNSEL APPEAR
ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NETBULA, LLC, | ) | CASE NO.  CV 06-07391-JW |
| | ) | |
| Plaintiff, | ) | **JOINT SUPPLEMENTAL CASE** |
| | ) | **MANAGEMENT STATEMENT** |
| v. | ) | |
| | ) | |
| STORAGE TECHNOLOGY | ) | |
| CORPORATION, *et al.,* | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |
| | ) | |
| AND RELATED COUNTERCLAIMS | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Court's Order issued on July 3, 2008, Plaintiff and Counter-Defendant Netbula, LLC ("Netbula"), Counter-Defendant Dongxiao Yue, and Defendant and Counter-Plaintiff Sun Microsystems Inc. ("Sun") (Sun and Storage Technology Corporation are collectively referred to herein as "Defendants") jointly submit the following Supplemental Case Management Conference Statement.

## 1. Background.

On January 18, 2008, the Court granted Defendants' Motion for Summary Judgment on the copyright claims asserted by Netbula. Netbula's remaining claims in its present complaint are state-law claims for breach of contract, fraud, unfair competition, and related equitable claims for relief against StorageTek and Sun. Sun's present counterclaim asserts trademark infringement claims against Netbula and against Dr. Yue personally.

## 2. Amendment of Pleadings.

Sun desires to amend its counterclaim to include additional claims based on the same operative facts as its present counterclaim, and/or facts closely connected thereto. Specifically, Sun seeks to clarify its trademark counterclaim, and to add one claim for breach of contract, and one claim for express contractual indemnity. The claim for breach of contract arises from Netbula's violation of its agreement to discontinue use of its JAVA-based trademarks on or before June 30, 2006. The claim for express contractual indemnity arises from Netbula's failure to honor the terms of its 2000 and 2004 license agreements, which require Netbula to indemnify and defend StorageTek and its successors against claims of infringement. Accordingly, Netbula was contractually required to indemnify StorageTek against Yue's claim that the software supplied by Netbula, as used by

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

2
JOINT CASE MANAGEMENT STATEMENT          CASE NO.  CV 06-07391-JW

StorageTek and Sun, infringed copyrights owned by Yue personally.  Sun notified Netbula and the Court of these claims in February 2008, and provided a copy of its proposed amended counterclaim to Netbula and Dr. Yue's counsel in May 2008  To date, Netbula's counsel has indicated a willingness to stipulate to the filing of the amended complaint, but has expressed a desire to resolve protective order issues first.

Netbula desires to amend its complaint to include additional claims based on the same operative facts as its present complaint, and/or facts closely connected thereto, and if allowed to do so, has no objection to Sun's proposed amendment.  Sun objects to Netbula's nonspecific request to amend its complaint.    Defendants contend that, twenty months after the complaint was originally filed, Plaintiff's request for additional, unspecified amendments is unreasonable and prejudices Defendants.

**3.  Further Discovery.**

To date, the parties have served the following discovery:

A. Discovery served by Netbula and Yue:

- Netbula and Dr. Yue have served 96 document requests on Sun and its former subsidiary (now a dissolved company) StorageTek.  Specifically, Netbula has served 28 document requests on Sun and an additional 34 document requests on StorageTek, and Dr. Yue has also served 34 document requests on Sun.

- Netbula has served 11 interrogatories on Sun and an additional 10 interrogatories on StorageTek.  Netbula deposed Sun under Federal Rule of Civil Procedure 30(b)(6).

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

3
JOINT CASE MANAGEMENT STATEMENT            CASE NO.  CV 06-07391-JW

- Netbula has also subpoenaed three StorageTek non-party customers to be deposed by written questions, and indicated that it intends to subpoena others. The subpoenaed entities are Datalink, Inc.; MCSI Embedded Systems Division, ICP America, Inc.; and Symantec Corporation (collectively, the "Customers"). Each customer subpoena contained 86 written deposition questions as well as three additional document requests.

- Netbula served 6 document requests on then-Defendant Veritas Software Corporation ("Veritas") in April 2007. Veritas was dismissed from this action pursuant to the October 23, 2007 Stipulated Order Dismissing Action Against Veritas With Prejudice.

- Netbula served 4 document requests on then-Defendant Darden Restaurants, Inc. ("Darden"), a customer of StorageTek, in April 2007. Netbula also served 17 interrogatories on Darden after the January 18, 2008 Order (the "January 18 Order") dismissing Netbula's only claim against Darden for copyright infringement.

- Netbula served 6 document requests on then-Defendant EMC Corporation ("EMC"), a customer of StorageTek, in April 2007. Netbula also served 17 interrogatories on EMC after Judge Jenkins' January 18, 2008 Order (the "January 18 Order") dismissing Netbula's only claim against Darden for copyright infringement.

- Netbula served 17 interrogatories on then-Defendant International Business Machines Corporation ("IBM"), a customer of StorageTek, after

4

JOINT CASE MANAGEMENT STATEMENT          CASE NO. CV 06-07391-JW

the January 18 Order dismissing Netbula's only claim against IBM for copyright infringement.

B. Discovery from Sun

- Sun has served a total of 53 document requests and 17 interrogatories on Netbula. It has also deposed Netbula under Federal Rules of Civil Procedure 30(b)(6).

**(a) Plaintiff's Position regarding further discovery**

Plaintiffs anticipate the following additional discovery as follows:

- Depositions, interrogatories (fifteen) and document requests (twenty-five) regarding the use or sale of the REELS, LibAttach, and PowerRPC products, and/or derivative products;

- Depositions, interrogatories (forty) and inspection demands (thirty) concerning the use of the Java trademark, product sales, distribution and other relevant matters related to the sale of Sun products derivative of or inclusive of the subject of intellectual property;

- Depositions of third-party witnesses;

- Requests for Admission; and

- Expert disclosure and discovery six weeks prior to trial.

**(a) Defendants' Position regarding further discovery.**

Defendants contend that the additional discovery sought by Plaintiff is unreasonable. Plaintiff notes that thus far, Dr. Yue and his company have served 72 interrogatories and over 100 document requests. Defendants submit that each side should be permitted to serve no more than 10 additional interrogatories, and no more than 20

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

5
JOINT CASE MANAGEMENT STATEMENT          CASE NO.  CV 06-07391-JW

additional document requests, and that each side be permitted no more than 10 total depositions.

Sun expects to take a deposition of Netbula and/or Dr. Yue regarding his remaining claims, as well as possible third-party depositions regarding Netbula's historical pricing (to refute the basis of Netbula's fraud claim, that it agreed to enter into a second license with StorageTek in 2004, but charged it less than $6,000 rather than a supposed "standard" price of $18,000);

Sun also anticipates the following discovery in support of its counterclaim for trademark infringement:

- A deposition of Netbula and Dr. Yue, as well as possible third-party depositions regarding consumer confusion;

- Designation of two experts, one on the issue of consumer confusion and a second regarding damages;

- Additional interrogatories, within the limits Defendants have proposed above.

**4. Motions.**

Plaintiff is not presently satisfied with defendants' discovery responses and objections, and if not able to obtain more complete responses may need to bring a motion to compel discovery. Defendants, similarly, are not satisfied with Plaintiff's discovery responses.

Additionally, Defendants take issue with Netbula's subpoenas to StorageTek's Customers. The parties will meet and confer concerning the scope of the Customer subpoenas. However, in the event that the parties are unable to reach an

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

6

JOINT CASE MANAGEMENT STATEMENT          CASE NO.  CV 06-07391-JW

1    agreement on these subpoenas, Defendants intend to bring a motion to quash the subpoenas

2    and/or a motion for protective order.

3    Defendants anticipate that they will need to file a motion seeking leave to

4    amend their counterclaims.  However, depending on the proposed amendment, Defendants

5    may oppose a motion for leave to amend Plaintiff's complaint.

6

7    The parties anticipate agreement on a protective order governing all

8    materials except source code but have failed to agree on the issue of source code produced

9    or to be produced in discovery, and for that reason may need judicial assistance to fashion a

10   protective order governing the handling of other parties' source code.  Plaintiff believes that

11   failure to come to agreement on the protective order may require continuance of the

12   scheduling dates requested herein.

13

14   **5.   Referral to a Magistrate Judge for Discovery Matters**

15   The parties request that this case be referred to a magistrate Judge for

16   discovery matters.  The parties note that Magistrate Judge Elizabeth D. Laporte has heard

17   motions in the related case of *Yue v. Storage Technology Corp.*, C-07-05850 JW (EDL) and

18   is familiar with the parties and issues raised in the present litigation.

19

20   **6.   Evidence Preservation.**

21   Plaintiff requests an order preserving evidence, as follows:

22       The Parties shall not destroy, conceal, or alter any paper or
         electronic files, other data and metadata generated by and/or stored
23       on your computer systems and storage media (e.g., hard disks,
         floppy disks, backup tapes), or any other electronic data, such as
24       voicemail, if such files might contain any information related to, or
         likely to lead to information concerning, any factual issue in this
25       matter.   This includes, without limitation:  email and other
         electronic communications; word processing documents;
26       spreadsheets; data bases; calendars; telephone logs; contact manager
         information; internet usage files; offline storage or information

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919
27
28
7
JOINT CASE MANAGEMENT STATEMENT          CASE NO.  CV 06-07391-JW

stored on removable media; information contained on laptops, personal digital assistants, or other portable devises; and network access information.  The parties reserve their rights to object to the production of electronic communications to the extent provided by F. R. Civ. Proc. Rule 34.

Defendants do not believe that a Court Order is required with respect to preservation of evidence.  Defendants took appropriate measures early in this lawsuit to preserve materials relevant to this litigation.  Defendants have also produced documents, including extensive email communications and internal  records relating to the negotiation of the licenses in 2000 and 2004, and the use of Netbula software. Accordingly, Defendants contend that Plaintiff has failed to demonstrate circumstances warranting imposition of a preservation order.  Plaintiff's proposed order is also extremely broad and unduly burdensome, including any records that "*might*" contain information "related to" any factual issue in this matter (such as Sun's more than 10 years of use of the JAVA brand).

### 7.  ADR

Pursuant to Judge Jenkin's February 12, 2008 Minute Order directing the parties to mediation, Plaintiff selected a mediator, and Defendants agreed to Plaintiff's selection.  Defendants request that the case be referred to mediation promptly and recommend November 15, 2008 as the deadline for the parties to complete mediation. Alternatively, Defendants request that this matter be referred to a Magistrate Judge for a Settlement Conference. Plaintiff also desires mediation, but remains of the view that it would be a waste of resources to conduct the mediation until Plaintiff receives discovery on the amount its software was used, some of which discovery is being withheld until a

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

JOINT CASE MANAGEMENT STATEMENT          CASE NO.  CV 06-07391-JW

protective order is entered.

**8. Scheduling.**

The Parties request the following discovery and trial schedule:

      a.  Close of Fact Discovery:  December 20, 2008

      b.  Expert Disclosures:  January 15, 2009

      c.  Rebuttal Expert Disclosures: February 5, 2009

      d.  Close of Expert Discovery: February 27, 2009

      e.  Last date to hear dispositive motions:  April 13, 2009

    1.   <u>Trial</u>:  The Parties request a trial data of May 18, 2009.  The Parties anticipate that Trial will last approximately five to ten days.  All parties request a Jury Trial.

DATED:  September 5, 2008

                            _____/S/_____
                            Antonio L. Cortes,
                            Counsel for Plaintiff

DATED:  September 5, 2008

                            _____/S/_____
                            Jedediah Wakefield, Fenwick & West, LLP,
                            Counsel for Defendants Sun Microsystems,
                            Inc., Storage Technology Corporation, Darden
                            Restaurants, Inc., and EMC Corporation

DATED:  September 5, 2008

                            _____/S/_____
                            David Eiseman, Quinn Emanuel Urquhart
                            Oliver & Hedges, Counsel for Defendant
                            International Business Machines Corporation

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

JOINT CASE MANAGEMENT STATEMENT        CASE NO.  CV 06-07391-JW